S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, REALTY ONE GROUP, INC.
and JIHUI (LUCKY) LUO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUANG YING (NANCY) ZHANG,<br><br>Plaintiff,<br><br>vs.<br><br>A-Z REALTY & INVESTMENT CORP., a California corporation; DONGYAN (ANNIE) ZHENG, an individual; JENNIFER WHELAN, an individual; REALTY ONE GROUP, INC., a California Corporation; JIHUI (LUCKY) LUO, an individual; SHI DAN CHEN, and individual; MING-WING LAM, an individual; FU LONG ZHENG, an individual; and DOES 1-30, inclusive,<br><br>Defendants. | CASE NO. 5:19-cv-00887-VAP-KK<br><br>*Assigned to:*<br>*Hon. Virginia A. Phillips – Ctrm 8A*<br><br>**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      August 26, 2019<br>Time:      2:00 p.m.<br>Crtrm:    8A<br><br>*Complaint filed: May 10, 2019* |

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ..........................................................................................1

II.     PLAINTIFF'S COMPLAINT FAILS TO SATISFY FED. RULE CIV. P.9(B)
        STANDARDS..............................................................................................2

III.    PLAINTIFF'S COMPLAINT VIOLATES FED. RULE CIV. P. 9(B) BY
        IMPERMISSIBLY LUMPING ALL DEFENDANTS TOGETHER.................5

IV.     THE COMPLAINT'S ALLEGATIONS AGAINST DEFENDANTS FOR
        ACTIVITY AS REAL ESTATE AGENTS ARE NOT VIABLE .....................11

V.      CONCLUSION ...........................................................................................12

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

1

# <u>TABLE OF AUTHORITIES</u>

2

3

<u>Page(s)</u>

4

<u>Cases</u>

5

6
<u>Anderson v. District Board of Trustees,</u>
   77 F.3d 364 (11th Cir. 1996)...................................................................7

7
<u>Bach v. Idaho State Bd. of Med.,</u>
   2012 WL 175417 (D. Idaho 2012) ......................................................1, 9

8

9
<u>Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC,</u>
   162 Cal.App.4th 858 (2008)...............................................................1, 12

10
<u>Conley v. Gibson,</u>
   355 U.S. 41 (1957) ..............................................................................11

11

12
<u>Destfino v. Reiswig,</u>
   630 F.3d 952 (9th Cir.2011) .................................................................9

13
<u>Dura Pharms., Inc. v. Broudo,</u>
   544 U.S. 336 (2005) ...........................................................................11

14

15
<u>Haskin v. R.J. Reynolds Tobacco Co.,</u>
   995 F.Supp. 1437 (M.D. Fla.1998) ......................................................5

16
<u>Hernandez v. Downey Sav. and Loan Ass'n, F.A.,</u>
   2009 WL 667406 (N.D.Cal. 2009)....................................................2, 4

17

18
<u>In re GlenFed, Inc. Sec. Litig.,</u>
   42 F.3d 1541 (9th Cir.1994).................................................................8

19
<u>Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.,</u>
   940 F.2d 397 (9th Cir.1991)..........................................................1, 2, 3

20

21
<u>Lass v. County of Orange,</u>
   2009 WL 10687551 (C.D. Cal. 2009)...................................................7

22
<u>Mars v. Wedbush Morgan Securities, Inc.,</u>
   231 Cal.App.3d 1608 (1991)...............................................................11

23

24
<u>Mason v. County of Orange,</u>
   251 F.R.D. 562 (C.D. Cal. 2008) .........................................................8

25
<u>McHenry v. Renne,</u>
   84 F.3d 1172 (9th Cir. 1996).......................................................8, 9, 10

26

27
<u>Moore v. Kayport Package Exp., Inc.,</u>
   885 F.2d 531 (9th Cir.1989).........................................................2, 4, 5

28

ii

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S REPLY IN SUPPORT OF MOTION TO DISMISS**

<u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr.</u>,
492 F.3d 1158 (10th Cir.2007) .................................................................. 10

