MANSOUR LAW GROUP, APLC
John F. Mansour (SBN 204835)
Steven G. Candelas (SBN 269112)
8280 Utica Avenue, Suite 150
Rancho Cucamonga, California 91730
Phone: (909) 941-1611
Fax: (909) 941-1811
john@mansourlawgroup.com

Attorneys for Defendants A-Z REALTY AND INVESTMENT,
DONGYAN (ANNIE) ZHENG, and JENNIFER WHELAN

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORINA

| | |
|---|---|
| SHUANG Y. ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>A-Z REALTY AND INVESTMENT CORP., a California Corporation; DONGYAN (ANNIE) ZHENG an individual; JENNIFER WHELAN, an individual; REALTY ONE GROUP, INC. a California Corporation; JIHUI (LUCKY) LUO, an Individual; SHI DAN CHEN, an Individual; MING-WING LAM, an Individual; FU LONG ZHENG, an Individual and DOES 1-30, Inclusive,<br><br>Defendants.<br>_____/ | Case No.: 5:19-cv-00887-VAP-KK<br><br>Assigned to the Honorable Virginia A. Phillips<br>Courtroom: 8A<br><br>**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   May 10, 2019<br>Trial Date:        none |

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

**COME NOW** Defendants A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN ("Defendants") on their own behalf and for no one else to answer the Complaint of SHUANG Y. ZHANG ("Plaintiff"), as follows:

1.      Defendants on information and belief admit each allegation in the following in paragraphs of the Complaint: 6, 9, 10, 11, 63, 64, 65, 66, 67, 68, 72, and 73.

2.      Defendants on information and belief deny, generally and specifically, each and every allegation contained in the following paragraphs of the Complaint: 5, 49, 50, 51, 52, 74, 76, 77, 78, 79, 80, 81, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, EIGHTH CLAIM FOR RELIEF, Elder Abuse paragraph 1, 2, 3, 4, 5, 6, and 7, 116, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, and 132.

3.      Defendants lack sufficient information or belief to enable Defendants to admit or deny the allegations contained therein, and on that ground, deny each and every allegation contained in the following paragraphs of the Complaint: 1, 2, 3, 4, 7, 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 69, 70, 71, 75, 82, and 117.

Defendants also allege the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

4.      The Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

////

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

## SECOND AFFIRMATIVE DEFENSE

(Estoppel)

5.     Plaintiff is estopped from the assertion of each of the causes of action in the Complaint due to Plaintiff's own actions and conduct.

## THIRD AFFIRMATIVE DEFENSE

(Doctrine of Laches)

6.     The Complaint has unreasonably delayed in bringing this action to the prejudice of this answering Defendants and is, therefore, barred pursuant to the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

(Full Performance of Obligation)

8.     Prior to commencement of this action, these answering Defendants duly and fairly performed, satisfied and discharged all duties and obligations they may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by or on behalf of these answering Defendants, and this action is, therefore, barred by the applicable provisions of law and the California Civil Code.

## FIFTH AFFIRMATIVE DEFENSE

(Express Contractual Defenses)

9.     By the terms of any applicable contract, modifications and/or novations thereof, if any exists, and by the conduct of the parties involved, these answering Defendants are relieved of any and all responsibility for any and all claims and damages alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(No Reasonable or Justifiable Reliance)

10.     Prior to the commencement of this action, Plaintiff did not justifiably rely upon any conduct or representations made by Defendants herein.

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

## SEVENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

11.    The Complaint is barred by the doctrine of accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

12.    The Complaint is barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

(Release)

13.    The Complaint is barred by the doctrine of release.

## TENTH AFFIRMATIVE DEFENSE

(Substantial Performance)

14.    At all times mentioned in the Complaint, Defendants substantially performed on all obligations and requirements according to the terms of any contract with Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

(Negligence of Third Parties)

15.    Plaintiff is barred from any recovery herein as to these answering Defendants, in that any damage proven to have been sustained by Plaintiff herein would be the direct and proximate result of the independent negligence of independent third parties or their agents, and not of any act or omission on the part of these answering Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

(Doctrine of Unclean Hands in Pari Delicto)

16.    The Complaint, and each cause of action thereof, is barred by virtue of Plaintiff's own conduct, in causing the damages Plaintiff alleged, under the doctrine of unclean hands.

