S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
TAMARA M. HEATHCOTE – SBN 193312
theathcote@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, REALTY ONE GROUP, INC. and JIHUI (LUCKY) LUO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUANG YING (NANCY) ZHANG,<br><br>Plaintiff,<br><br>vs.<br><br>A-Z REALTY & INVESTMENT CORP., a California corporation; DONGYAN (ANNIE) ZHENG, an individual; JENNIFER WHELAN, an individual; REALTY ONE GROUP, INC., a California Corporation; JIHUI (LUCKY) LUO, an individual; SHI DAN CHEN, and individual; MING-WING LAM, an individual; FU LONG ZHENG, an individual; and DOES 1-30, inclusive,<br><br>Defendants. | CASE NO. 5:19-cv-00887-VAP-KK<br><br>*Assigned to:*<br>*Hon. Virginia A. Phillips – Ctrm 8A*<br><br>**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S FIRST AMENDED ANSWER TO COMPLAINT, CROSS-CLAIM AND DEMAND FOR JURY TRIAL**<br><br>*Complaint filed: May 10, 2019* |

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

**COME NOW**, Defendants REALTY ONE GROUP, INC. and JIHUI (LUCKY) LUO ("Defendants") answering Plaintiff's Complaint on file herein, for themselves alone and for no other Defendants, admit, deny and allege as follows:

1. In answering paragraphs 6, 12, 13, 63, 64, 65, 66, 67, 68, 70, 72, 73, these answering Defendants admit these allegations.

2. In answering paragraphs 5, 50, 74, 76, 77, 78, 79, 80, 81, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 1(2),[1] 2(2), 3(2), 4(2), 5(2), 6(2), 7(2), 116, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, and 132   these answering Defendants deny generally and specifically, each and every allegation contained therein.

3. In answering paragraphs 1, 2, 3, 4, 7, 8, 9, 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 69, 71, 75, 117, these answering Defendants do not have sufficient information or belief to enable them to answer said paragraphs at this time, and on that ground, deny each and every allegation contained therein.

**FIRST AFFIRMATIVE DEFENSE**

4. Any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's own wrongful acts and conduct and not by reason of any unlawful act or omission of these Defendants. Any injury to Plaintiff was due to and caused by his/her own negligence and failure to act with reasonable care, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to Plaintiff.  Any damages awarded in this action should therefore be in direct

---

[1] The allegations of the Eighth Claim for Relief start with paragraph "1." This answer will refer to these allegations as paragraphs "1(2)," "2(2)," 3(2)," "4(2)," "5(2)," "6(2)," and "7(2)."

1
**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

1 proportion to the fault of these Defendants, if any, as provided by <u>California Civil Code</u> §§1431 to 1431.5.

### SECOND AFFIRMATIVE DEFENSE

5.  Plaintiff willingly, voluntarily and knowingly assumed each, every and all the risks and hazards involved in the activities referred to in the operative Complaint.  These Answering Defendants are not liable for injury or damages, if any there were, because Plaintiff was aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose him/herself to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiff herein, therefore barring Plaintiff from recovering any relief from these Answering Defendants.

### THIRD AFFIRMATIVE DEFENSE

6.  The damages allegedly sustained by Plaintiff, which such damages are generally and specifically denied to exist, were the result of the active and affirmative wrongful acts, fraud, and omissions to act of Plaintiff and independent third parties and/or entities whose active and affirmative wrongdoing resulted in superseding and intervening causes of Plaintiff's alleged damages which thereby relieves these responding Defendants from liability.  Any damages awarded in this action should therefore be in direct proportion to the fault of these Defendants, if any, as provided by <u>California Civil Code</u> §§1431 to 1431.5.

### FOURTH AFFIRMATIVE DEFENSE

7.  Plaintiff's suit is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

8.  By the exercise of reasonable effort, Plaintiff could have mitigated the amount of damages, if any there were, but Plaintiff failed and refused, and continues to fail and refuse, to exercise a reasonable effort to mitigate damages and therefore Plaintiff is barred from seeking recovery of those damages.

**SIXTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claim for punitive damages violate these Defendants' due process of law rights.

**SEVENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims are barred as a result of Plaintiff's consent to the acts and omissions alleged in the Complaint

**EIGHTH AFFIRMATIVE DEFENSE**

11. Plaintiff's claims are barred by laches.

**NINTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims for injuries are barred by the two-year statute of limitations. Code Civ. Proc., § 335.1.

**TENTH AFFIRMATIVE DEFENSE**

13. Defendants have fully performed any and all contractual, statutory, and other duties owed to Plaintiff and third parties (if any), and Plaintiff is therefore estopped to assert any claim for relief against Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

14. The Complaint and each purported claim alleged therein are barred, in whole or in part, by misrepresentations, concealment, and omissions made by Plaintiff and/or third parties to Defendants regarding the alleged transactions, to the detriment of Defendants. Defendants reasonably relied on the foregoing misrepresentations, concealment, and omissions in conforming Defendants' conduct to all applicable standards and obligations.

**TWELFTH AFFIRMATIVE DEFENSE**

15. The Complaint and each purported claim alleged therein are barred by the doctrine of waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff is estopped by her own actions and conduct from asserting any claim against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

17. Defendants were agents who had no knowledge of, and did not participate in any fraudulent act of their principals or any enterprise; as such, Defendants are not vicariously liable for the torts, if any, of said principals or any enterprise that they may have operated or managed.

## FIFTEENTH AFFIRMATIVE DEFENSE

18. Defendants had no knowledge or awareness of the essential nature or scope of any fraudulent enterprise or conspiracy; neither did Defendants have any intention to facilitate such an enterprise or conspiracy.

## SIXTEENTH AFFIRMATIVE DEFENSE

19. Defendants did not knowingly agree to facilitate any scheme that included operation or management of any fraudulent enterprise or conspiracy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

20. Defendants, engaged by Plaintiff as real estate agents to procure a tenant for Plaintiff's property, had no duty to disclose negative financial information about their tenant client to Plaintiff.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

21. Because Plaintiff's Complaint against these Answering Defendants is couched in conclusory terms, these Answering Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## CROSSCLAIM

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Cross-Claimants file this Crossclaim against Co-Defendants A-Z REALTY & INVESTMENT CORP, DONGYAN (ANNIE) ZHENG, JENNIFER WHELAN, SHI DAN CHEN, and MING-WING LAM and allege as follows:

4
**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

## JURSIDICTION AND VENUE

22. This Crossclaim arises out of the transactions and occurrences that are the subject matter of Plaintiff's Complaint and on file herein and relates to the property that is the subject matter of said action. This Court has jurisdiction over this Crossclaim and the parties to it under 28 USC §1331 and 1343, and Federal Rule of Civil Procedure, Rule 13.

*23.* Venue is proper in this district under 28 USC §1391(b), because (a) the named defendants reside in this district and appear to be residents of the State of California, (b) the subject property is located in this judicial district, and (c) a substantial part of the events or omissions giving rise to the claims occurred here.

## PARTIES

24. Plaintiff Mrs. Zhang ("Plaintiff") is an individual residing in El Monte, California. She is the owner of the Property located at 16 Via Palmieki Court in Lake Elsinore, California, that is the subject of this lawsuit.

25. Defendant and Cross-Claimant Realty One Group, Inc. ("Realty One") is a California corporation doing business in this judicial district and with its principal place of business located at 23811 Aliso Creek Road, Suite #168, Laguna Niguel, California.

26. Defendant and Cross-Claimant Jihui (Lucky) Luo ("Luo") is a resident of the State of California who also resides in this judicial district, and a real estate broker licensed by the California Department of Real Estate.

27. Defendant A-Z Realty & Investment Corp is a California corporation doing business in this judicial district and with its principal place of business located at 20455 Ranchito Drive, Perris, California.

28. Defendant Dongyan (Annie) Zheng is a resident of the State of California who also resides in this judicial district, and a real estate broker licensed by the California Department of Real Estate.

