UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUANG YING NANCY ZHANG,<br><br>                    Plaintiff,<br><br>          v.<br><br>A-Z REALTY & INVESTMENT<br>CORP., et al.,<br><br>                    Defendants. | Case No. EDCV 19-887-KK<br><br><br>ORDER DENYING DEFENDANTS<br>A-Z REALTY & INVESTMENT<br>CORP., DONGYAN (ANNIE)<br>ZHENG, AND JENNIFER WHELAN'S<br>RENEWED MOTION TO DISMISS |

## I.

## **INTRODUCTION**

Plaintiff Shuang Ying (Nancy) Zhang ("Plaintiff") filed a Complaint alleging one federal claim for a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and ten state law claims.  ECF Docket No. ("Dkt.") 1.  Plaintiff sues defendants A-Z Realty & Investment Corp. ("A-Z Realty"); Dongyan (Annie) Zheng; Jennifer Whelan; Realty One Group, Inc. ("Realty One"); Jihui (Lucky) Luo; Shi Dan Chen; Ming-Wing Lam; Fu Long Zheng;

and DOES 1 through 30.  Id. at 3–5.  Defendants A-Z Realty, Dongyan (Annie) Zheng, and Whelan ("Moving Defendants") filed a Renewed Motion to Dismiss, arguing Plaintiff failed to adequately plead a RICO claim and the remaining causes of action should be dismissed for lack of subject matter jurisdiction.  Dkt. 91.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).  Dkts. 49, 59, 63.  For the reasons set forth below, Moving Defendants' Renewed Motion to Dismiss is DENIED.

## II.

## PROCEDURAL HISTORY

On May 10, 2019, Plaintiff filed a Complaint against defendants A-Z Realty, Dongyan (Annie) Zheng, Whelan, Realty One, Luo, Chen, Lam, Fu Long Zheng, and DOES 1 through 30 alleging one federal claim for a RICO violation and ten state law claims.  Dkt. 1.  Plaintiff alleges she owns a single-family residential home in Lake Elsinore, California.  Id. at 1.  Plaintiff's claims arise out of an allegedly fraudulent lease application and a "sophisticated criminal marijuana farming operation" involving defendants that occurred on Plaintiff's property.  Id. at 2.

On July 10, 2019, defendants Realty One and Luo filed a Motion to Dismiss the Complaint.  Dkt. 12.  On July 18, 2019, Moving Defendants also filed a Motion to Dismiss ("First Motion to Dismiss") arguing Plaintiff failed to adequately plead a RICO claim and the remaining causes of action should be dismissed for lack of subject matter jurisdiction.  Dkt. 19.  On August 5, 2019, Plaintiff filed a Joint Opposition to both Motions to Dismiss.  Dkt. 23.  On August 12, 2019, Moving Defendants and defendants Realty One and Luo filed separate Replies.  Dkts. 26, 27.

On September 3, 2019, Judge Virginia A. Phillips denied both Motions to Dismiss, dkts. 12, 19, and found Plaintiff adequately pled her RICO claim.  Dkt. 29.

On April 7, 2020, pursuant to the parties' voluntary consent, the case was transferred to the undersigned Magistrate Judge to conduct all further proceedings in this case.  Dkt. 63.

On November 12, 2020, Moving Defendants filed a Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief May Be Granted ("Renewed Motion to Dismiss"). Dkt. 91. Moving Defendants, once again, argue Plaintiff failed to adequately plead a RICO claim. Id. On November 19, 2020, Plaintiff filed an Opposition to the Renewed Motion to Dismiss. Dkt. 92. On November 30, 2020, Moving Defendants filed a Reply. Dkt. 95. The matter thus stands submitted.

### III.

### MOVING DEFENDANTS' RENEWED MOTION TO DISMISS IS DENIED FOR FAILURE TO COMPLY WITH LOCAL CIVIL RULE 7-17

**A.     Applicable Law**

Central District of California Local Civil Rule 7-17 provides:

> If any motion, application or petition has been made to any judge of this Court and has been denied in whole or in part . . . any subsequent motion for the same relief in whole or in part, whether upon the same or any allegedly different state of facts, shall be presented to the same judge whenever possible. If presented to a different judge, it shall be the duty of the moving party to file and serve a declaration setting forth the material facts and circumstances as to each prior motion, including the date and judge involved in the prior motion, the ruling, decision, or order made, and the new or different facts or circumstances claimed to warrant relief and why such facts or circumstances were not shown to the judge who ruled on the motion.

