SCOTT B. LIEBERMAN, Cal. Bar No. 208764
  *slieberman@ftrlfirm.com*
T. KEVIN ROOSEVELT, Cal. Bar No. 205485
  *kroosevelt@ftrlfirm.com*
**FINLAYSON TOFFER
ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 250
Irvine, California 92618
Telephone:  949-759-3810
Facsimile:  949-759-3812

Attorneys for Plaintiff
SHUANG YING (NANCY) ZHANG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUANG YING (NANCY) ZHANG,<br><br>                   Plaintiff,<br><br>          v.<br><br>A-Z REALTY & INVESTMENT CORP., a California corporation; DONGYAN (ANNIE) ZHENG, an individual; JENNIFER WHELAN, an individual; REALTY ONE GROUP, INC., a California corporation; JIHUI (LUCKY) LUO, an individual, SHI DAN CHEN, and individual; MING-WING LAM, an individual; FU LONG ZHENG, an individual; and DOES 1-30, inclusive,<br><br>                   Defendants. | Case No. 5:19-CV-00887-KK<br><br>Judge: Hon. Kenly Kiya Kato<br><br>**PLAINTIFF SHUANG YING (NANCY) ZHANG'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Complaint Filed:   May 10, 2019<br>Trial Date:          March 15, 2021<br><br>**Pretrial Conference:**<br>Date:       February 25, 2021<br>Time:       10:00a.m.<br>Crtrm:      3/4 – Riverside |

# I. PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## A. The Claims Plaintiff Has Pleaded and Plans to Pursue

### (i) RICO Violations, 18 U.S.C. §§ 1962(c)-(d), Against All Defendants

#### (a) Elements

To recover under 18 U.S.C. § 1962(c), a plaintiff must prove (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation.

Conduct: The conduct element of § 1962(c) requires that the defendant have some part in directing the affairs of the enterprise. Liability is not limited to those with primary responsibility for the enterprise's affairs, nor is a formal position within the enterprise required. However, the defendant is not liable under § 1962(c) unless the defendant has participated in the operation or management of the enterprise itself. In determining whether the conduct element has been satisfied, relevant questions include whether the defendant "occupies a position in the chain of command," "knowingly implements [the enterprise's] decisions," or is "indispensable to achieving the enterprise's goal."

Enterprise: An "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." RICO does not require that either the racketeering enterprise or the predicate acts of racketeering be motivated by an economic purpose.

For purposes of § 1962(c), a single individual or entity cannot be both the RICO enterprise and an individual defendant. However, "the inability of a

corporation to operate except through its officers is not an impediment to § 1962(c) suits." An organizational defendant can be a member of a larger associated-in-fact enterprise.

An associated-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." Its existence is proven through evidence of an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit. No particular organizational structure, separate or otherwise, is necessary for an associated-in-fact enterprise. Defendants in RICO actions must have had "some knowledge of the nature of the enterprise . . . to avoid an unjust association of the defendant[s] with the crimes of others," but the requirement of a common purpose may be met so long as the defendants were "each aware of the essential nature and scope of [the] enterprise and intended to participate in it."

A RICO enterprise is not defeated even when some of the enterprise's participants lack detailed knowledge of all of the other participants or their activities. Instead, "it is sufficient that the defendant know the general nature of the enterprise and know that the enterprise extends beyond his individual role." In particular cases, "the evidence used to prove the pattern of racketeering activity and the evidence establishing an enterprise" may overlap. However, "enterprise" and "conduct" are two separate and necessary elements of a civil RICO claim.

Pattern: A pattern is defined as "at least two acts of racketeering activity" within ten years of each other. Proving two predicate acts is a necessary condition for finding a violation, but may not be sufficient. To establish a "pattern of racketeering activity," the predicate acts must be both "related" and "continuous." Related conduct "embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." Relatedness of the alleged or proven predicate acts is rarely an issue. However,

PLAINTIFF SHUANG YING (NANCY) ZHANG'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  merely alleging that the predicate acts share the same participants is insufficient to
2  establish that they are related.

