MANSOUR LAW GROUP, APLC
John F. Mansour (SBN 204835)
john@mansourlawgroup.com
Steven G. Candelas (SBN 269112)
steven@mansourlawgroup.com
8280 Utica Avenue, Suite 150
Rancho Cucamonga, California 91730
Phone: (909) 941-1611
Fax: (909) 941-1811

Attorneys for Plaintiff A-Z REALTY & INVESTMENTS,
DONGYAN (ANNIE) ZHENG, and JENNIFER WHELAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUANG YING (NANCY) ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>A-Z REALTY & INVESTMENT CORP., a California corporation; DONGYAN (ANNIE) ZHENG, an individual; JENNIFER WHELAN, an individual; REALTY ONE GROUP, INC., a California corporation; JIHUI (LUCKY) LUO, an individual, SHI DAN CHEN, and individual; MING-WING LAM, an individual; FU LONG ZHENG, an individual; and DOES 1-30, inclusive,<br><br>Defendants. | Case No. 5:19-CV-00887-KK<br><br>Assigned to the Honorable Kenly Kato<br>Courtroom: 3/4<br><br>**DEFENDANTS A-Z REALTY & INVESTMENT CORP, DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (LOCAL RULE 16-4)**<br><br>**Pretrial Conference:**<br>Date:     February 25, 2021<br>Time:     10:00a.m.<br>Courtroom: 3/4 – Riverside<br><br>Filed:     May 10, 2019<br>Trial Date:  March 15, 2021 |

Pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 16 and Central District Local Rule 16-4, Defendants A-Z REALTY & INVESTMENT CORP, DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN ("A-Z Defendants") submit the following Memorandum of Contentions of Fact and Law.

## CLAIMS AND DEFENSES (L.R. 16-4.1)

### A.  SUMMARY OF PLAINTIFF'S CLAIMS (L.R. 16-4.1(a)-(c)):

Plaintiff's Complaint states the following twelve causes of action against the A-Z Defendants as follows: (1) RICO Violations; (2) Breach of Fiduciary Duty; (3) Fraud; (4) Negligent Misrepresentation; (5) Breach of Property Management Agreement; (6) Trespass; (7) Nuisance; (8) Elder Abuse; (9) Financial Elder Abuse; (10) Intentional Infliction of Emotional Distress; (11) Negligence; (12) Violation of B & P Code § 17200.

### (1)  RICO Violations:

Plaintiff alleges that beginning no later than February 2017 and continuing thereafter, Defendants, all of whom are persons within the meaning of 18 U.S.C. § 1961(3), formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) by establishing contractual, business and other relationships with each other and otherwise collaborating to use the Property for the commercial cultivation, processing, distribution and sale of marijuana.

To recover under the Racketeer Influenced and Corrupt Organizations Act (RICO, 18 U.S.C. § 1962(c)), a plaintiff must prove (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts,") (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation.

**Description of Key Evidence in Opposition to RICO Violations Claim:**

The essence of Plaintiff's RICO claim against A-Z Defendants is that they were involved in the marijuana cultivation at the Property and distribution of same, which is a federal offense. Plaintiff has attempted to use the timeline of interaction

between Plaintiff and the A-Z Defendants and as evidence of the A-Z Defendants' involvement in the tenants' criminal enterprise. However, the timeline is more likely to show the A-Z Defendants' diligence and lack of involvement. Prior to tenants moving into the Property, tenants paid (1) pro-rated February 2017 rent; (2) March 2017 rent; and (3) the security deposit.  All contact up to that point had been with tenant's agent, Defendants Realty One Group and Lucky Luo, which is not unusual where tenants have an agent working on their behalf.

After move-in, Ms. Zheng of the A-Z Defendants received a text from the person she believed was tenant, Wu, and he asked for information to switch over utilities into his name.  The information was provided by text message.  On or about March 30, 2017 the person Ms. Zheng believed was Wu called and asked for the address to hand-deliver April 2017's rent, and also asked Ms. Zheng for "other rental opportunities."  April 2017's rent was paid.  On April 30, 2017, the person claiming to be Wu hand-delivered May's rent.  Up to this point the A-Z Defendants had absolutely no reason to suspect anything was amiss and had a duty to allow tenants to quietly enjoy the Property.  On May 9, 2017 one of the contractors the A-Z Defendants use asked Ms. Zheng if she had 3000 square foot properties for rent. The contractor explained that "Chinese" clients like to lease these types of properties to grow marijuana.  Ms. Zheng told the contractor she was not interested but began suspecting such activity with properties she was managing, including the subject Property.  Prior to that she had not heard of such matters.  Ms. Zheng immediately called Plaintiff and told her about her concerns.  Ms. Zheng then called and texted Wu, who did not respond.  On May 10, 2017 Ms. Zheng drove to the Property and posted a Notice of Entry.  She saw that all windows and doors were fully blacked out and reported same to Plaintiff.  "Wu" then called Ms. Zheng and admitted they were growing marijuana in the Property but that they had a "doctor's note to grow up to 200 plants each."  "Wu" agreed to have Ms. Zheng inspect the Property on May 11, 2017 and Ms. Zheng urged Plaintiff and her son to join the

2

inspection.  Plaintiff and her son declined.  Ms. Zheng took photographs at time of inspection to document the condition of the Property.

Ms. Zheng then found information online about the rules and regulations of marijuana growing and sent this information to Plaintiff.  She also called the state and local authorities, who told her that a new law had passed in January 2018 allowing for growing marijuana and the Murrieta police department told her that they would not likely arrest the tenants if they had the proper paperwork and that this would be a civil matter.  Ms. Zheng also called an eviction attorney in an effort to obtain information regarding Plaintiff's rights.

Ms. Zheng reported all of this to Plaintiff. Plaintiff told her they were open to allowing tenants to stay in exchange for increased rent. At that time Plaintiff, her son and her husband were all communicating with the A-Z Defendants about the situation.

On May 12, 2017, Ms. Zheng told Plaintiff and her family that they had three options: (1) Report the matter to authorities; (2) Evict tenant; or (3) Negotiate new rental terms. At that time, Ms. Zheng told Plaintiff that if she continued to rent to tenants then she, the A-Z Defendants, would quit as property manager. Plaintiff opted for more rent after begging Ms. Zheng not to quit.