<u>Naves v. Haley</u>,
2011 WL 5833822 (D.Nev. 2011) ........................................................... 2, 4

<u>Peredia v. HR Mobile Servs., Inc.</u>,
25 Cal.App.5th 680 (2018) ....................................................................... 11

<u>Salazar v. County of Orange</u>,
564 Fed. Appx. 322 (9th Cir. 2014) .......................................................... 8, 9

<u>Sollberger v. Wachovia Securities, LLC</u>,
2010 WL 2674456 (C.D. Cal. 2010) ......................................................... 7, 8

<u>Swartz v. KPMG LLP</u>,
476 F.3d 756 (9th Cir.2007) .............................................................. 1, 5, 9

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I. INTRODUCTION

3      At the very most, this is a run-of-the-mill state law business dispute which is

4  appropriately venued, if at all, in the state court system. The Realty One

5  Defendants' Motion is necessitated by Plaintiff Shuang Ying Zhan's attempts to

6  drag her state court case into this federal court with pestiferous, fact-bare citations

7  to the federal "RICO" statute. As pled, Plaintiff's operative Complaint is riddled

8  with defects.

9      First, Plaintiff Zhan has failed to plead a single cognizable allegation of

10  RICO "fraud" attributable to the Realty One Defendants. See, Lancaster

11  Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th

12  Cir.1991) ("Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to

13  detail with particularity the time, place, and manner of each act of fraud, plus the

14  role of each defendant in each scheme.") (internal citation omitted).

15      Moreover, Plaintiff's Complaint proceeds by impermissibly lumping the

16  eight named "Defendants" together. The end result is a tangled mass of verbiage

17  that no Defendant can intelligently unravel. See, Bach v. Idaho State Bd. of Med.,

18  2012 WL 175417, at *5 (D. Idaho 2012)(federal law "does not allow a complaint to

19  merely lump multiple defendants together…"); Swartz v. KPMG LLP, 476 F.3d

20  756, 764–65 (9th Cir.2007)(federal law "require[s] plaintiffs to differentiate their

21  allegations when suing more than one defendant ... and inform each defendant

22  separately of the allegations surrounding his alleged participation in the fraud.")

23      And finally, the Complaint ascribes duties to the Realty One Defendants

24  which simply do not exist under the substantive law. An agent for a prospective

25  lessor (like the Realty One Defendants) owes limited duties to a prospective

26  landlord (like Plaintiff). Specifically, a lessor's agent owes fiduciary duties to their

27  client (the lessor) – not to a third-party landlord (like Plaintiff). See, Blickman

28

1

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY)**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

Turkus, LP v. MF Downtown Sunnyvale, LLC, 162 Cal.App.4th 858, 888 (2008).

Plaintiff's 24-page Opposition brief goes on and on – and on some more – but it fails to come to terms with any of the forgoing points. Indeed, Plaintiff confirms the infirmities in her operative Complaint by chiefly ignoring its content. Needless to say, positing new prospective allegations in briefing does not remedy a Complaint whose content is defective. See, Naves v. Haley, 2011 WL 5833822, at *2 (D.Nev. 2011) (only the "four-corners of Plaintiffs Complaint" is relevant on a motion to dismiss.) As set forth in further detail below, the Court should grant the Realty One Defendants' Motion as prayed. See, Fed. R. Civ. P. 8, 9(b) and 12(b)(6).

## II.   PLAINTIFF'S COMPLAINT FAILS TO SATISFY FED. RULE CIV. P. 9(B) STANDARDS

"Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir.1991) (internal citation omitted). This heightened pleading standard applies to RICO claims. See, Moore v. Kayport Package Exp., Inc., 885 F.2d 531 (9th Cir.1989) (dismissing RICO claim for failure to specify the time, place, and content of the alleged mail and securities fraud.); Hernandez v. Downey Sav. and Loan Ass'n, F.A., 2009 WL 667406, at *4 (N.D.Cal. 2009)(ordering dismissal where plaintiffs "allege no detailed facts relating to Defendants' alleged fraudulent acts.")