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

## THIRTEENTH AFFIRMATIVE DEFENSE

(Right to Offset)

17.     Defendants possess equitable and legal rights of offset against Plaintiff so that any recovery must be reduced by the amount of such claims pursuant to Code of Civil Procedure § 431.70.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

18.     Plaintiff's Complaint is barred by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Excessive, Unreasonable and Inflated Damages)

19.     These answering Defendants are informed and believe, and thereupon allege, that any damages of Plaintiff are inflated in that the nature and extent of injuries and damages purportedly suffered by Plaintiff as a result of the events described in the Complaint are excessive, unreasonable and unnecessary.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Suffer Damage)

20.     At all times mentioned in the Complaint, Plaintiff has not suffered damage as a direct and proximate result of Defendants' conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Causation)

21.     Plaintiff is barred from recovering from Defendants on any one of the causes of action alleged in the Complaint because there is no proximate causal relationship between any damages claimed and any act or omission by Defendants.

////

////

////

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statutory Compliance)

22.    Plaintiff is barred from recovering from these answering Defendants herein as Defendants complied with all applicable codes, statutory requirements and regulations.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Substantial Factor)

23.    Plaintiff is barred from recovering from Defendants on any of the causes of action alleged in the Complaint as Plaintiff's alleged reliance on Defendants' representations were not a substantial factor in causing any harm to Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Knowledge of Falsity)

24.    Plaintiff is barred from recovering from Defendants on any of the causes of action alleged in the Complaint as Defendants lacked any knowledge of false representations and lacked any intent to defraud Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Defendant's Opinion)

25.    Plaintiff is barred from recovering from Defendants on any of the causes of action alleged in the Complaint as Defendants' statements to Plaintiff are based on Defendants' opinions and not representations of fact.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Full Disclosure)

26.    At all times herein mentioned, these answering Defendants fully disclosed to Plaintiff all facts concerning the nature of the transactions, and Defendants fully recognized and accepted the terms of the transactions that are the subject of this litigation.

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Comparative Negligence)

27.     If Plaintiff suffered or sustained the loss, damage, injury, harm, expense, diminution or deprivation alleged, the same was caused in whole or in part or contributed to by the negligence of Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Good Faith)

28.     All acts of these answering Defendants, as alleged in the Complaint if in fact done, were done in good faith, pursuant to reasonable business justifications.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Intervening Cause)

29.     Plaintiff's Complaint is barred by an intervening cause and the conduct of third parties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

30.     These answering Defendants alleges that Plaintiff has failed to mitigate their damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Equitable Indemnity and Indemnity by Operation of Law)

31.     Other parties or entities, unrelated to these Defendants, whether or not current parties to this action, proximately caused the damages, if any, alleged in the Complaint. Should any damages be awarded, they must be apportioned among all such other persons or entities.

////

////

////

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Contractual and Implied Indemnity)

32.     Other parties or entities, unrelated to these Defendants, whether or not current parties to this action, proximately caused the damages, if any, alleged in the Complaint. Such parties are or will be contractually or by implication obligated to indemnify these Defendants for any damages awarded to Plaintiff against these answering Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Causation/Proportionate Liability)

33.     As a separate affirmative defense to the Complaint, and to each and every cause of action alleged against these answering Defendants, these answering Defendants allege that the acts of which they have been accused were not the proximate cause of any damages allegedly suffered by the Plaintiff, damages are instead attributable to the acts of others, including Plaintiff, over which these answering Defendants have no control.  In the event that these Defendants are found liable for any damages asserted by Plaintiff, these answering Defendants are entitled to have their liability, if any, diminished in proportion to the damages attributable to the culpable conduct of such persons or entities other than these answering Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Parol Evidence Rule – C.C.P. § 1856)

34.     Plaintiff's claims are barred by the parol evidence rule.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Negligence)

35.     Plaintiff is estopped to assert any claim against these answering Defendants by virtue of their own negligence.

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

36.    Defendants allege that Plaintiff is estopped to recover on her claims by virtue of their own unjust enrichment in accepting the benefit of the transactions complained of in the Complaint.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Failure to Join Indispensable Parties)

37.    Plaintiff's actions are barred by their failure to join indispensable parties.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Consent)

38.    These answering Defendants allege that Plaintiff is not entitled to the relief sought against Defendants in that Defendants consented to and have authorized Plaintiff's alleged use of the SUBJECT PROPERTY.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Apportionment/Contribution)