29. Defendant Jennifer Whelan is a resident of the State of California who

also resides in this judicial district and a real estate broker licensed by the California Department of Real Estate.

30. Defendant Shi Dan Chen ("Chen") is believed to have been an unauthorized occupant of the Property, and on information and belief, is a resident of the State of California and resides in this judicial district.

31. Defendant Ming-Wing Lam ("Lam") is believed is believed to have been an unauthorized occupant of the Property, and on information and belief, is a resident of the State of California and resides in this judicial district.

**FACTS**

32. Plaintiff is the owner of 16 Via Palmieki Ct., Lake Elsinore, CA 92532-0146 ("Property"). A-Z Realty entered into the pertinent Property Management Agreement with Plaintiff on or about February 1, 2017, to manage the Property.

33. A-Z Realty represented Plaintiff in the purchase of the Property in 2009. The Property is a large single-family home (approximately 3,800 square feet) in Lake Elsinore. Plaintiff never occupied the Property herself. Plaintiff, her son, and her husband made all decisions collectively and are all shrewd business people fully capable of knowing what they were doing.

34. On or about February 11, 2018, an application was received from Miaoyun Wu and Xin Li through their agent, Luo, working for Realty One Group. Plaintiff reviewed the applications and was satisfied.

35. On the rental application materials submitted to Luo, Wu and Li indicated they were restaurant owners in Los Angeles and were opening a restaurant in the Lake Elsinore area. Luo and Realty One Group had no reason to suspect the rental application submitted was false or that anything was amiss.

36. On or about February 21, 2017, Miaoyun Wu and Xin Li entered into a year-long lease agreement with Plaintiff. Tenants were to pay $5,000.00 security deposit upfront and $2,500.00 per month thereafter.

37. Unbeknownst to Realty One Group and Luo, Ms. Zheng began to

1 suspect that this property was being used to grow marijuana.  Ms. Zheng called
2 Plaintiff and told her about her concerns and their interactions regarding the
3 property are contained within Plaintiff's complaint along with their allegations as to
4 the true identity of the persons renting the property (Defendants Chen and Lam).

## FIRST CLAIM FOR RELIEF

### Equitable Indemnity and Contribution

### (Against All Co-Defendants)

8  38.   Cross-Claimants hereby re-allege and incorporate the allegations in all prior paragraphs as though fully set forth herein.

10  39.   Cross-Claimants by way of this Crossclaim against all Co-Defendants claim that to the extent that Plaintiff is somehow able to recover for any of the money alleged in the Complaint from Cross-Claimants, Cross-Claimants hereby allege that such losses alleged by Plaintiff are the responsibility of Co-Defendants.

14  40.   Cross-Claimants allege that in equity, said Co-Defendants, by virtue of their wrongful conduct, are obligated jointly and severally to completely indemnify Cross-Claimants for any amount owed by Cross-Claimants and therefore seek an order from the Court for indemnity and contribution.

## FIRST CLAIM FOR RELIEF

### Equitable Indemnity and Contribution

### (Against All Co-Defendants)

21  41.   Cross-Claimants hereby re-allege and incorporates the allegations in all prior paragraphs as though fully set forth herein.

23  42.   To the extent that Plaintiff is somehow able to recover for any of the money alleged in the Complaint from Cross-Claimants, Cross-Claimants hereby allege that such losses alleged by Plaintiff are the responsibility of Co-Defendants.

26  43.   Cross-Claimants allege that they are innocent of any wrongdoing.

27  44.   Cross-Claimants allege that all amounts which Cross-Claimants may be required to pay to Plaintiff as alleged in the Complaint were necessitated entirely, or

in part, by the conduct of Co-Defendants. Cross-Claimants therefore seeks an order from the Court for indemnity and contribution.