L.R. 7-17, Resubmission of Motions Previously Acted Upon.

"Any failure to comply with the foregoing requirements shall be the basis for setting aside any order made on such subsequent motion, either sua sponte or on motion or application, and the offending party or attorney may be subject to the sanctions provided by L.R. 83-7." Id. "The violation of or

3

1  failure to conform to" Local Civil Rule 7-17 "may subject the offending party

2  or counsel to:"

3      (a) monetary sanctions, if the Court finds that the conduct was willful,

4      grossly negligent, or reckless;

5      (b) the imposition of costs and attorneys' fees to opposing counsel, if the

6      Court finds that the conduct rises to the level of bad faith and/or a

7      willful disobedience of a court order; and/or

8      (c) for any of the conduct specified in (a) and (b) above, such other

9      sanctions as the Court may deem appropriate under the circumstances.

10  L.R. 83-7, Sanctions – Violation of Rule.

11  **B.**   **Analysis**

12      Here, Moving Defendants have failed to comply with the Local Civil Rules.

13  Moving Defendants filed their First Motion to Dismiss on July 18, 2019, arguing

14  Plaintiff failed to adequately plead a RICO claim.  Dkt. 19.  On September 3, 2019,

15  Judge Phillips denied Moving Defendants' Motion to Dismiss, finding Plaintiff had

16  adequately plead a RICO claim.  Dkt. 29.  On November 12, 2020, Moving

17  Defendants filed a Renewed Motion to Dismiss, once again, arguing Plaintiff failed to

18  adequately plead a RICO claim.  Dkt. 91.

19      As Judge Phillips has already ruled on the issues presented in the Renewed

20  Motion to Dismiss, it was incumbent on Moving Defendants to submit their Renewed

21  Motion to Dismiss in compliance with Local Civil Rule 7-17.  In complete disregard

22  of Local Civil Rule 7-17, Moving Defendants failed to "serve a declaration setting

23  forth the material facts and circumstances as to each prior motion[.]"  L.R. 7-17.

24  Moving Defendants label their motion as a "Renewed Motion to Dismiss" but fail to

25  mention they previously filed a Motion to Dismiss and Judge Phillips denied their

26  earlier motion.  See dkt. 91.  This attempt to take a second bite of the apple with a

27  different judicial officer is not well-taken.  Moving Defendants' Renewed Motion to

28  Dismiss further flouts Local Civil Rule 7-17 because it fails to set forth "the new or

1  different facts or circumstances claimed to warrant relief and why such facts or

2  circumstances were not shown to the judge who ruled on the motion." L.R. 7-17.

3      In response to Plaintiff's Opposition, which correctly notes Moving

4  Defendants' failure to comply with the Local Civil Rules, dkt. 92 at 13–15, Moving

5  Defendants seek to remedy the deficiencies in their Renewed Motion to Dismiss by

6  including a declaration of counsel and seeking to assert new arguments and facts in

7  their Reply, dkt. 95. The Court is unimpressed with these belated efforts. "It is

8  improper for the moving party to 'shift gears' and introduce new facts or different

9  legal arguments in the reply brief than [those that were] presented in the moving

10  papers." VIRGINIA A. PHILLIPS, J. & KAREN L. STEVENSON, J., RUTTER GROUP PRAC.

11  GUIDE FED. CIV. PRO. BEFORE TRIAL § 12:107 (Calif. & 9th Cir. eds. 2020) (citing

12  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 894–95 (1990)). The Court, therefore,

13  declines to consider facts or arguments presented for the first time in Moving

14  Defendants' Reply. See Burke v. City of Santa Monica, No. CV 09-02259-MMM

15  (PLAx), 2010 WL 11549357, at *1 (C.D. Cal. Nov. 2, 2010); Stump v. Gates, 211 F.3d

16  527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the

17  first time in a reply brief . . . The reasons are obvious. It robs the appellee of the

18  opportunity to demonstrate that the record does not support an appellant's factual

19  assertions and to present an analysis of the pertinent legal precedent that may compel

20  a contrary result.").

21      Finally, even considering the merits of the Renewed Motion to Dismiss, the

22  Court finds Moving Defendants' arguments to be unconvincing for the reasons set

23  forth by Judge Phillips. Dkt. 29.

24  ///

25  ///

26  ///

27  ///

28  ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.

## ORDER

IT IS THEREFORE ORDERED Moving Defendants' Renewed Motion to Dismiss is DENIED.  The parties are advised that future violations of the Local Civil Rules will result in sanctions.

Dated:  December 21, 2020

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge

6