3      The continuity requirement reflects Congress's concern in RICO with long-
4  term criminal conduct.

5      Plaintiffs must prove either "open-ended" or "closed-ended" continuity—that
6  is, a plaintiff must either prove a series of related predicate acts committed over a
7  substantial period of time (known as closed-ended continuity), or show past conduct
8  that by its nature projects into the future with a threat of repetition (known as open-
9  ended continuity).

10     There is no bright line rule for what period of time the pattern of activity must
11 extend to establish closed-ended continuity, though activity spanning only several
12 months is unlikely to satisfy the requirement. Open-ended continuity is shown
13 through "predicate acts that specifically threaten repetition or that become a regular
14 way of doing business."

15     Racketeering Activity: To constitute racketeering activity, the relevant
16 conduct must consist of at least one of the indictable predicate acts listed in 18
17 U.S.C. § 1961. Predicate acts must be proved by a preponderance of the evidence.

18     A RICO conspiracy under § 1962(d) may be established by proof of an
19 agreement to commit a substantive violation of RICO. The conspirator need not
20 have agreed to commit or facilitate each and every part of the substantive offense.
21 However, the conspirator must have been "aware of the essential nature and scope
22 of the enterprise and intended to participate in it." The "agreement need not be
23 express as long as its existence can be inferred from words, actions, or
24 interdependence of activities and persons involved." If a RICO conspiracy is
25 demonstrated, "[a]ll conspirators are liable for the acts of their co-conspirators."

26     A defendant can be held liable for a RICO conspiracy if the evidence shows
27 that he or she "knowingly agree[d] to facilitate a scheme which includes the
28 operation or management of a RICO enterprise." There is no requirement that the

3

defendant have actually conspired to operate or manage the enterprise himself or herself. Id. (affirming conviction under § 1962(d) of defendant who collected money on behalf of member of enterprise, facilitated communications between conspirators and accepted payment for drugs sold through enterprise).

Section 1962(d) applies to intracorporate, as well as intercorporate conspiracies; thus, it is possible for a corporation to engage in a RICO conspiracy with its own officers and representatives.

Authority:  Instruction 8.0, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated June 2020).

### (b)   Evidence

Beginning no later than February 2017 and continuing thereafter, Defendants, formed an association-in-fact enterprise by establishing contractual, business and other relationships with each other and otherwise collaborating to use the Property for the commercial cultivation, processing, distribution and sale of marijuana. The association-in-fact enabled Defendants to achieve their collective purpose more efficiently.

The rent and other payments for the Property, and the nearly 19,000 marijuana plants grown at the property, have been used and moved in interstate commerce.

Each of the Defendants has conducted and participated in the conduct of the affairs of the marijuana growing enterprise through a pattern of racketeering activity by committing more than two related and continuous acts of racketeering through the ongoing cultivation, distribution and sale of marijuana and cannabis products. Defendants Luo, Realty Group One, A-Z Realty, Zheng, and Whelan represented the occupants and gangsters in leasing the Property and enabling the cultivation, distribution and sale of the marijuana crops.  Defendants Shi Dan Chen and Ming-Wing Lam were occupants of the Property who cultivated the marijuana, and/or the occupants' "contacts/managers" assisted with the leasing and growing and who also

4

1   threatened Mrs. Zhang's life

2      A number of persons from the Fujian Provence were looking to rent large

3 houses in the area to create marijuana farms.  The occupants repeatedly requested to

4 extend the Lease, including for an additional year after it was set to expire.  There

5 was also an on-going relationship between the Defendants.