On May 13, 2018, Plaintiff told Ms. Zheng tenants could stay if they paid $20,000.00 more in deposit and increased the rent to $5,000.00 per month.  Ms. Zheng felt bad for Plaintiff because she and her husband had health issues and agreed to stay on as property manager.  The tenants paid $10,000.00, first half of the increased deposit and began paying $5,000.00 per month in rent.  These monthly payments were tendered directly to Plaintiff.  In October 2018 Ms. Zheng contacted tenants for the second $10,000.00 installment of increased security deposit.  Tenants asked for a second year of lease.  After numerous phone calls, Plaintiff verbally agreed to sign a year lease extension with tenants if tenants paid the second installment of $10,000.00 toward the $20,000.00 deposit.  Tenants made such

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
(LOCAL RULE 16-4)

payment in October 2017.  In January 2018, Plaintiff and her son advised Ms. Zheng that they decided not to sign the year extension because they found a clipping stating the federal government is cracking down on marijuana and they were concerned. However, Plaintiff instructed Ms. Zheng to allow tenants to stay until February 2018 to collect all rent due.  At that time, Ms. Zheng put tenants on notice that they must vacate by end of existing lease term.

The tenants then called and texted Ms. Zheng and became upset that Plaintiff was going back on her word to allow them to stay another year.  The tenants asked for an extension through April 2018 in order to harvest the recent crop.  Plaintiff, by this point believing the marijuana grow operation was illegal, nonetheless asked for an addition $100,000.00 and in exchange the tenants would be allowed to remain through the end of April 2018.  The tenants declined.  Plaintiff then offered to sell the Property to tenants for $480,000.00 and after some discussion tenants verbally agreed to pay $450,000.00 and to close by March 5, 2018.  However, when the time came, tenants vanished.

The A-Z Defendants will testify to the above and such testimony is inconsistent with engagement in any criminal conspiracy.

### (2)   Breach of Fiduciary Duty:

The A-Z Defendants are Plaintiff's fiduciary by taking on the responsibility of acting as Plaintiff's agent and managing her Property. Plaintiff alleges that the A-Z Defendants failed to act as a reasonably careful property manager would have acted under the same or similar circumstances, that Plaintiff was harmed, and that the A-Z Defendants were a substantial factor in causing Plaintiff's harm. Plaintiff specifically alleges that the A-Z Defendants mislead Plaintiff as to the identity of the tenants and failed to act in Plaintiff's best interest with regard to removal or eviction of the occupants and suggested sale to them.

**Description of Key Evidence in Opposition to Breach of Fiduciary Duty Claim:**

1    The tenant's application was of Miaoyun Wu and Xin Li, and was sent

2    through their agent, Defendant Jihui Luo, working for Defendant Realty One Group.

3    The credit reports provided evidenced that the credit score for Xin Li was over 750

4    (on balance) and bank statements evidenced a Chase bank account holding

5    $65,000.00.  Likewise, Xin Li had high bank balances with Bank of America and

6    FICO scores over 650.  According to the A-Z Defendants, Plaintiff also reviewed

7    the tenant applications and was satisfied. Wu and Li gave A-Z a story that they were

8    restaurant owners in Los Angeles and were opening a restaurant in the Lake

9    Elsinore area.

10    Unfortunately, Wu and Li were mere straw tenants for the true occupiers,

11    Defendants Shi Dan Chen and Wing Lam, who proceeded to grow marijuana in the

12    Property and caused damage to the Property. However, very little from the tenant

13    applications would put the A-Z Defendants on notice that Wu and Li were not the

14    true tenants. Plaintiff's standard of care expert testified in general that certain

15    inconsistencies on the applications were overlooked by the A-Z Defendants, but

16    such information was corroborated by Defendant Realty One Group. Moreover,

17    according to the A-Z Defendants, once they discovered that tenants were growing

18    marijuana at the Property, they gave Plaintiff the option to evict the tenants and

19    Plaintiff chose otherwise.

20    Accordingly, the A-Z Defendants acted reasonably under the circumstances,

21    Plaintiff was not harmed by the actions of the A-Z Defendant – informing, and

22    keeping Plaintiff informed, as to what transpired at the Property, presenting Plaintiff

23    with options as to remedy the situation and potentially evict the tenant/occupiers –

24    therefore, the A-Z Defendants' actions were not a substantial factor in causing the

25    harm Plaintiff alleges.

26    **(3&4)**    **Fraud/Negligent Misrepresentation:**

27    "The elements of fraud that will give rise to a tort action for deceit are:

28    "'(a) misrepresentation (false representation, concealment, or nondisclosure);

5

(b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, internal quotation marks omitted.)

**Description of Key Evidence in Opposition to Fraud/Negligent Misrepresentation Claim:**

Such claim by Plaintiff is allegedly connected to representations of the A-Z Defendants to the tenants' true identities. As discussed above, the facts do not establish that the A-Z Defendants knew that Wu and Li were straw tenants and a front for Defendants Chen and Lam, nor that the A-Z Defendants misled Plaintiff of those facts.

**(5)** **Breach of Property Management Agreement:**

To recover damages for a cause of action for Breach of the Property Management Agreement, Plaintiff must prove all of the following: (1) that Plaintiff and Defendant A-Z Realty & Investment Corp. entered into a Property Management Agreement; (2) that Plaintiff did all, or substantially all, of the significant things that the Property Management Agreement required her to do; (3) that all the conditions required by the contract for Defendant A-Z Realty & Investment Corp.'s performance had occurred or were excused; (4) that Defendant A-Z Realty & Investment Corp. did something that the Property Management Agreement prohibited it from doing; and (5) that Plaintiff was harmed by Defendant A-Z Realty & Investment Corp.'s actions. (CACI 303.)

**Description of Key Evidence in Opposition to Breach of Property Management Agreement Claim:**

Plaintiff alleges that A-Z Realty materially breached the Property Management Agreement by failing to rent the Property to a qualified tenant, failing to use due diligence in the performance of its obligations under the Property Management Agreement, failing to make, cause to be made, and/or supervise

repairs, improvements, or alterations to the Property, failing to receive and maintain a security deposit, and failing to remit funds owed to Plaintiff.