Simply put, nothing in Plaintiff's Complaint even resembles compliance with Rule 9. The sparse references to the Realty One Defendants in the Complaint are bereft of any factual "fraud" allegations – let alone any factual "detail" or "particularity" regarding "the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir.1991). The sum total of Plaintiff's allegations against the Realty One Defendants follows:

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1. Allegation that certain non-moving co-Defendants "presented" a lease application to Plaintiff "**from**" the two Realty One Defendants (ROG and its agent, JIHUI (LUCKY) LUO ("LUO")). (See, Complaint, ¶ 1.) There are no facts clarifying what, if any, connection either of the Realty One Defendants had to the content of the application, only a backhanded and conclusory assertion that the application passed through Defendants on its way to Plaintiff.

2. An allegation that ROG is a "California corporation". (Complaint, ¶ 12.)

3. An allegation that LUO is a "licensed California real estate agent" associated with ROG. (Complaint, ¶ 13.)

4. The assertion that ROG, LUO, the other six (6) named co-defendants and the DOE defendants in this matter are collectively referenced together as the "Defendants." (Complaint, ¶ 17.)

5. An allegation that LUO, an agent with ROG, represented Plaintiff's tenants, and a statement that one of Defendants' co-Defendants "supposedly" received the tenants' lease application from LUO. (See, Complaint, ¶ 24.) No fraudulent statements by the Realty One Defendants are alleged – let alone any factual "detail" or "particularity" regarding "the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir.1991)

6. An allegation that Plaintiff was "suspicious" of the persons residing in her property, and received "copies of the rental applications and the other background screening documents" that a co-Defendant had "supposedly" received from LUO and ROG "in February 2017 before the Lease was signed." (See, Complaint, ¶ 49.)

7. A fact-free conclusion that LUO, ROG and three (3) additional co-Defendants somehow endorse "the cultivation, distribution, and sale of . . .

3

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

marijuana crops." (<u>See</u>, Complaint, ¶ 76.)

That's it. Plaintiff mentions ROG and Lou in a total of seven (7) paragraphs in the Complaint. And missing in this fact-bare sketch is any plainly-worded statement of **_what_** knowing false statements the Realty One Defendants supposedly made, **_why_** the statement(s) were supposedly "false" or **_when_** or **_where_** these un-stated "falsehoods" were supposedly uttered. Needless to say, much more is required to satisfy Rule 9 in a case such as this. <u>See</u>, <u>Moore v. Kayport Package Exp., Inc.</u>, 885 F.2d 531 (9th Cir.1989) (dismissing RICO claim for failure to specify the time, place, and content of the alleged mail and securities fraud.); <u>Hernandez v. Downey Sav. and Loan Ass'n, F.A.</u>, 2009 WL 667406, at *4 (N.D.Cal. 2009) (ordering dismissal where plaintiffs "allege no detailed facts relating to Defendants' alleged fraudulent acts.")

Plaintiff boldly announces that she "identif[ies] precisely how, when, by whom and to whom each of the alleged acts of fraud were committed." (Plaintiff's Opposition, 15:10-11.) Her brief lists a total of five (5) alleged acts. But Plaintiff originally prepared these bullets for her "PLAINTIFF'S RICO CASE STATEMENT," filed on July 22, 2019 as document number 21. (<u>See</u>, Plaintiff's RICO Statement, 11:8-23.) These statements are **_not_** contained in Plaintiff's actual Complaint – the **_only_** place that matters under <u>Fed. R. Civ. P.</u> 12(b)(6). <u>See</u>, <u>Naves v. Haley</u>, 2011 WL 5833822, at *2 (D.Nev. 2011) ("Confronted with a motion to dismiss, the court is not focused on what *evidence* is presented. Rather, the court is tasked with reviewing only that which is contained within the four-corners of Plaintiffs Complaint. . ..") (italics original). Needless to say, statements in Plaintiff's briefing or other court filings cannot salvage the defects in her actual Complaint. <u>See</u>, <u>Fed. Rule Civ. P.</u> 12(b)(6) and 9(b).