39.    These answering Defendants allege that should these Defendants in any manner be legally responsible for the damages, if any, sustained by Plaintiff which these answering Defendants specifically deny, then such damages were proximately caused or contributed to by other parties in this case, whether served or unserved, and/or by other persons or entities not presently parties to this action, and it is necessary that a proportionate degree of negligence of fault of each and every other said person or entity, whether or not made party to this action, be determined and prorated, and that any judgment that might be rendered against these answering Defendants be reduced not only by that degree of negligence found to exist as to Plaintiff, but by the total of the degree of negligence and/or fault found to exist as to other persons or entities.

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

40.    Plaintiff's Complaint lacks standing to assert the causes of action set forth in Plaintiff's Complaint.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Act)

41.    The Complaint, and each of the purported causes of action contained in it alleged against these answering Defendants is barred due to Plaintiff's failure to act.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Damages)

42.    The Complaint, and each of the purported causes of action contained in it alleged against these answering Defendants, is barred as Plaintiff has not suffered damages.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

43.    The claims of the Plaintiff are barred by the Business Judgment Rule.

## FORTIETH AFFIRMATIVE DEFENSE

### (Excuse)

44.    These answering Defendants' conduct as alleged in the Complaint were excused by Plaintiff's prior material breaches of its agreement with and duties to these answering Defendants.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Acts not Against Public Policy)

45.    No alleged act or omission of Defendants were in violation of any fundamental or substantial public policy.

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Breach of Covenant of Good Faith and Fair Dealing)

46.     Plaintiff breached the covenant of good faith and fair dealing with these answering Defendants, which breach bars any recovery against these answering Defendants.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Bad Faith)

47.     Plaintiff filed this action in bad faith and for improper motives and should be denied any recovery because of their actions.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Privilege/Justification)

48.     These answering Defendants' conduct was privileged or justified.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

49.     These answering Defendants are informed and believe, and thereupon allege, that if Plaintiff suffered or sustained any loss, damage or injury as alleged, which is denied, the same was occasioned by a risk which the Plaintiff knowingly and voluntarily assumed.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Fraud)

50.     The claims of the Plaintiff are barred by their own fraud.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Duty)

51.     As a forty-seventh, separate and affirmative defense, these answering Defendants allege that they owed no duty to Plaintiff.

////

11

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Compliance or Substantial Compliance)

52.    As a forty-eighth, separate and affirmative defense, these answering Defendants allege compliance and/or substantial compliance with the law. *Blank v. Kirwan* (1985) 39 Cal.3rd

311; *People v. Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Justifiable Reliance)

53.    Plaintiff is barred from recovery of damages because they did not rely on Defendants' actions and if they did rely, such reliance was not reasonable or justified.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Novation/Accord and Satisfaction)

54.    The Complaint is barred by the doctrines of novation/accord and satisfaction.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

56.    The Complaint and each cause of action thereof, is barred by the statute of limitations as set forth in the applicable sections of the California Code of Civil Procedure and the RICO Act.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Defendants did not knowingly agree to facilitate any scheme, fraudulent enterprise, or conspiracy.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Defendants had no knowledge or awareness of the essential nature or scope of any fraudulent enterprise or conspiracy.

////

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violate these Defendants' due process of law rights.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

(Reservation of Right to Assert Additional Affirmative Defenses)

55.    These answering Defendants presently do not have sufficient knowledge or information upon which to form a belief as to whether these answering Defendants may have additional, as yet unstated, defenses available. These answering Defendants reserves their right to assert additional defenses in the event discovery indicates that they would be appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendants hereby demand a trial by jury on all issues pursuant to the Seventh Amendment and Fed.R.Civ.Proc. 38.

WHEREFORE Defendants pray that:

1.    Plaintiff take nothing by virtue of the Complaint and that the Complaint be dismissed with prejudice;

2.    For attorney's fees, expenses and costs of suit;

3.    For such other relief as the court may deem just and proper.

Dated: September 17, 2019          MANSOUR LAW GROUP, APLC

By /s/ Steven G. Candelas
   Steven G. Candelas, Attorney for Defendants
   A-Z REALTY AND INVESTMENT,
   DONGYAN (ANNIE) ZHENG, and JENNIFER
   WHELAN

**DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**