### PRAYER FOR RELIEF

WHEREFORE, Defendants and Cross-Claimants pray

1. That Plaintiff take nothing by way of the Complaint:

2. That Defendants and Cross-Claimants demand judgment by way of indemnity against all Co-Defendants together with interest, costs of suit and attorney's fees;

3. That Defendants and Cross-Claimants be awarded such other and further relief as the Court deems just and proper; and

4. That the Court grant such additional relief as is just and equitable.

DATED: July 20, 2020                    Respectfully submitted,

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ *Tamara M. Heathcote*
**S. FRANK HARRELL**
**TAMARA M. HEATHCOTE**
Attorneys for Defendants, REALTY ONE GROUP, INC. and JIHUI (LUCKY) LUO

---

8
**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

1 | **DEMAND FOR JURY TRIAL**

2 |     PLEASE TAKE NOTICE that Defendants hereby demand a trial by jury on

3 | all issues pursuant to the Seventh Amendment and Fed.R.Civ.Proc. 38.

4 |

5 | DATED: July 20, 2020           Respectfully submitted,

6 |                                        **LYNBERG & WATKINS**
A Professional Corporation

7 |

8 |

9 |                              By: */s/ Tamara M. Heathcote*
**S. FRANK HARRELL**
**TAMARA M. HEATHCOTE**

10 |                                      Attorneys for Defendants, REALTY ONE GROUP, INC. and JIHUI (LUCKY) LUO

11 |

12 | 4829-8293-2675, v. 1

**9**

**DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Case Name: Zhang v. A-Z Realty & Investment, et al.
Case No.: 5:19-cv-00887-VAP-KK

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Town & Country Rd., Suite 1450, Orange, California 92868.

On **July 20, 2020**, I served the foregoing document(s) described as **DEFENDANTS REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S FIRST AMENDED ANSWER TO COMPLAINT, CROSS-CLAIM AND DEMAND FOR JURY TRIAL** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

*SEE ATTACHED SERVICE LIST*

☐ **BY MAIL**: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, I deposited such envelope in the mail at Orange, California.

☒ **BY E-SERVE:** The above listed document(s) were electronically served via the USDC Central District's CM/ECF system and the Notice of Electronic Filing (NEF) indicates the registered party and/or attorney were served with the above documents.

☐ **BY ELECTRONIC MAIL:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted at the respective email address(es) indicated.

☐ **BY FACSIMILE:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via facsimile at the respective telephone numbers indicated above.

☐ **BY FEDERAL EXPRESS/OVERNIGHT MAIL**: I caused the above-described document to be served on the interested parties noted as follows by Federal Express/Overnight Mail.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 20, 2020**, at Orange, California.

_____/s/ *Olivia Banke*_____
**OLIVIA BANKE**

i
**PROOF OF SERVICE**

**SERVICE LIST**

| | |
|---|---|
| Scott B. Lieberman, Esq.<br>FINLAYSON TOFFER ROOSEVELT<br>  & LILLY LLP<br>15615 Alton Parkway, Suite 250<br>Irvine, CA 92618<br>T:  (949) 759-3810<br>F:  (949) 759-3812<br>slieberman@ftrlfirm.com<br>kroosevelt@ftrlfirm.com<br><br>*Counsel for Plaintiff*<br>*SHUANG YING (NANCY) ZHANG*<br><br>Yuan Li, Esq.<br>DEMIDCHIK LAW FIRM PC<br>923 E. Valley Boulevard, Suite 268<br>San Gabriel, CA 91776<br>T:  626-317-0033<br>F:  212-810-1257<br>bill@demidchiklawfirm.com<br><br>*Counsel for Defendant*<br>*Shi Dan Chen* | John Mansour, Esq.<br>S. Candelas, Esq.<br>8280 Utica Avenue, Suite 150<br>Rancho Cucamonga, CA 91730<br>T:  (909) 941-1611<br>F:  (909) 941-1811<br>john@mansourlawgroup.com<br>steven@mansourlawgroup.com<br><br>*Counsel for Defendant*<br>*A-Z Realty & Investment Corp.*<br><br>Gregory Williams Patterson<br>Gregory W Patterson Law Offices<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266<br>T:  310-376-0010<br>greg@gwppc.com<br><br>*Counsel for Defendant*<br>*Ming-Wing Lam* |