6          **(ii).**   **Breach of Fiduciary Duty Against A-Z Realty, Zheng &**

7                **Whelan**

8            **(a)**    **Elements**

9     To establish this claim, Plaintiff Zhang must prove the following:

10     1. That Defendants were Plaintiff Zhang's real estate agent and property

11 manager;

12     2. That Defendants (a) knowingly acted against Plaintiff Zhang's interests in

13 connection with marijuana operation at the Property; and/or (b) acted on behalf of a

14 party whose interests were adverse to Plaintiff Zhang in connection with the

15 marijuana operation at the Property

16     3. That Plaintiff Zhang did not give informed consent to Defendants' conduct;

17     4. That Plaintiff Zhang was harmed; and

18     5. That Defendants' conduct was a substantial factor in causing Plaintiff

19 Zhang's harm.

20     Authority:  California Civil Jury Instructions 4102 (2021 Edition).

21          **(ii)**   **Evidence**

22     A-Z Realty, Whelan and Zheng were Mrs. Zhang's real estate property

23 Brokers, managers, and agents.  Based on their contractual agency relationship. Mrs.

24 Zhang reposed certain confidences and trusts in A-Z Realty, Whelan and Zheng,

25 particularly given Mrs. Zhang's general inexperience with property rentals and

26 management and her limited abilities to read and understand English.

27     A-Z Realty, Whelan and Zheng misled Mrs. Zheng about the identity of the

28 actual occupants of the Property, demanding increased property management fees

PLAINTIFF SHUANG YING (NANCY) ZHANG'S MEMORANDUM OF CONTENTIONS OF
FACT AND LAW

leasing the Property, failing to act in Mrs. Zhang's best interests with regard to the removal or eviction of the occupants and the suggested sale of the Property to them.

### (iii).   Intentional Fraud and Deceit Against All Defendants

#### (a)   Elements

To establish this claim, Plaintiff Zhang must prove all of the following:

1. That Defendants were Plaintiff Zhang's real estate agents and/or property managers and otherwise owed a fiduciary duty to Plaintiff Zhang to provide her with honest and accurate information.

2. That Defendants acted on Plaintiff Zhang's behalf for purposes of leasing and managing the Property and providing her with honest and accurate information related to the occupants of the Property.

3. That Defendants knew, or should have known, that information related to the occupants of the Property was fraudulent, that the occupants intended to grow and sell a substantial amount of marijuana at the property and that the marijuana operation at the Property was illegal.

4. Defendants misled Plaintiff Zhang by failing to disclose this information and/or providing Plaintiff Zhang with information that was inaccurate or incomplete;

5. That Plaintiff Zhang was harmed; and

6. That Defendants' conduct was a substantial factor in causing Plaintiff Zhang's harm.

Authority:  California Civil Jury Instructions 4111 (2021 Edition).

#### (b)   Evidence

Defendants made false statements directly to Mrs. Zhang, or through her agents and upon which they intended her to rely.  The false statements include, but are not limited to, the following: (a) the actual identities of the occupants of the Property, including false information and the forged documents provided to Mrs. Zhang as part of the rental applications; (b) continued statements about the

6

identities of Mr. Wu and Ms. Li as the occupants of the Property; and (c) the occupants' willingness and intentions to pay additional amounts to continue renting the Property and to pay the costs to return the Property to its original state before it had been converted to a marijuana farm.

Defendants knew the statements to be false at the time they were made, or made the representations recklessly and without regard for the truth. By making the statements, Defendants intended to induce Mrs. Zhang to sign the Lease, to permit entry into the Property, to refrain from calling the police, to refrain from evicting the occupants, and to extend the term of the lease or offer the Property for sale at a substantially reduced price to the gangsters.

### (iv).   Negligent Misrepresentation Against All Defendants

#### (a)   Elements

To establish this claim, Plaintiff Zhang must prove all of the following:

1. That Defendants represented to Plaintiff Zhang that a fact was true;

2. That Defendants' representation was not true;

3. That although Defendants may have honestly believed that the representation was true, Defendants had no reasonable grounds for believing the representation was true when made;

4. That Defendants intended that Plaintiff Zhang rely on this representations;

5. That Plaintiff Zhang reasonably relied on Defendants' representations;

6. That Plaintiff Zhang was harmed; and

7. That Plaintiff Zhang's reliance on Defendants' representations were a substantial factor in causing Plaintiff Zhang's harm.