The claim alleges clients' failure to rent the Property to qualified tenants. As stated above, the applicants appeared qualified.

**(6)     Trespass:**

To establish a claim for Trespass, Plaintiff must prove all of the following: (1) that Plaintiff owned the property; (2) that Defendants entered Plaintiff's property; (3) that Plaintiff did not give permission for the entry or that Defendants exceeded Plaintiff's permission; (4) that Plaintiff was actually harmed; and (5) that the A-Z Defendants' entry was a substantial factor in causing Plaintiff's harm. (CACI 2000.)

**Description of Key Evidence in Opposition to Trespass Claim:**

This claim appears unfounded against the A-Z Defendants at this time, and the A-Z Defendants doubt that Plaintiff will be able to satisfy her burden as to a claim of Trespass. The A-Z Defendants are hopeful Plaintiff will withdrawn her claim for Trespass, so as not to waste the Court's valuable resources.

**(7)     Nuisance:**

Plaintiff claims that she suffered harm because Defendants created a nuisance. To establish this claim, Plaintiff must prove all of the following: (1) that Plaintiff owned the property; (2) that Defendants, by acting or failing to act, created a condition or permitted a condition to exist that was an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property to Plaintiff's property; (3) that Defendants' conduct in acting or failing to act was intentional and unreasonable; (4) that this condition substantially interfered with Plaintiff's use or enjoyment of her land; (5) that an ordinary person would reasonably be annoyed or disturbed by Defendants' conduct; (6) that Plaintiff did not consent to Defendants' conduct; (7) that Plaintiff was harmed; (8) that Defendants' conduct was a substantial factor in causing Plaintiff's harm; and (9) that

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (LOCAL RULE 16-4)

1    the seriousness of the harm outweighs the public benefit of Defendants' conduct.

2    (CACI 2021.)

3    **Description of Key Evidence in Opposition to Nuisance Claim:**

4    As with Plaintiff's claim for Trespass, Plaintiff's claim for Nuisance also

5    appears unfounded against the A-Z Defendants at this time, and the A-Z Defendants

6    doubt that Plaintiff will be able to satisfy her burden as to a claim of Nuisance. The

7    A-Z Defendants are equally hopeful that Plaintiff will withdrawn her claim for

8    Nuisance, so as not to waste the Court's valuable resources.

9    **(8)**    **Elder Abuse:**

10    Plaintiff alleges that Defendants violated California Welfare & Institutions

11    Code§ 15656(b) by making direct and indirect threats against Plaintiff's life,

12    including stating and implying that if she refused to continue to rent the Property to

13    them, failed to cooperate with the gangsters, or reported the marijuana enterprise to

14    law enforcement, she would be killed.

15    **Description of Key Evidence in Opposition to Elder Abuse:**

16    The A-Z Defendants received such threat from presumably either Defendants

17    Lam or Chen and simply forwarded such information to Plaintiff as is their fiduciary

18    duty to her under the Property Management Agreement. The A-Z Defendants made

19    no threats to Plaintiff.

20    **(9)**    **Financial Elder Abuse:**

21    To establish this claim, Plaintiff must prove that all of the following are more

22    likely to be true than not: (1t) that the A-Z Defendants took, appropriated, and

23    retained, or assisted other Defendants in taking, appropriating and retaining,

24    Plaintiff's property; (2) that Plaintiff was 65 years of age or older at the time of

25    Defendants' conduct; (3) that the A-Z Defendants took, appropriated, and retained,

26    or assisted other Defendants in taking, appropriating and retaining, Plaintiff's

27    property with the intent to defraud Plaintiff; (4) that Plaintiff was harmed; and (5)

28

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND
JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
(LOCAL RULE 16-4)

that the A-Z Defendants' conduct was a substantial factor in causing Plaintiff's harm. (Welf. & Inst.Code, § 15610.30; CACI 3100.)

**Description of Key Evidence in Opposition to Financial Elder Abuse:**

The facts of the matter as currently posited do not support any allegation that the A-Z Defendants took or misappropriated any of Plaintiff's property.

**(10)   Intentional Infliction of Emotional Distress:**

As explained above, there does not seem to be evidence at this time of intentional acts by our clients to harm Plaintiff.

**(11)   Negligence:**

Plaintiff Zhang claims that she was harmed by the A-Z Defendants' negligence. To establish this claim, Plaintiff must prove all of the following: (1) that the A-Z Defendants were negligent; (2) that Plaintiff Zhang was harmed; and (3) that the A-Z Defendants' negligence was a substantial factor in causing Plaintiff's harm. (CACI 400.)

**Description of Key Evidence in Opposition to Negligence Claim:**

Plaintiff's Negligence claim against the A-Z Defendants mirrors her claim for Breach of Fiduciary Duty, thus the same facts are relevant.

The tenant's application was of Miaoyun Wu and Xin Li were provided by their agent, Defendant Jihui Luo, working for Defendant Realty One Group, and nothing in the applications would put the A-Z Defendants on notice that Wu and Li were not the true tenants.  Further, Plaintiff reviewed the tenant applications and was satisfied.

Once the A-Z Defendants discovered that tenants were growing marijuana at the Property, they gave Plaintiff the option to evict the tenants and Plaintiff chose otherwise.

Accordingly, the A-Z Defendants acted reasonably under the circumstances, Plaintiff was not harmed by the actions of the A-Z Defendant, and the actions of the A-Z Defendants' were not a substantial factor in causing the harm Plaintiff alleges.

1    **(12)    Violation of B & P Code § 17200:**

2        California Business & Professions Code §17200 prohibits any "unlawful,

3    unfair or fraudulent business act or practice" and any "unfair, deceptive, untrue or

4    misleading advertising."  "[A]ny unlawful, unfair or fraudulent business act or

5    practice is deemed to be unfair competition." (*Podosky v. First Healthcare Corp.*,

6    (1996) 50 Cal.App.4th 632, 647).