/ / /

/ / /

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S REPLY IN SUPPORT OF MOTION TO DISMISS**

### III. PLAINTIFF'S COMPLAINT VIOLATES FED. RULE CIV. P. 9(B) BY IMPERMISSIBLY LUMPING ALL DEFENDANTS TOGETHER

Plaintiff seems to suggest that pleading what she terms an "amalgamated association-in-fact enterprise" permits her to "merge" the many Defendants she sues together and avoid pleading factual details of their supposed conduct. (See, Plaintiff's Opposition, 12:20). But Plaintiff cannot properly sue the Realty One Defendants for "fraud" in federal court based upon allegations that they play a completely undefined role in a nebulous drug-dealing operation. The Ninth Circuit has found as much.

In Swartz v. KPMG LLP (9th Cir. 2007) 476 F.3d 756, the Ninth Circuit provides guidance for Courts analyzing compliance with Fed. Rule Civ. P. 9(b) in cases involving many defendants and allegations:

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Haskin v. R.J. Reynolds Tobacco Co., 995 F.Supp. 1437, 1439 (M.D. Fla.1998) (citation, quotation omitted). In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir.1989).
> With respect to [Defendants] Presidio and DB, the allegations in Swartz's original complaint patently fail to comply with Rule 9(b). The complaint is shot through with general allegations that the "defendants" engaged in fraudulent conduct but attributes specific misconduct only to KPMG and B & W. Conclusory allegations that Presidio and DB "knew that [KPMG and B & W] were making ... false statements to clients, including Swartz, and thus were acting in concert with [KPMG and B & W]" and "were acting as agents [of KPMG and B & W]" and were "active participants in the conspiracy" without any stated factual basis are ***insufficient*** as a matter of law.

Swartz v. KPMG LLP, 476 F.3d 756, 764–765 (9th Cir. 2007)(emphasis added.)

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1    This fraud case presented the panel with a fact pattern incorporating

2  extensive contact and interaction between the plaintiff and the primary defendant,

3  KPMG and its affiliated attorneys regarding a purported tax-shelter scheme. The

4  plaintiff alleged that the program in question was a fraudulent device to charge

5  "unwarranted and excessive fees." Id., at 758. Plaintiff alleged that Deutsche Bank

6  AG and Deutsche Bank Securities and Presidio Advisory Services (referenced in

7  the cited language above as "DB" and "Presidio" respectively), "were active

8  participants in the conspiracy" and "knew that the . . . [transactions in the tax-

9  shelter program] were predetermined steps to generate sham losses for the purpose

10  of obtaining tax benefits." Id., at 758-59. Plaintiff also claimed, in conclusory

11  fashion, that "Presidio and DB *knew* that KPMG and . . . [the affiliated lawyers]

12  promoted the . . . [tax-shelter program] transactions through the[ir] allegedly

13  fraudulent representations," and "that Presidio and DB "acted in concert and as

14  mutual agents." Id., at 759. The Ninth Circuit rightly found all of this conclusory

15  jargon insufficient in the absence of supporting ***facts***. Id.

16    The position of the Defendants in this litigation is precisely analogous to the

17  positions of Presidio and DB in Swartz. Like the Swartz Defendants, the Realty One

18  Defendants have simply been lumped in with many other co-Defendants in strings

19  of conclusory, legalistic gibberish. Plaintiff's rank legal conclusion that all

20  "Defendants" "possibly hav[e] worked together as part of a criminal racketeering

21  conspiracy with each other" clarifies nothing. (Complaint, ¶ 5). As in Swartz, the

22  ***facts*** needed to support this ambitious assertion are altogether missing.