Authority:  California Civil Jury Instructions 1903 (2021 Edition).

#### (b) Evidence

Defendants made false statements directly to Mrs. Zhang, or through her agents and upon which they intended her to rely. The false statements include, but are not limited to, the following: (a) the actual identities of the occupants of the

7

1  Property, including false information and the forged documents provided to Mrs.

2  Zhang as part of the rental applications; (b) continued statements about the identities

3  of Mr. Wu and Ms. Li as the occupants of the Property; and (c) the occupants'

4  willingness and intentions to pay additional amounts to continue renting the

5  Property and to pay the costs to return the Property to its original state before it had

6  been converted to a marijuana farm.

7      The statements and representations were false and Defendants had no

8  reasonable grounds for believing them to be true at the time they were made.  By

9  making the statements, Defendants intended to induce Mrs. Zhang to sign the Lease,

10  to permit entry into the Property, to refrain from calling the police, to refrain from

11  evicting the occupants, and to extend the term of the lease or offer the Property for

12  sale at a substantially reduced price to the gangsters.

### (v).    Breach of Property Management Agreement Against A-Z Realty

#### (a)    Elements

16  To recover damages from A-Z Realty for breach of contract, Plaintiff Zhang

17  must prove all of the following:

18      1. That Plaintiff Zhang and A-Z Realty entered into a contract;

19      2. That A-Z Realty did something that the contract prohibited it from doing;

20      5. That Plaintiff Zhang was harmed; and

21      6. That A-Z Realty's breach of contract was a substantial factor in causing

22  Plaintiff Zhang's harm.

23      Authority:  California Civil Jury Instructions 303 (2021 Edition).

#### (b)    Evidence

25      Mrs. Zhang and A-Z Realty had an enforceable contract, the Property

26  Management Agreement ("PMA"), which was originally signed on July 11, 2016.

27  The parties signed a new PMA on February 20, 2017, extending the term of the

28  property management relationship to February 28, 2018.

8

1    A-Z Realty materially breached the PMA by, among other things: failing to

2  rent the Property to a qualified tenant; failing to use due diligence in the

3  performance of its obligations under the PMA; failing to make, cause to be made,

4  and/or supervise repairs, improvements, or alterations to the Property; failing to

5  receive and maintain a security deposit; and failing to remit funds owed to Mrs.

6  Zhang.

7    Mrs. Zhang has performed all of her obligations under the PMA,

8  Including mediation of this dispute prior to filing this lawsuit.

9        **(vi)**   **Trespass and Wrongful Occupancy Against All Defendants**

10          **(a)**   **Elements**

11    To recover damages from Defendants for trespass and wrongful

12  occupancy, Plaintiff Zhang must prove all of the following:

13    1. Mrs. Zhang is the owner of the Property.

14    2. Defendants intentionally or recklessly or negligently entered into the

15  Property or caused other Defendants to enter into the Property without permission

16  or under false pretenses.

17    3. Mrs. Zhang did not give permission for entry into the Property by any

18  occupants other than Mr. Wu, Ms. Li and their supposed children.

19    4.. As a direct and proximate result of Defendants' acts and omissions,

20  Mrs. Zhang has been harmed.

21

22        **(b)**   **Evidence**

23    Mrs. Zhang is the owner of the Property.  Defendants entered into the

24  Property and/or caused other Defendants to enter into the Property without

25  permission or under false pretenses.

26    Mrs. Zhang did not give permission for entry into the Property by any

27  occupants other than Mr. Wu, Ms. Li and their supposed children.

28    As a direct and proximate result of Defendants' acts and omissions, Mrs.

PLAINTIFF SHUANG YING (NANCY) ZHANG'S MEMORANDUM OF CONTENTIONS OF
FACT AND LAW

Zhang has been harmed. The damage to the real property includes, but is not limited to, the costs of repairs already made, the cost of further repairs, and the diminution of value between the costs repairs and the value of the Property prior to the trespass.