7        **Description of Key Evidence in Opposition to Violation of B & P Code §**

8    **17200:**

9        The facts of the matter as currently posited do not support any allegation that

10   the A-Z Defendants engaged in any unlawful, unfair or fraudulent business act or

11   practice.  The A-Z Defendants were Plaintiff's fiduciary as her property managers.

12   Defendant Jihui Luo, working for Defendant Realty One Group submitted the

13   applications of Miaoyun Wu and Xin Li for tenancy, and the A-Z Defendants

14   presented these applications to Plaintiff for review.  Plaintiff reviewed the tenant

15   applications and was satisfied.

16       Unfortunately, Wu and Li were mere straw tenants for the true occupiers,

17   Defendants Shi Dan Chen and Wing Lam, who proceeded to grow marijuana in the

18   Property and caused damage to the Property. However, very little from the tenant

19   applications would put the A-Z Defendants on notice that Wu and Li were not the

20   true tenants. Once the A-Z Defendants discovered that tenants were growing

21   marijuana at the Property, they immediately notified Plaintiff and the option to evict

22   the tenants, but Plaintiff chose otherwise.

23       When threats were made to Plaintiff, the A-Z Defendants informed Plaintiff

24   because it was their duty as property managers, not for the purpose of making

25   threats to Plaintiff, which will come through in testimony.

26       Accordingly, the A-Z Defendants acted reasonably under the circumstances,

27   and did not engage in any unlawful, unfair or fraudulent business act or practice.

28

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND
JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
(LOCAL RULE 16-4)

**B.    SUMMARY OF DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES (L.R. 16-4.1(d)-(f)):**

The A-Z Defendants did not plead any counterclaims against Plaintiff. The A-Z Defendants and the Realty One Defendants (REALTY ONE GROUP, INC., and JIHUI (LUCKY) LUO) filed crossclaims against all other Defendants in the matter for indemnification.

The The A-Z Defendants pled the following affirmative defenses:

**1.    Summary of Defenses Defendant Plans to Pursue:**

**First Affirmative Defense:** The Complaint fails to state facts sufficient to constitute a cause of action against the A-Z Defendants.

**Elements:** "[F]ailure to state a claim is not an affirmative defense; it is a defect in a plaintiff's claim and not an additional set of facts that would bar recovery notwithstanding the plaintiff's valid prima facie case." (*Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013).) "This allegation asserts a defect in [plaintiff's] case and should properly be brought as a motion to dismiss." (*Ross v. Morgan Stanley Smith Barney, LLC*, 2013 WL 1344831, *3 (C.D. Cal. 2013).)

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Second Affirmative Defense:** Plaintiff is estopped from the assertion of each of the causes of action in the Complaint due to Plaintiff's own actions and conduct.

**Elements:** Four elements must ordinarily be proved to establish an estoppel: (1) the party to be estopped must know the facts, (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended, (3) the party asserting the estoppel must be ignorant of the true state of the facts, and (4) he must rely upon the conduct to his injury. *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Café & Takeout III,*

*Ltd.* (1994) 30 Cal.App.4th 54, 59; *Insurance Co. of the West v. Haralambos Beverage Co.* (1987) 195 Cal.App.3d 1308, 1321.

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** Please see prior discussion above regarding Plaintiff's knowingly accepting additional rent and security deposits in exchange for allowing tenants to remain and continue growing marijuana.

**Third Affirmative Defense:** The Complaint has unreasonably delayed in bringing this action to the prejudice of this answering Defendants and is, therefore, barred pursuant to the doctrine of laches.

**Elements:** Laches is an equitable defense. It consists of a failure on the part of a plaintiff to assert her rights in a timely fashion accompanied by a period of delay with consequent results prejudicial to the defendant; in proper circumstances, it constitutes an equitable bar to the maintenance of a plaintiff's alleged cause of action. A mere delay, considered alone, does not usually constitute laches; normally, in order to be an effective bar, the delay must be disadvantageous to a defendant, and constitute a quasi-estoppel. (*Cahill v. Superior Court*, 145 Cal. 42; Swart v. Johnson, 48 Cal. App. 2d 829; 18 Cal.Jur.2d, Laches, § 36, p. 201.)

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** By allowing time to pass prior to bring her Complaint, Plaintiff and Defendants have been prejudiced in their ability to locate and identify all of the true occupants responsible for the marijuana operation.

**Fourth Affirmative Defense:** Prior to commencement of this action, the A-Z Defendants duly and fairly performed, satisfied and discharged all duties and obligations they may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by or on behalf of the A-Z Defendants, and this action is, therefore, barred by the applicable provisions of law and the California Civil Code.

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (LOCAL RULE 16-4)

1  **Elements:** "'[P]erformance means that there has been no willful departure
2  from the terms of the contract, and no omission of any of its essential parts, and that
3  the contractor has in good faith performed all of its substantive terms. If so, he will
4  not be held to have forfeited his right to a recovery by reason of trivial defects or
5  imperfections in the work performed.'" (*Connell v. Higgins* (1915) 170 Cal. 541,
6  556 [150 P. 769], citation omitted.)

7  **Brief Description of Key Evidence in Support of the Standing**
8  **Affirmative Defense:** Defendants will establish that they performed under the terms
9  of the Property Management Agreement.

10  **<u>Fifth Affirmative Defense</u>:** By the terms of any applicable contract,
11  modifications and/or novations thereof, if any exists, and by the conduct of the
12  parties involved, the A-Z Defendants are relieved of any and all responsibility for
13  any and all claims and damages alleged in the Complaint.

14  **Elements:** "A novation is a substitution, by agreement, of a new obligation
15  for an existing one, with intent to extinguish the latter. A novation is subject to the
16  general rules governing contracts and requires an intent to discharge the old
17  contract, a mutual assent, and a consideration." (*Klepper v. Hoover* (1971) 21
18  Cal.App.3d 460, 463.)

19  Because this is not a defense that carries a specific burden of proof, there are
20  no elements or evidence to identify individually.

21  **<u>Sixth Affirmative Defense</u>:** Prior to the commencement of this action,
22  Plaintiff did not justifiably rely upon any conduct or representations made by
23  Defendants herein.