23    Indeed, even when viewed charitably, Plaintiff's operative Complaint

24  employs the type of forbidden "shotgun" / "chain letter" pleading style which

25  rightly leads to dismissal in this Circuit. "Shotgun" / "chain letter" pleadings take

26  two forms. One form is the "incorporation" and "re-incorporation" of prior, often

27  irrelevant text into subsequent portions of the complaint, which often produces a

28  syntactically challenged mass of impossible-to-understand assertions. See, e.g.,

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

1  Sollberger v. Wachovia Securities, LLC, 2010 WL 2674456, at **4-5 (C.D. Cal.

2  2010) ("Shotgun pleadings are pleadings that overwhelm defendants with an

3  unclear mass of allegations and make it difficult or impossible for defendants to

4  make informed responses to the plaintiff's allegations. They are unacceptable…. [¶]

5  One common type of shotgun pleading comes in cases . . .*where the plaintiff*

6  *recites a collection of general allegations toward the beginning of the Complaint,*

7  *and then 'each count incorporates every antecedent allegation by reference* [.]'

8  [Citation]…. ¶  This shotgun pleading style deprives Defendants of knowing

9  exactly what they are accused of doing wrong.")(emphasis added).

10      Here, each of Plaintiff's many claims purports to "incorporate" and "re-

11  incorporate" all prior allegations into all succeeding claims – whether they have any

12  relevance to the new cause of action or not. (See, Complaint, ¶¶ 62, 82, 88, 94, 100,

13  105, 111, 1 [sic.], 116, 122, 125 and 129)

14      On their face, these "incorporated and "re-incorporated" allegations reference

15  multiple alleged events and a host of recovery theories, each of which has its own

16  standards of pleading and proof. By the end of the Complaint, Plaintiff purports to

17  "incorporate" and "re-incorporate" 132 paragraphs of text in eleven causes of action

18  which span over thirty pages. No Defendant can unscramble this jumbled word

19  tangle or, consequently, begin preparing an intelligent defense. See, Anderson v.

20  District Board of Trustees, 77 F.3d 364, 366 (11th Cir. 1996) (affirming dismissal

21  where "complaint [was] a perfect example of 'shotgun' pleading in that it is

22  virtually impossible to know which allegations of fact are intended to support which

23  claim(s) for relief.");  Lass v. County of Orange, 2009 WL 10687551 at *2 (C.D.

24  Cal. 2009) (ordering dismissal where plaintiff failed to "incorporate only those

25  paragraphs which apply to each claim, the most egregious example of which is the

26  final claim, incorporating 106 paragraphs of text.").

27      Needless to say, a pleading must be in plain English, without resort to the

28

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

"shotgun" / "chain letter" style pleading Plaintiff employs here. <u>See</u>, <u>Mason v. County of Orange</u>, 251 F.R.D. 562, 563–564 (C.D. Cal. 2008) ("Experience teaches that, unless cases are pled ***clearly and precisely***, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.")(emphasis added.); <u>Salazar v. County of Orange</u>, 564 Fed. Appx. 322, 322 (9th Cir. 2014) (affirming dismissal where "a fatal flaw in Third Amended Complaint was that it 'impermissibly lump[ed] together ***claims*** and defendants.' This left "Defendants ***guessing*** [which] claim [wa]s brought against them.") (emphasis added.)

All circuits, including our own, have emphasized the importance of clear, straight-forward pleading. <u>See</u>, <u>e.g.</u>, <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179–1180 (9th Cir. 1996) (courts cannot properly "manage litigation without knowing ***what claims*** are made against whom."); <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541 (9th Cir.1994) (emphasizing that "[a] complaint is not a puzzle…and we are loathe to allow plaintiffs to tax defendants, against whom they have leveled very serious charges, with the burden of solving puzzles in addition to the burden of formulating an answer to their complaint.").

A second form of "shotgun" / "chain letter" pleading is the impermissible lumping together of "defendants" without segregated facts explaining what each defendant supposedly did to wrong the plaintiff. This is the rule generally – even in cases not alleging fraud. <u>See</u>, <u>Sollberger v. Wachovia Securities, LLC</u>, 2010 WL 2674456, at **4-5 (C.D. Cal. 2010) ("Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable…. [¶] ***One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term***

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S REPLY IN SUPPORT OF MOTION TO DISMISS**