Damages include the profits from the business for of the marijuana farming for which the Property was used by the unauthorized occupants.

### (vii)   Nuisance Against All Defendants

#### (a)      Elements

To establish this claim, Plaintiff Zhang must prove all of the following:

1. That Plaintiff Zhang owned the property;

2. That Defendants, by acting or failing to act, created a condition or permitted a condition to exist that (i) was harmful to health; (ii) was indecent or offensive to the senses; and/or (iii) was an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property;

3. That Defendants" conduct in acting or failing to act was intentional and unreasonable and/or unintentional, but negligent or reckless and/or the condition that Defendants created or permitted to exist was the result of an abnormally dangerous activity;

4. That this condition substantially interfered with Plaintiff Zhang's use or enjoyment of her land;

5. That an ordinary person would reasonably be annoyed or disturbed by Defendants' conduct;

6. That Plaintiff Zhang did not consent to Defendants' conduct;

7. That Plaintiff Zhang was harmed;

8. That Defendants' conduct was a substantial factor in causing Plaintiff Zhang's harm; and

9. That the seriousness of the harm outweighs the public benefit of Defendants' conduct.

Authority:  California Civil Jury Instructions 2021 (2021 Edition)

PLAINTIFF SHUANG YING (NANCY) ZHANG'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1

### (b)   Evidence

2   Mrs. Zhang is the owner of the Property, and did not consent to its use as a

3   marijuana farm.

4   Defendants operated a criminal marijuana farming enterprise on and inside

5   the Property in violation of federal, state and local laws, statutes and ordinances.

6   Defendants' use of the Property was physically harmful to Mrs. Zhang in that she

7   was exposed to mold and other toxic and harmful conditions.

8   Defendants' use of the Property also substantially and unreasonably interfered

9   with Mrs. Zhang's use and enjoyment of the Property, including her ability to

10   continue renting it.

11   Mrs. Zhang has been damaged in her health and well-being, and the value of

12   the Property has been substantially diminished.

13   When Defendants established and operated the marijuana farming enterprise

14   in and on the Property, they did so knowing that the enterprise was illegal and would

15   cause health and property damage.

16   ### (viii)  Elder Abuse Against All Defendants

17   ### (a)   Elements

18   To establish this claim, Plaintiff Zhang must prove that all of the following

19   are more likely to be true than not true:

20   1. That Defendants took and/or appropriated Mrs. Zhang's property and/or

21   assisted in taking and/or appropriating Mrs. Zhang's property;

22   2. That Mrs. Zhang was 65 years of age or older at the time of the conduct;

23   3. That Defendants took and/or obtained the property for a wrongful use, or

24   with the intent to defraud, or by undue influence;

25   4. That Mrs. Zhang was harmed; and

26   5. That Defendants' conduct was a substantial factor in causing Plaintiff

27   Zhang's harm.

28   One way Plaintiff Zhang can prove that Defendants took and/or obtained the

11

1  property for a wrongful use is by proving that Defendants knew or should have
2  known that their conduct was likely to be harmful to Mrs. Zhang.

3      Defendants took and/or obtained the property if Mrs. Zhang was deprived of
4  the property by an agreement regardless of whether the property was held by Mrs.
5  Zhang.

6      Authority:  California Civil Jury Instructions 3100 (2021 Edition)

7                      **(b)    Evidence**

8      Mrs. Zhang is over 75 years old.  Defendants made direct and indirect threats
9  against Mrs. Zhang's life, including stating and implying that if she refused to
10 continue to rent the Property to them, failed to cooperate with the gangsters, or
11 reported the marijuana enterprise to law enforcement, she would be killed.