24  **Elements:** Defendants must establish that Plaintiff did not justifiably rely
25  upon any conduct or representations made by Defendants (*B.L.M. v. Sabo & Deitsch*
26  (1997) 55 Cal.App.4th 823, 834, internal citations omitted.)

27  **Brief Description of Key Evidence in Support of the Standing**
28  **Affirmative Defense:** Please see prior discussion above regarding Plaintiff's

knowingly accepting additional rent and security deposits in exchange for allowing tenants to remain and continue growing marijuana.

**Seventh Affirmative Defense:** The Complaint is barred by the doctrine of accord and satisfaction.

**Elements:** Reaching a new agreement to resolve a dispute over a previous agreement is called reaching an "accord." Once the money is paid under the new agreement the accord is satisfied. Defendants must establish that Plaintiff reached new agreement, that Defendants "satisfied" the new accord, but the plaintiff sued you anyway. (California Civil Code section 1521.)

Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Eighth Affirmative Defense:** The Complaint is barred by the doctrine of waiver.

**Elements:** "Waiver is the intentional relinquishment of a known right after knowledge of the facts." (*Roesch v. De Mota* (1944) 24 Cal.2d 563, 572.)

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** Please see prior discussion above regarding Plaintiff's knowingly accepting additional rent and security deposits in exchange for allowing tenants to remain and continue growing marijuana.

**Ninth Affirmative Defense:** The Complaint is barred by the doctrine of release.

**Elements:** To be enforceable, the release must be clear and unambiguous and must not contravene public policy.  Moreover, the injury-producing act or event must be reasonably related to the purpose for which plaintiff released defendant. (Sweat v. Big Time Auto Racing, Inc. (2004) 117 Cal.App.4th 1301, 1304-1305; *Zipusch v. LA Workout, Inc*. (2007) 155 Cal.App.4th 1281, 1287-1289.)

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** Please see prior discussion above regarding Plaintiff's

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (LOCAL RULE 16-4)

1  knowingly accepting additional rent and security deposits in exchange for allowing
2  tenants to remain and continue growing marijuana.

3      **Tenth Affirmative Defense:** At all times mentioned in the Complaint,
4  Defendants substantially performed on all obligations and requirements according to
5  the terms of any contract with Plaintiff.

6      **Elements:** "'Substantial performance means that there has been no willful
7  departure from the terms of the contract, and no omission of any of its essential
8  parts, and that the contractor has in good faith performed all of its substantive terms.
9  If so, he will not be held to have forfeited his right to a recovery by reason of trivial
10  defects or imperfections in the work performed.'" (*Connell v. Higgins* (1915) 170
11  Cal. 541, 556 [150 P. 769], citation omitted.)

12      **Brief Description of Key Evidence in Support of the Standing**
13  **Affirmative Defense:** Defendants will establish that they performed under the terms
14  of the Property Management Agreement.

15      **Eleventh Affirmative Defense:** Plaintiff is barred from any recovery herein
16  as to the A-Z Defendants, in that any damage proven to have been sustained by
17  Plaintiff herein would be the direct and proximate result of the independent
18  negligence of independent third parties or their agents, and not of any act or
19  omission on the part of the A-Z Defendants.

20      **Elements:** "'A superseding cause is an act of a third person or other force
21  which by its intervention prevents the actor from being liable for harm to another
22  which his antecedent negligence is a substantial factor in bringing about.' If the
23  cause is superseding, it relieves the actor from liability whether or not that person's
24  negligence was a substantial factor in bringing about the harm." (*Brewer v.Teano*
25  (1995) 40 Cal.App.4th 1024, 1031 [47 Cal.Rptr.2d 348], internal citation omitted;
26  see Restatement 2d of Torts, § 440.)

27      **Brief Description of Key Evidence in Support of the Standing**
28  **Affirmative Defense:** The A-Z Defendants will establish that the negligence of the

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND
JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
(LOCAL RULE 16-4)

Realty One Defendants allowed the occupants to use of Wu and Li as straw tenants, gain access to the Property, and establish the grow operation.

**Twelfth Affirmative Defense:** The Complaint, and each cause of action thereof, is barred by virtue of Plaintiff's own conduct, in causing the damages Plaintiff alleged, under the doctrine of unclean hands.

**Elements:** "[T]he unclean hands doctrine … is an equitable rationale for refusing a plaintiff relief where principles of fairness dictate that the plaintiff should not recover, *regardless of the merits* of his claim." (*Kendall-Jackson Winery, Ltd. v. Sup.Ct.* (*E. & J. Gallo Winery*) (1999) 76 CA4th 970, 985 (emphasis added) — doctrine applies to both legal and equitable actions.)

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** Please see prior discussion above regarding Plaintiff's knowingly accepting additional rent and security deposits in exchange for allowing tenants to remain and continue growing marijuana.

**Thirteenth Affirmative Defense:** Defendants possess equitable and legal rights of offset against Plaintiff so that any recovery must be reduced by the amount of such claims.

**Elements:** If the plaintiff owes you money and you want the court to credit the amount you are owed by the plaintiff against the amount you owe the plaintiff, you can raise the defense of "offset." (Code of Civil Procedure § 431.70.)

Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Fourteenth Affirmative Defense:** Plaintiff's Complaint is barred by the doctrine of estoppel.

**Elements:** Four elements must ordinarily be proved to establish an estoppel: (1) the party to be estopped must know the facts, (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended, (3) the party asserting the estoppel must be

16

ignorant of the true state of the facts, and (4) he must rely upon the conduct to his injury. *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Café & Takeout III, Ltd.* (1994) 30 Cal.App.4th 54, 59; *Insurance Co. of the West v. Haralambos Beverage Co.* (1987) 195 Cal.App.3d 1308, 1321.

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** Please see prior discussion above regarding Plaintiff's knowingly accepting additional rent and security deposits in exchange for allowing tenants to remain and continue growing marijuana.