*"Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong*…. ¶  This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong.") (emphasis added); <u>Salazar v. County of Orange</u>, 564 Fed. Appx. 322, 322 (9th Cir. 2014) (affirming dismissal where "a fatal flaw in Third Amended Complaint was that it 'impermissibly lump[ed] together claims and ***defendants***.' This left "Defendants ***guessing*** [which] claim [wa]s brought against them.") (emphasis added.); <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th Cir.1996)(affirming dismissal where plaintiff violated trial court's order to "file an amended complaint 'which clearly and concisely explains which allegations are relevant to which defendants.' "); <u>see also</u>, <u>Destfino v. Reiswig</u>, 630 F.3d 952, 958–959 (9th Cir.2011)(upholding dismissal ***with prejudice*** after plaintiff repeatedly pled multiple defendants collectively, without segregated explanatory facts.)

The forgoing principles are particularly applicable in putative "fraud" cases like this one. Indeed, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together…"  <u>Bach v. Idaho State Bd. of Med.</u>, 2012 WL 175417, at *5 (D. Idaho 2012).  Rather, the rule "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764–65 (9th Cir.2007).

Simply put, Plaintiff's operative Complaint offers the exact same type of unfair, "lumped" references to "Defendants" which courts have repeatedly condemned and rejected. Specifically, Plaintiff purports to name eight individuals and entities as "Defendants" in this case. (<u>See</u>, Complaint, ¶¶ 9-16). But Plaintiff fails to differentiate between them – or plainly state what each "Defendant" supposedly did to who. (<u>See</u>, <u>e.g.</u>, Complaint, ¶¶ 5, 7, 17, 18, 19, 71, 74, 76, 78, 79,

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1   89, 90, 92, 93, 95, 96, 97, 99, 107, 109, 110, 113, 115, 4 [sic.], 5 [sic.], 6 [sic.],[1]

2   117, 118, 119, 120, 123, 124, 126, 127, 128, 131 and 132.)

3       As stated by the Ninth Circuit in analogous circumstances, "in order to

4   perform their responsibilities", neither this Court or defense counsel can "use a

5   complaint such as the one [Plaintiff Zhang] filed." McHenry, supra, 84 F. 3d at

6   1179. Instead, they can only guess at "who is being sued for what." Id.

7       Defendants are then put at risk that their outline differs from the
8       judge's, that plaintiffs will surprise them with something new at trial
        which they reasonably did not understand to be in the case at all, and
9       that res judicata effects of settlement or judgment will be different
10      from what they reasonably expected….

11      The judge wastes half a day in chambers preparing the 'short and
12      plain statement' which Rule 8 obligated plaintiffs to submit. [She]
        then must manage the litigation ***without knowing what claims are***
13      ***made*** against whom. This leads to discovery disputes and lengthy
14      trials, prejudicing litigants in other case who follow the rules, as well
        as defendants in the case in which the prolix pleading is filed. 'The
15      rights of litigants awaiting their turns to have other matters resolved
16      must be considered….'

17  McHenry, supra, 84 F. 3d at 1179-1180 (emphasis added; citations omitted).

18      Simply put, Plaintiff's Complaint fails to explain what each "Defendant"

19  supposedly did, when the Defendant did it, how the Defendant's action caused

20  harm, and what specific legal right the Plaintiff believes each Defendant violated.

21  See, Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr.,

22  492 F.3d 1158, 1163 (10th Cir.2007) ("[T]o state a claim in federal court, [a

23  plaintiff] must explain [in the complaint] what each defendant did to him or her;

24  _____

25      [1] To add to all the forgoing confusion, Plaintiff's Complaint contains two (2)
26  separate "EIGHTH CLAIM[s] FOR RELIEF." (See, Complaint 25:16 – 27:16.) The
    Complaint also numbers the paragraphs in Plaintiff's first Eighth Claim for Relief
27  as paragraphs one (1) through and including seven (7) – even though these numbers
28  have already been employed earlier in the Complaint.

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

1  when the defendant did it; how the defendant's action harmed him or her; and, what

2  specific legal right the plaintiff believes the defendant violated."); <u>see also</u>, <u>Conley</u>

3  <u>v. Gibson</u>, 355 U.S. 41, 47 (1957) (a civil defendant is entitled to "fair notice of

4  what the plaintiff's claim is and the grounds upon which it rests.").