12     Defendants took, appropriated, and retained, or assisted other Defendants in
13 taking, appropriating and retaining, Mrs. Zhang's property, including both her real
14 property and the money she was owed for the supposed rental of the Property.  The
15 illegal conduct includes, but is not limited to, the taking and use of the Property for
16 the marijuana growing enterprise, withholding rent, security deposits, costs of
17 repairs and other amounts, and attempting to convince her to sell the Property at a
18 substantially under-valued price and with the risk of a seller-financed loan.

19     Defendants also took advantage of Mrs. Zhang's limited English, limited real
20 estate experience, her distance from the Property, and by threatening her life.

21              **(ix)    Intentional Infliction of Emotional Distress Against All**
22                      **Defendants**

23                      **(a)    Elements**

24     To establish this claim, Plaintiff Zhang must prove all of the following:

25     1. That Defendants' conduct was outrageous;

26     2. That Defendants intended to cause Plaintiff Zhang emotional distress
27 and/or acted with reckless disregard of the probability that Plaintiff Zhang would
28 suffer emotional distress, knowing that Plaintiff Zhang was present when the

1  conduct occurred;

2      3. That Plaintiff Zhang suffered severe emotional distress; and

3      4. That Defendants' conduct was a substantial factor in causing Plaintiff

4  Zhang's severe emotional distress.

5      Authority:  California Civil Jury Instructions 1600 (2021 Edition).

6          **(b)**    **Evidence**

7      Defendants' conduct, including their fraud and death threats.  Defendants'

8  conduct was directed at her with the knowledge that she would receive the death

9  threats.  Mrs. Zhang has suffered and will continue to suffer severe emotional

10  distress.

11          **(x)**    **Negligence Against all Defendants**

12          **(a)**    **Elements**

13      To establish this claim, Plaintiff Zhang must prove all of the following:

14      1. That Defendants were negligent;

15      2. That Plaintiff Zhang was harmed; and

16      3. That Defendants' negligence was a substantial factor in causing Plaintiff

17  Zhang's harm.

18      Authority:  California Civil Jury Instructions 400 (2021 Edition).

19          **(b)**    **Evidence**

20      Defendants owed a duty of care to Mrs. Zhang not to cause her personal

21  injury or damage her property.   Defendants breached their duties of care and were

22  negligent in their conduct, acts and omissions.  It was reasonably foreseeable that

23  Defendants' negligence would cause Mrs. Zhang harm.

24          **(xi)**    **Statutory Unfair Competition in Violation of Cal. Bus. &**

25  **Profs. Code § 17200 Against All Defendants**

26          **(a)**    **Elements**

27      California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair

28  or fraudulent business act or practice" (Cal. Bus. & Prof. Code § 17200). A business

13

practice is unlawful for purposes of the UCL if it violates an independent federal, state or local law, whether civil or criminal. Thus, the UCL "borrows" violations of other laws and makes them independently actionable as unlawful business practices.

### (b)     Evidence

Defendants have violated and are continuing to violate the federal Controlled Substances Act and other related laws, statutes and ordinances by cultivating, distributing and selling cannabis. Defendants also made fraudulent misrepresentations about the identities of the occupants and the purported legality of marijuana cultivation. They attempted to convince Plaintiff Zhang to sell the Property at a substantially undervalued price and with the risks of a seller carry-back loan. They also threatened Mrs. Zhang's life.

### (B)     Defendants' Counterclaims and Affirmative Defenses

Defendants have asserted counterclaims against each other, but no defendant has asserted a counterclaim against Plaintiff Zhang

### (i)     Defendants Realty One Group and Jihui (Lucky) Luo's Affirmative Defenses

Pursuant to the Scheduling Order [Docket No. 70], the parties were required to exchange proposed jury instructions on January 4, 2021.  In their Answer, these Defendants asserted seventeen so-called affirmative defenses.  When they exchanged proposed jury instructions, however, they only proposed jury instructions for the following affirmative defenses.  If these Defendants intend to pursue additional affirmative defenses, Plaintiff Zhang will rely on the following evidence: (i) Plaintiff Zhang at all times relied on the advice and representations of Defendants; (2) Plaintiff Zhang did not engage in any wrongful conduct; and (iii) Plaintiff Zhang was not aware of the wrongful conduct being conducted by the Defendants.