**Fifteenth Affirmative Defense:** The A-Z Defendants are informed and believe, and thereupon allege, that any damages of Plaintiff are inflated in that the nature and extent of injuries and damages purportedly suffered by Plaintiff as a result of the events described in the Complaint are excessive, unreasonable and unnecessary.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Sixteenth Affirmative Defense:** At all times mentioned in the Complaint, Plaintiff has not suffered damage as a direct and proximate result of Defendants' conduct.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Seventeenth Affirmative Defense:** Plaintiff is barred from recovering from Defendants on any one of the causes of action alleged in the Complaint because there is no proximate causal relationship between any damages claimed and any act or omission by Defendants.

**Elements:** Plaintiff must prove that the A-Z Defendants' actions were a substantial factor in causing it to suffer harm. (*Yaesu Electronics Corp. v. Tamura* (1994) 28 Cal.App.4th 8, 13; see *Mehrtash v. Mehrtash* (2001) 93 Cal.App.4th 75, 80.)

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
(LOCAL RULE 16-4)

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Eighteenth Affirmative Defense:** Plaintiff is barred from recovering from the A-Z Defendants herein as Defendants complied with all applicable codes, statutory requirements and regulations.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Nineteenth Affirmative Defense**: Plaintiff is barred from recovering from Defendants on any of the causes of action alleged in the Complaint as Plaintiff's alleged reliance on Defendants' representations were not a substantial factor in causing any harm to Plaintiff.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Twentieth Affirmative Defense:** Plaintiff is barred from recovering from Defendants on any of the causes of action alleged in the Complaint as Defendants lacked any knowledge of false representations and lacked any intent to defraud Plaintiff.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Twenty-First Affirmative Defense:** Plaintiff is barred from recovering from Defendants on any of the causes of action alleged in the Complaint as Defendants' statements to Plaintiff are based on Defendants' opinions and not representations of fact.

**Elements:** Because fthis is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Twenty-Second Affirmative Defense:** At all times herein mentioned, the A-Z Defendants fully disclosed to Plaintiff all facts concerning the nature of the

transactions, and Defendants fully recognized and accepted the terms of the transactions that are the subject of this litigation.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Twenty-Third Affirmative Defense:** If Plaintiff suffered or sustained the loss, damage, injury, harm, expense, diminution or deprivation alleged, the same was caused in whole or in part or contributed to by the negligence of Plaintiff.

**Elements:** Comparative negligence is not a "defense" to liability per se but, rather, reduces plaintiff's recoverable damages according to plaintiff's share of fault. [See generally, Li v. Yellow Cab Co. of Calif. (1975) 13 C3d 804, 828-829, 119 CR 858, 875; 6 Witkin, Summary of California Law, Torts §§ 1484-1492]

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** Please see prior discussion above regarding Plaintiff's knowingly accepting additional rent and security deposits in exchange for allowing tenants to remain and continue growing marijuana.

**Twenty-Fourth Affirmative Defense:** All acts of the A-Z Defendants, as alleged in the Complaint if in fact done, were done in good faith, pursuant to reasonable business justifications.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Twenty-Fifth Affirmative Defense:** Plaintiff's Complaint is barred by an intervening cause and the conduct of third parties.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Twenty-Sixth Affirmative Defense:** The A-Z Defendants alleges that Plaintiff has failed to mitigate their damages.

**Elements:** "It has been the policy of the courts to promote the mitigation of damages. The doctrine applies in tort, wilful as well as negligent. A plaintiff cannot

19

be compensated for damages which he could have avoided by reasonable effort or expenditures." (*Green v. Smith* (1968) 261 Cal.App.2d 392, 396 [67 Cal.Rptr.796], internal citations omitted.)

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

(Model Civ. Jury Instr. 9th Cir. 5.3 (2017 ed., updated June 2020).)

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** The A-Z Defendants intend to introduce evidence that not only did Plaintiff fail to maintain homeowner's insurance of no less than $1,000,000.00, in breach of the Property Management Agreement, but that Plaintiff never tendered a claim on the homeowner's insurance, failing to mitigate her alleged damages.

**<u>Twenty-Seventh and Twenty-Eighth Affirmative Defense:</u>** Other parties or entities, unrelated to these Defendants, whether or not current parties to this action, proximately caused the damages, if any, alleged in the Complaint. Should any damages be awarded, they must be apportioned among all such other persons or entities.

Other parties or entities, unrelated to these Defendants, whether or not current parties to this action, proximately caused the damages, if any, alleged in the Complaint. Such parties are or will be contractually or by implication obligated to indemnify these Defendants for any damages awarded to Plaintiff against the A-Z Defendants.

**Elements:** "In general, indemnity refers to 'the obligation resting on one party to makegood a loss or damage another party has incurred.' Historically, the obligation of indemnity took three forms: (1) indemnity expressly provided for by

20

contract(express indemnity); (2) indemnity implied from a contract not specifically mentioning indemnity (implied contractual indemnity); and (3) indemnity arising from the equities of particular circumstances (traditional equitable indemnity).[¶ ] Although the foregoing categories of indemnity were once regarded as distinct, we now recognize there are only two basic types of indemnity: express indemnity and equitable indemnity. Though not extinguished, implied contractual indemnity is now viewed simply as 'a form of equitable indemnity.'" (*Prince v.Pacific Gas & Electric Co.* (2009) 45 Cal.4th 1151, 1157, internal citations omitted.)

The A-Z Defendants claim that they were required to incur attorneys' fees and costs to defend against allegations of Plaintiff's complaint and that Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING WING LAM must reimburse the A-Z Defendants for such attorneys' fees and costs.

To recover from that Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING WING LAM, the A-Z Defendants must prove both of the following:

1. That the A-Z Defendants are not responsible in any way for Plaintiff's damages or loss; and

2. That the A-Z Defendants incurred Attorneys' fees and costs to defend its interest against Plaintiff.

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** The A-Z Defendants will establish that the negligence of the Defendants REALTY ONE GROUP, INC., and JIHUI (LUCKY) LUO, and the actions of SHI DAN CHEN, and/OR MING WING LAM to establish the grow operation caused Plaintiff's damages, and that the the A-Z Defendants are not responsible in any way. Further, the A-Z Defendants will establish that they have incurred Attorneys' fees and costs to defend its interest against Plaintiff.