5       At the end of it all, Plaintiff's Complaint unfairly deprives the Realty One

6  Defendants of fair notice of the claims made against them.  Indeed, in

7  circumstances like this, no Defendant can intelligently determine the nature of the

8  allegations he, she or it faces, and dismissal is consequently required. <u>See</u>, <u>Fed. R.</u>

9  <u>Civ. P.</u> 8(a)(2), (d)(1), 9(b) and 12(b)(6); <u>see also</u>, <u>Dura Pharms., Inc. v. Broudo</u>,

10  544 U.S. 336, 346 (2005) (civil complaint must provide Defendants with " 'fair

11  notice of what the plaintiff's claim is and the grounds upon which it rests.' ")

12

13  ## IV.    <u>THE COMPLAINT'S ALLEGATIONS AGAINST DEFENDANTS</u>

14            <u>FOR ACTIVITY AS REAL ESTATE AGENTS ARE NOT VIABLE</u>

15       Plaintiff's Opposition does not, and cannot allege that Defendants were

16  employed by their co-Defendants. Plaintiff's Opposition does not, and cannot

17  challenge the black-letter authority indicating real estate "agents," like Defendants

18  ROG and LUO, "are not vicariously liable for the torts of their principals." <u>Peredia</u>

19  <u>v. HR Mobile Servs., Inc.</u>, 25 Cal.App.5th 680, 692 (2018).  Plaintiff's Opposition

20  does not, and cannot challenge the California principle that "an agent [is only]

21  liable for affirmative misfeasance," and is ***not*** "liable to third parties for the failure

22  to perform duties owed to his principal." <u>Id</u>. at 694.  Finally, Plaintiff's Opposition

23  does not, and cannot legitimately dispute that an agent is not liable for a fraud of the

24  principal unless the agent knows of or participates in the fraudulent act.  <u>See</u>, <u>Mars</u>

25  <u>v. Wedbush Morgan Securities, Inc</u>., 231 Cal.App.3d 1608, 1615-1616 (1991).

26       Moreover, the law does not ascribe a duty to an allegedly "procuring" real

27  estate agent, engaged and tasked by the lessor to procure and then represent a

28  tenant, to disclose negative financial information about the tenant to the lessor or its

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

agent. The freedom of the procuring agent from any duty to the lessor or its agent is a matter of California decisional law. <u>See</u>, <u>Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC</u>, 162 Cal.App.4th 858, 888 (2008) (". . . disclosure [by the "procuring" agent] of . . . [the tenant's] confidential information to . . . [the agent for, and affiliate of the property owner], without . . . [the tenant's] consent, would unquestionably have constituted a breach of . . . [the "procuring" agent's] fiduciary duties to [the tenant].") (<u>Citing</u> Rest.3d, Agency, § 8.05(2).) The <u>Blickman Turkus</u> case emphasized the point by noting that: "An agent has a duty [¶] ... [¶] (2) not to use or communicate confidential information of the principal for the agent's own purposes or those of a third party." (Rest.3d, Agency, § 8.05.) <u>Id</u>., fn. 8.

In short, Plaintiff needs to be alleging an actionable, factually detailed "fraud" in order to proceed against the Realty One Defendants. As noted above, she has abjectly failed to do so. <u>See</u>, <u>Fed. Rules Civ. P.</u> 12(b)(6) and 9(b).

## V.    **CONCLUSION**

For all the foregoing reasons, the Realty One Defendants' Motion should be granted as prayed. <u>See</u>, <u>Fed. R. Civ. P.</u> 12(b)(6).

DATED: August 12, 2019                    Respectfully submitted,

**LYNBERG & WATKINS**
A Professional Corporation

By: <u>/s/ *S. Frank Harrell*</u>
**S. FRANK HARRELL**
Attorneys for Defendants, REALTY ONE
GROUP, INC. and JIHUI (LUCKY) LUO

4843-2507-9712v.1

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S
REPLY IN SUPPORT OF MOTION TO DISMISS**