### (a)     Mitigation of Damages Elements

PLAINTIFF SHUANG YING (NANCY) ZHANG'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

The defendant has the burden of proving by a preponderance of the evidence:

1.  That the plaintiff failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

### Evidence

Plaintiff Zhang will rely on the following evidence:  (i) Plaintiff Zhang at all times relied on the advice and representations of Defendants; (2) Plaintiff Zhang did not engage in any wrongful conduct; and (iii) Plaintiff Zhang was not aware of the wrongful conduct being conducted by the Defendants and therefore had no duty or opportunity to mitigate her damages.

### (b)    Comparative Fault

### Elements

The defendant has the burden of proving by a preponderance of the evidence:

1. That Plaintiff, Shuang Ying (Nancy) Zhang was negligent; and

2. That Plaintiff, Shuang Ying (Nancy) Zhang's negligence was a substantial factor in causing her harm.

### Evidence

Plaintiff Zhang will rely on the following evidence:  (i) Plaintiff Zhang at all times relied on the advice and representations of Defendants; (2) Plaintiff Zhang did not engage in any wrongful conduct; and (iii) Plaintiff Zhang was not aware of the wrongful conduct being conducted by the Defendants.

### (c)    Unclean Hands

### Elements

The defendant has the burden of proving by clear and convincing the evidence:

No one can take advantage of his own wrong.' In other words, she who comes into court must come with clean hands. A plaintiff must act fairly in the matter for which she seeks monetary damages. Stated otherwise, relief is barred to a plaintiff who has violated principles of fairness, good conscience or good faith.

15

A finding of unclean hands is required when a plaintiff seeking damages has violated a duty of good faith or has acted unconscionably in connection with the same subject matter or relationship out of which the litigant claims a right to damages. If you find such a violation of good faith or conscience, then you should find that Plaintiff, Shuang Ying (Nancy) Zhang is not entitled to recover damages in this action.

The only conduct on which you may make a finding of unclean hands is that conduct directly related to the subject matter or relationship at issue in this litigation. Unclean hands does not mean that someone is a bad person in general or in some other respect; you may find unclean hands only if you find a direct connection between the alleged unclean hands conduct and the facts of this case.

### Evidence

Plaintiff Zhang will rely on the following evidence:  (i) Plaintiff Zhang at all times relied on the advice and representations of Defendants; (2) Plaintiff Zhang did not engage in any wrongful conduct; and (iii) Plaintiff Zhang was not aware of the wrongful conduct being conducted by the Defendants.

### (i)  Defendants A-Z Realty and Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan

Pursuant to the Scheduling Order [Docket No. 70], the parties were required to exchange proposed jury instructions on January 4, 2021.  In their Answer, these Defendants asserted fifty-five so-called affirmative defenses.  When they exchanged proposed jury instructions, however, they only proposed jury instructions for the following affirmative defenses.  If these Defendants intend to pursue additional affirmative defenses, Plaintiff Zhang will rely on the following evidence:  (i) Plaintiff Zhang at all times relied on the advice and representations of Defendants; (2) Plaintiff Zhang did not engage in any wrongful conduct; and (iii) Plaintiff Zhang was not aware of the wrongful conduct being conducted by the Defendants.

### (a)   Mitigation of Damages

16

**Elements**

The defendant has the burden of proving by a preponderance of the evidence:

1.  That the plaintiff failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

**Evidence**

Plaintiff Zhang will rely on the following evidence:  (i) Plaintiff Zhang at all times relied on the advice and representations of Defendants; (2) Plaintiff Zhang did not engage in any wrongful conduct; and (iii) Plaintiff Zhang was not aware of the wrongful conduct being conducted by the Defendants and therefore had no duty or opportunity to mitigate her damages.