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (LOCAL RULE 16-4)

**Twenty-Ninth Affirmative Defense:** As a separate affirmative defense to the Complaint, and to each and every cause of action alleged against the A-Z Defendants, the A-Z Defendants allege that the acts of which they have been accused were not the proximate cause of any damages allegedly suffered by the Plaintiff, damages are instead attributable to the acts of others, including Plaintiff, over which the A-Z Defendants have no control.  In the event that these Defendants are found liable for any damages asserted by Plaintiff, the A-Z Defendants are entitled to have their liability, if any, diminished in proportion to the damages attributable to the culpable conduct of such persons or entities other than the A-Z Defendants.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Thirtieth Affirmative Defense:** Plaintiff's claims are barred by the parol evidence rule. (C.C.P. § 1856)

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Thirty-First Affirmative Defense:** Plaintiff is estopped to assert any claim against the A-Z Defendants by virtue of their own negligence.

**Elements:** Plaintiff's negligence reduces plaintiff's recovery in proportion to her share of fault. (See generally, *Li v. Yellow Cab Co. of Calif.* (1975) 13 Cal.3d 804, 824; 6 Witkin, Summary of California Law, Torts §§ 1484-1492, 1517-1536.)

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** Please see prior discussion above regarding Plaintiff's knowingly accepting additional rent and security deposits in exchange for allowing tenants to remain and continue growing marijuana.

**Thirty-Second Affirmative Defense:** Defendants allege that Plaintiff is estopped to recover on her claims by virtue of their own unjust enrichment in accepting the benefit of the transactions complained of in the Complaint.

1    **Elements:** Because this is not a defense that carries a specific burden of
2    proof, there are no elements or evidence to identify individually.

3    **<u>Thirty-Third Affirmative Defense</u>:** Plaintiff's actions are barred by their
4    failure to join indispensable parties.

5    **Elements:** Because this is not a defense that carries a specific burden of
6    proof, there are no elements or evidence to identify individually.

7    **<u>Thirty-Fourth Affirmative Defense</u>*:** The A-Z Defendants allege that
8    Plaintiff is not entitled to the relief sought against Defendants in that Defendants
9    consented to and have authorized Plaintiff's alleged use of the SUBJECT
10   PROPERTY.

11   **Elements:** Because this is not a defense that carries a specific burden of
12   proof, there are no elements or evidence to identify individually.

13   **<u>Thirty-Fifth Affirmative Defense</u>:** The A-Z Defendants allege that should
14   these Defendants in any manner be legally responsible for the damages, if any,
15   sustained by Plaintiff which the A-Z Defendants specifically deny, then such
16   damages were proximately caused or contributed to by other parties in this case,
17   whether served or unserved, and/or by other persons or entities not presently parties
18   to this action, and it is necessary that a proportionate degree of negligence of fault of
19   each and every other said person or entity, whether or not made party to this action,
20   be determined and prorated, and that any judgment that might be rendered against
21   the A-Z Defendants be reduced not only by that degree of negligence found to exist
22   as to Plaintiff, but by the total of the degree of negligence and/or fault found to exist
23   as to other persons or entities.

24   **Elements:** Because this is not a defense that carries a specific burden of
25   proof, there are no elements or evidence to identify individually.

26   **<u>Thirty-Sixth Affirmative Defense</u>:** Plaintiff's Complaint lacks standing to
27   assert the causes of action set forth in Plaintiff's Complaint.

28

1    **Elements:** Article III of the Constitution limits the authority of the federal

2 court to actual cases and controversies. (*Lujan v. Defenders of Wildlife*, 504 U.S.

3 555, 559 (1992).) To bring a case within the jurisdiction of the federal court,

4 Plaintiffs must prove the following three elements:

5        1. Plaintiffs have suffered a concrete injury;

6        2. That injury is fairly traceable to Defendants' actions; and

7        3. Plaintiffs; injuries can be redressed by judicially ordered relief.

8        See *Lujan,* 504 U.S. at 559-61.

9        **Brief Description of Key Evidence in Support of the Standing**

10 **Affirmative Defense:** Plaintiffs' standing to bring this lawsuit is, largely, a question

11 of law. But key evidence which supports that Plaintiff lacks standing is present in

12 the prior discussion above regarding Plaintiff's knowingly accepting additional rent

13 and security deposits in exchange for allowing tenants to remain and continue

14 growing marijuana.  If, as Plaintiff alleges, a RICO case exists, Plaintiff participated

15 and profited from the additional rent and deposits.

16        **Thirty-Seventh Affirmative Defense:** The Complaint, and each of the

17 purported causes of action contained in it alleged against the A-Z Defendants is

18 barred due to Plaintiff's failure to act.

19        **Elements:** Because this is not a defense that carries a specific burden of

20 proof, there are no elements or evidence to identify individually.

21        **Thirty-Eighth Affirmative Defense:** The Complaint, and each of the

22 purported causes of action contained in it alleged against the A-Z Defendants, is

23 barred as Plaintiff has not suffered damages.

24        **Elements:** Because this is not a defense that carries a specific burden of

25 proof, there are no elements or evidence to identify individually.

26        **Thirty-Ninth Affirmative Defense:** The claims of the Plaintiff are barred by

27 the Business Judgment Rule.

28

**Elements:** Business Judgment Rule: A corporate director or officer is insulated from liability if he or she acts in good faith, following reasonable inquiry if required, based on information, opinions, reports or statements obtained from or prepared by corporate personnel or advisors, including:

— officers or employees whom the director believes to be reliable and competent;

— counsel, independent accountants or other experts;

— board committees, as to matters within their designated authority.

[Corps.C. § 309; see *Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1044 (collecting cases); *Smith v. Sup.Ct.* (Bonita Park Homeowners Ass'n) (1990) 217 Cal.app.3d 950, 953-954,—purpose of Corps.C. § 309 is "to relieve a person from any liability by reason of being or having been a director of a corporation, if that person has exercised his duties in the manner contemplated by" § 309; *Palm Springs Villas II Homeowners Ass'n, Inc. v. Parth* (2016) 248 Cal.App.4th 268, 278-280.)