**(b)    Comparative Fault**

**Elements**

The defendant has the burden of proving by a preponderance of the evidence:

1. That Plaintiff, Shuang Ying (Nancy) Zhang was negligent; and

2. That Plaintiff, Shuang Ying (Nancy) Zhang's negligence was a substantial factor in causing her harm.

**Evidence**

Plaintiff Zhang will rely on the following evidence:  (i) Plaintiff Zhang at all times relied on the advice and representations of Defendants; (2) Plaintiff Zhang did not engage in any wrongful conduct; and (iii) Plaintiff Zhang was not aware of the wrongful conduct being conducted by the Defendants.

**(i)    Defendants Ming Wing Lam and Shi Dan Chen**

Pursuant to the Scheduling Order [Docket No. 70], the parties were required to exchange proposed jury instructions on January 4, 2021.  In their Answer, these Defendants asserted six and eight so-called affirmative defenses, respectively. These Defendants, however, failed to exchange any proposed jury instructions.  If these Defendants intend to pursue affirmative defenses, Plaintiff Zhang will rely on

PLAINTIFF SHUANG YING (NANCY) ZHANG'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

the following evidence:  (i) Plaintiff Zhang at all times relied on the advice and representations of Defendants; (2) Plaintiff Zhang did not engage in any wrongful conduct; and (iii) Plaintiff Zhang was not aware of the wrongful conduct being conducted by the Defendants.

**(C)   Potential Evidentiary Issues**

Plaintiff Zhang has set forth the potential evidentiary issues she foresees at this time in the three motions *in limine* that she filed on January 28, 2021.

**(D)   Potential Issues of Law**

Plaintiff Zhang has set forth the potential issues of law she foresees at this time her Motion *in Limine* No. 3 that she filed on January 28, 2021.

**(E)   Bifurcation of Issues**

Plaintiff is not requesting the bifurcation of any issues.

**(F)   Jury Trial**

Plaintiff Zhang's position is that all issues are triable to a jury as a matter of right and that she made t timely demand for a jury trial at the time she filed her Complaint on May 10, 2019.

**(G)   Attorneys' Fees**

Plaintiff Zhang is entitled to attorneys' fees under the following claims:  (1) RICO Violations, 18 U.S.C. §§ 1962(c)-(d); (ii) Pursuant to Welfare & Institutions Code § 15657(a), Mrs. Zhang is entitled to recover her attorneys' fees as part of her elder abuse claim; (iii) Pursuant to Welfare & Institutions Code § 15657.5(a)&(c), Mrs. Zhang is entitled to recover her attorneys' fees as part of her financial elder abuse claim; and (iv) breach of contract under California Code of Civil Procedure § 1717.

The facts supporting the right to Plaintiff Zhang's entitlement to attorneys' fees are set forth *supra* in Sections I.A.(i), (v), and (vii).

**(H)   Abandonment of Issues**

Plaintiff Zhang is not abandoning any of the claims alleged in her Complaint.

18

1  DATED:  February 4, 2021

2                          FINLAYSON TOFFER ROOSEVELT & LILLY LLP

3

4                          By   _____/s/ Scott B. Lieberman_____

5                                                 Scott B. Lieberman

6                                            Attorneys for Plaintiff
7                                    SHUANG YING (NANCY) ZHANG

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF SHUANG YING (NANCY) ZHANG'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1
2

<u>CERTIFICATE OF SERVICE</u>

3

       I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 15615 Alton Parkway, Suite 250, Irvine, California 92618.  I am a registered user of the CM/ECF system for the United States District Court for the Central District of California.

4
5

       On February 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  To the best of my knowledge, all counsel to be served in this action are registered CM/ECF users and will be served by the CM/ECF system.

6
7
8

       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

9

       Executed on February 4, 2021, at Irvine, California.

10
11
12

                         */s/ Scott B. Lieberman*
                              Scott B. Lieberman

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28