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** Defendants Zheng and Whelan will introduce evidence that they were acting in good faith, following reasonable inquiry if required, based on information, opinions, reports or statements obtained from or prepared by corporate personnel or advisors

**Fortieth Affirmative Defense:** The A-Z Defendants' conduct as alleged in the Complaint were excused by Plaintiff's prior material breaches of its agreement with and duties to the A-Z Defendants.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**<u>Forty-First Affirmative Defense:</u>** No alleged act or omission of Defendants were in violation of any fundamental or substantial public policy.

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
(LOCAL RULE 16-4)

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Forty-Second Affirmative Defense:** Plaintiff breached the covenant of good faith and fair dealing with the A-Z Defendants, which breach bars any recovery against the A-Z Defendants.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Forty-Third Affirmative Defense:** Plaintiff filed this action in bad faith and for improper motives and should be denied any recovery because of their actions.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Forty-Fourth Affirmative Defense:** The A-Z Defendants' conduct was privileged or justified.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Forty-Fifth Affirmative Defense:** The A-Z Defendants are informed and believe, and thereupon allege, that if Plaintiff suffered or sustained any loss, damage or injury as alleged, which is denied, the same was occasioned by a risk which the Plaintiff knowingly and voluntarily assumed.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Forty-Sixth Affirmative Defense:** The claims of the Plaintiff are barred by their own fraud.

**Elements:** Fraud may be asserted as an affirmative defense: "One who has been induced to enter into a contract by false and fraudulent representations may rescind the contract; or he may affirm it, keeping what he has received under it, and maintain an action to recover damages he has sustained by reason of the fraud; or he

may set up such damages as a complete or partial defense if sued on the contract by the other party." (*Grady v. Easley* (1941) 45 Cal.App.2d 632, 642.)

**Brief Description of Key Evidence in Support of the Standing Affirmative Defense:** Please see prior discussion above regarding Plaintiff's knowingly accepting additional rent and security deposits in exchange for allowing tenants to remain and continue growing marijuana.

**Forty-Eighth Affirmative Defense:** the A-Z Defendants allege compliance and/or substantial compliance with the law. *Blank v. Kirwan* (1985) 39 Cal.3rd 311; *People v. Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Forty-Ninth Affirmative Defense:** Plaintiff is barred from recovery of damages because she did not rely on Defendants' actions and if they did rely, such reliance was not reasonable or justified.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Fiftieth Affirmative Defense:** The Complaint is barred by the doctrines of novation/accord and satisfaction.

"A novation is a substitution, by agreement, of a new obligation for an existing one, with intent to extinguish the latter. A novation is subject to the general rules governing contracts and requires an intent to discharge the old contract, a mutual assent, and a consideration." (*Klepper v. Hoover* (1971) 21 Cal.App.3d 460, 463.)

Reaching a new agreement to resolve a dispute over a previous agreement is called reaching an "accord." Once the money is paid under the new agreement the accord is satisfied. Defendants must establish that Plaintiff reached new agreement, that Defendants "satisfied" the new accord, but the plaintiff sued you anyway. (California Civil Code section 1521.)

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Fifty-Second Affirmative Defense:** Defendants did not knowingly agree to facilitate any scheme, fraudulent enterprise, or conspiracy.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Fifty-Third Affirmative Defense:** Defendants had no knowledge or awareness of the essential nature or scope of any fraudulent enterprise or conspiracy.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Fifty-Fourth Affirmative Defense:** Plaintiff's claim for punitive damages violate these Defendants' due process of law rights.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**Fifty-Fifth Affirmative Defense:** The A-Z Defendants presently do not have sufficient knowledge or information upon which to form a belief as to whether the A-Z Defendants may have additional, as yet unstated, defenses available. The A-Z Defendants reserves their right to assert additional defenses in the event discovery indicates that they would be appropriate.

**Elements:** Because this is not a defense that carries a specific burden of proof, there are no elements or evidence to identify individually.

**C.     EVIDENTIARY AND LEGAL ISSUES (L.R. 16.4-1(g)-(i)):**

**1.     Anticipated Evidentiary Issues:**

The A-Z Defendants filed one motion in limine to bar testimony and evidence of liability insurance.  Plaintiff filed motions in limine (1) to exclude evidence related to homeowner's insurance; (2) to exclude portions of the proposed expert

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (LOCAL RULE 16-4)

testimony of Alan D. Wallace; and (3) to exclude argument by counsel that Plaintiff broke any law.

**2.    Anticipated Issues of Law:**

Plaintiff Zhang has set forth the potential issues of law she foresees at this time her Motion *in Limine* No. 3 that she filed on January 28, 2021.

**3.    Bifurcation of Issues (L.R. 16-4.3)**

The A-Z Defendants are not requesting any bifurcation of issues at this time.

**4.    JURY TRIAL (L.R. 16-4.4)**

The A-Z Defendant demanded a jury trial in their Answer (Dkt. No. 76).

**5.    Attorney's Fees (L.R. 16-4.5)**

The Property Management Agreement contains a prevailing party attorney's fees clause, but only concerning payment of commission. However, Plaintiff may recover attorney's fees based on the elder abuse statutes. As provided for above, such claims against the A-Z Defendants are likely to fail.

**6.    Abandonment Of Issues (L.R. 16-4.6)**

None.

Dated: February 4, 2021                MANSOUR LAW GROUP, APLC

By /s/ Steven G. Candelas

Steven G. Candelas, Attorney for Defendants A-Z REALTY AND INVESTMENT, DONGYAN (ANNIE) ZHENG, and JENNIFER WHELAN

DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (LOCAL RULE 16-4)

1

## **CERTIFICATE OF SERVICE**

2

3

4

5

      I am over the age of eighteen years and am not a party to the within action. I am employed in the County of San Bernardino, State of California, at MANSOUR LAW GROUP, APLC, and my business address is 8280 Utica Avenue, Suite 150, Rancho Cucamonga, California 91730.  I am a registered user of the CM/ECF system for the United States District Court for the Central District of California.

6

7

8

      On February 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  To the best of my knowledge, all counsel to be served in this action are registered CM/ECF users and will be served by the CM/ECF system.

9

10

      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

11

12

13

                            */s/ Steven G. Candelas*
                              Steven G. Candelas

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
CERTIFICATE OF SERVICE