SCOTT B. LIEBERMAN, Cal. Bar No. 208764
  *slieberman@ftrlfirm.com*
T. KEVIN ROOSEVELT, Cal. Bar No. 205485
  *kroosevelt@ftrlfirm.com*
**FINLAYSON TOFFER**
**ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 250
Irvine, California 92618
Telephone:  949-759-3810
Facsimile:   949-759-3812

Attorneys for Plaintiff
SHUANG YING (NANCY) ZHANG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUANG YING (NANCY) ZHANG, | Case No. 5:19-CV-00887-KK |
| Plaintiff, | Judge: Hon. Kenly Kiya Kato |
| v. | |
| A-Z REALTY & INVESTMENT CORP., a California corporation; DONGYAN (ANNIE) ZHENG, an individual; JENNIFER WHELAN, an individual; REALTY ONE GROUP, INC., a California corporation; JIHUI (LUCKY) LUO, an individual, SHI DAN CHEN, and individual; MING-WING LAM, an individual; FU LONG ZHENG, an individual; and DOES 1-30, inclusive, | **[PROPOSED] SET OF AGREED UPON JURY INSTRUCTIONS** Complaint Filed:   May 10, 2019 Trial Date:            March 15, 2021 |
| Defendants. | |

1    Pursuant to the Honorable Kenly Kato's Scheduling Order (Docket No. 70),

2  the Parties, by and through their undersigned counsel[1], submit the following set of

3  agreed upon jury instructions to be read to the jury prior to and after the presentation

4  of evidence at the trial scheduled for March 15, 2021.

5  DATED: February 11, 2021

6                                                    FINLAYSON TOFFER ROOSEVELT & LILLY LLP

7

8                                          By _____ /s/ Scott B. Lieberman _____

9                                                                Scott B. Lieberman

10                                                        Attorneys for Plaintiff

11                                                   SHUANG YING (NANCY) ZHANG

12  DATED: February 11, 2021

13                                                    MANSOUR LAW GROUP, APLC

14

15                                          By _____ /s/ Steven G. Candelas _____

16                                                                Steven G. Candelas

17                                                        Attorneys for Defendants

18                                                   A-Z REALTY & INVESTMENT CORP.,
                                                     DONGYAN (ANNIE) ZHENG, AND JENNIFER
19                                                                WHELAN

20

21

22

23

24

---

[1] Counsel for Defendant Shi Dan Chen and counsel for Defendant Ming-Wing Lam did not
25  exchange any pretrial documents with counsel for the other parties as required by the
     Court's Civil Trial Scheduling Order.  Starting last week, Plaintiff's counsel has requested
26  on multiple occasions that counsel for Defendants Chen and Lam provide any proposed
     inclusions to the joint pretrial documents.  As of the date of this submission, Plaintiff's
27  counsel has not received a response from counsel for Defendant Chen or Defendant Lam.
     Therefore, their electronic signatures are not affixed to any of the joint pretrial
28  documents.

1   DATED:  February 11, 2021

2                                          LYNBERG & WATKINS
3                                          A Professional Corporation

4
                                           By _____
5                                                    */s/ Tamara M. Heathcote*
                                                     Tamara M. Heathcote
6
7                                          Attorneys for Defendants
                                           REALTY ONE GROUP, INC. AND JIHUI
8                                          (LUCKY) LUO

9
10  DATED:  February 11, 2021

11                                         FRAZEE LAW GROUP

12

13                                         By _____
14                                                   RoseAnn Frazee

15                                         Attorneys for Defendant
16                                         SHI DAN CHEN

17  DATED:  February 11, 2021

18                                         LAW OFFICES OF GREGORY W. PATTERSON

19

20                                         By _____
21                                                   Gregory W. Patterson

22                                         Attorneys for Defendant
23                                         MING-WING LAM

24

25

26

27

28

                                          2

## DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Authority:  Instruction 1.2, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

## DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authority:  Instruction 1.3, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

---

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

## DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.


Authority:  Instruction 1.4, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that Defendants are liable for the damages caused to her and her property based on the following legal claims: RICO violations under 18 U.S.C. sections 1962(c) and (d), Breach of Fiduciary Duty, Intentional Fraud and Deceit, Negligent Misrepresentation, Breach of Property Management Agreement, Trespass and Wrongful Occupancy, Nuisance, Elder Abuse, Financial Elder Abuse, Intentional Infliction of Emotional Distress, Negligence, and Statutory Unfair Competition in Violation of California Business & Professions Code section 17200. Plaintiff's claim for Breach of Fiduciary Duty is asserted only as to Defendants A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan. Plaintiff's claim for Breach of Property Management Agreement is asserted only as to Defendant A-Z Realty and Investment Corp.  The plaintiff has the burden of proving these claims.

The Defendants deny those claims and have asserted various affirmative defenses to those claims.  The Defendants have the burden of proof on those affirmative defenses.  The Plaintiff denies Defendants' affirmative defenses.

Defendants A-Z Realty and Investment Corp. and Realty One Group, Inc. each have claims for indemnity against one another.  Both of those Defendants deny those claims as well.

Authority:  Instruction 1.5, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  Instruction 1.6, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

1

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

2     When a party has the burden of proving any claim or defense by clear and

3 convincing evidence, it means that the party must present evidence that leaves you

4 with a firm belief or conviction that it is highly probable that the factual contentions

5 of the claim or defense are true.

6 This is a higher standard of proof than proof by a preponderance of the evidence, but

7 it does not require proof beyond a reasonable doubt.

8

9 Authority:  Instruction 1.7, Ninth Circuit Manual of Model Jury Instructions (Civil)

10 2017 Edition (last updated September 2020)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

2        You should decide the case as to each defendant separately. Unless otherwise

3   stated, the instructions apply to all parties.

4

5   Authority:  Instruction 1.8, Ninth Circuit Manual of Model Jury Instructions (Civil)

6   2017 Edition (last updated September 2020)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I [may instruct] [have instructed] you to accept as proved.

Authority:  Instruction 1.9, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Authority:  Instruction 1.10, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

---
PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

Authority:  Instruction 1.11, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

1

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

2      Evidence may be direct or circumstantial. Direct evidence is direct proof of a

3 fact, such as testimony by a witness about what that witness personally saw or heard

4 or did. Circumstantial evidence is proof of one or more facts from which you could

5 find another fact. You should consider both kinds of evidence. The law makes no

6 distinction between the weight to be given to either direct or circumstantial

7 evidence. It is for you to decide how much weight to give to any evidence.

8 Example:

9      If you wake up in the morning and see that the sidewalk is wet, you may find

10 from that fact that it rained during the night. However, other evidence, such as a

11 turned on garden hose, may provide a different explanation for the presence of water

12 on the sidewalk. Therefore, before you decide that a fact has been proved by

13 circumstantial evidence, you must consider all the evidence in the light of reason,

14 experience and common sense.

15

16 Authority:  Instruction 1.12, Ninth Circuit Manual of Model Jury Instructions (Civil)

17 2017 Edition (last updated September 2020)

18

19

20

21

22

23

24

25

26

27

28

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority:  Instruction 1.13, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1      The weight of the evidence as to a fact does not necessarily depend on the

2  number of witnesses who testify. What is important is how believable the witnesses

3  were, and how much weight you think their testimony deserves.

4

5  Authority:  Instruction 1.14, Ninth Circuit Manual of Model Jury Instructions (Civil)

6  2017 Edition (last updated September 2020)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CONDUCT OF THE JURY

2    I will now say a few words about your conduct as jurors.

3    First, keep an open mind throughout the trial, and do not decide what the

4 verdict should be until you and your fellow jurors have completed your deliberations

5 at the end of the case.

6    Second, because you must decide this case based only on the evidence

7 received in the case and on my instructions as to the law that applies, you must not

8 be exposed to any other information about the case or to the issues it involves during

9 the course of your jury duty. Thus, until the end of the case or unless I tell you

10 otherwise:

11       Do not communicate with anyone in any way and do not let anyone else

12       communicate with you in any way about the merits of the case or anything to

13       do with it. This includes discussing the case in person, in writing, by phone or

14       electronic means, via email, text messaging, or any internet chat room, blog,

15       website or application, including but not limited to Facebook, YouTube,

16       Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.

17       This applies to communicating with your fellow jurors until I give you the

18       case for deliberation, and it applies to communicating with everyone else

19       including your family members, your employer, the media or press, and the

20       people involved in the trial, although you may notify your family and your

21       employer that you have been seated as a juror in the case, and how long you

22       expect the trial to last. But, if you are asked or approached in any way about

23       your jury service or anything about this case, you must respond that you have

24       been ordered not to discuss the matter and report the contact to the court.

25

26    Because you will receive all the evidence and legal instruction you properly

27 may consider to return a verdict: do not read, watch or listen to any news or media

28 accounts or commentary about the case or anything to do with it[,although I have no

17

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority:  Instruction 1.15, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

**PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Authority:  Instruction 1.16, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.


Authority:  Instruction 1.17, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

1

**TAKING NOTES**

2       If you wish, you may take notes to help you remember the evidence. If you do

3  take notes, please keep them to yourself until you go to the jury room to decide the

4  case. Do not let notetaking distract you. When you leave, your notes should be left

5  in the [courtroom] [jury room] [envelope in the jury room]. No one will read your

6  notes.

7       Whether or not you take notes, you should rely on your own memory of the

8  evidence.

9       Notes are only to assist your memory. You should not be overly influenced by

10  your notes or those of other jurors.

11

12  Authority:  Instruction 1.18, Ninth Circuit Manual of Model Jury Instructions (Civil)

13  2017 Edition (last updated September 2020)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Authority:  Instruction 1.19, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:  Instruction 1.20, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

1

**OUTLINE OF TRIAL**

2       Trials proceed in the following way: First, each side may make an opening

3   statement.

4       An opening statement is not evidence. It is simply an outline to help you

5   understand what that party expects the evidence will show. A party is not required to

6   make an opening statement.

7       The plaintiff will then present evidence, and counsel for the defendant may

8   cross-examine. Then the defendant may present evidence, and counsel for the

9   plaintiff may cross-examine.

10      After the evidence has been presented, I will instruct you on the law that

11  applies to the case and the attorneys will make closing arguments.

12      After that, you will go to the jury room to deliberate on your verdict.

13

14  Authority:  Instruction 1.21, Ninth Circuit Manual of Model Jury Instructions (Civil)

15  2017 Edition (last updated September 2020)

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You must therefore treat these facts as having been proved.

Authority:  Instruction 2.2, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

1

## DEPOSITION IN LIEU OF LIVE TESTIMONY

2   A deposition is the sworn testimony of a witness taken before trial. The

3   witness is placed under oath to tell the truth and lawyers for each party may ask

4   questions. The questions and answers are recorded. [When a person is unavailable to

5   testify at trial, the deposition of that person may be used at the trial.]

6   The deposition of [name of witness] was taken on [date]. Insofar as possible,

7   you should consider deposition testimony, presented to you in court in lieu of live

8   testimony, in the same way as if the witness had been present to testify.

9   [Do not place any significance on the behavior or tone of voice of any person

10   reading the questions or answers.]

11

12   Authority:  Instruction 2.4, Ninth Circuit Manual of Model Jury Instructions (Civil)

13   2017 Edition (last updated September 2020)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TRANSCRIPT OF RECORDING IN ENGLISH**

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

Authority:  Instruction 2.5, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

**TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE**

You [are about to [hear] [watch]] [have heard] [watched]] a recording in [specify foreign language] language. Each of you [has been] [was] given a transcript of the recording that has been admitted into evidence. The transcript is an English-language translation of the recording.

Although some of you may know the [specify foreign language] language, it is important that all jurors consider the same evidence. The transcript is the evidence, not the foreign language spoken in the recording. Therefore, you must accept the interpreter's translation contained in the transcript and disregard any different meaning of the non-English words.

Authority:  Instruction 2.6, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

# FOREIGN LANGUAGE TESTIMONY

You [are about to hear] [have heard] testimony of a witness who [will be testifying] [testified] in the Mandarin Chinese language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Mandarin Chinese language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

Authority:  Instruction 2.8, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority:  Instruction 2.9, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

## USE OF INTERROGATORIES

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Authority:  Instruction 2.11, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

## USE OF REQUESTS FOR ADMISSION

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

Authority:  Instruction 2.12, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

# EXPERT OPINION

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority:  Instruction 2.13, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

1    **CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

2        Certain charts and summaries not admitted into evidence [may be] [have

3    been] shown to you in order to help explain the contents of books, records,

4    documents, or other evidence in the case. Charts and summaries are only as good as

5    the underlying evidence that supports them.

6    You should, therefore, give them only such weight as you think the underlying

7    evidence deserves.

8

9    Authority:  Instruction 2.14, Ninth Circuit Manual of Model Jury Instructions (Civil)

10   2017 Edition (last updated September 2020)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority:  Instruction 2.15, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer

provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authority:  Instruction 2.16, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Instruction 3.1, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

## CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority:  Instruction 3.2, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Authority:  Instruction 3.3, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

1

# READBACK OR PLAYBACK

2      Because a request has been made for a [readback][playback] of the testimony

3 of [witness's name] it is being provided to you, but you are cautioned that all

4 [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis

5 of one portion of the testimony. [Therefore, you will be required to hear all the

6 witness's testimony on direct and cross-examination, to avoid the risk that you

7 might miss a portion bearing on your judgment of what testimony to accept as

8 credible.] [Because of the length of the testimony of this witness, excerpts will be

9 [read] [played].] The [readback] [playback] could contain errors. The [readback]

10 [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of

11 the live testimony. Your recollection and understanding of the testimony controls.

12 Finally, in your exercise of judgment, the testimony [read] [played] cannot be

13 considered in isolation, but must be considered in the context of all the evidence

14 presented.

15

16 Authority:  Instruction 3.4, Ninth Circuit Manual of Model Jury Instructions (Civil)
17 2017 Edition (last updated September 2020)

18

19

20

21

22

23

24

25

26

27

28

## ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.

Authority:  Instruction 3.6, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

# POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.]

Authority:  Instruction 3.9, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

Authority:  Instruction 4.1, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

1
2

# LIABILITY OF CORPORATIONS – SCOPE OF
# AUTHORITY NOT IN ISSUE

3        Under the law, a corporation is considered to be a person. It can only act
4  through its employees, agents, directors, or officers. Therefore, a corporation is
5  responsible for the acts of its employees, agents, directors, and officers performed
6  within the scope of authority.

7

8  Authority:  Instruction 4.2, Ninth Circuit Manual of Model Jury Instructions (Civil)
9  2017 Edition (last updated September 2020)

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
**AGENT AND PRINCIPAL – DEFINITION**

2      An agent is a person who performs services for another person under an

3 express or implied agreement and who is subject to the other's control or right to

4 control the manner and means of performing the services. The other person is called

5 a principal. [One may be an agent without receiving compensation for services.]

6 [The agency agreement may be oral or written.]

7

8 Authority:  Instruction 4.4, Ninth Circuit Manual of Model Jury Instructions (Civil)

9 2017 Edition (last updated September 2020)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **AGENT – SCOPE OF AUTHORITY DEFINED**

2
3
4

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

5
6
7

Authority:  Instruction 4.5, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RATIFICATION**

A purported principal who ratifies the acts of someone who was purporting to act as the principal's agent will be liable for the acts of that purported agent, provided that the principal made a conscious and affirmative decision to approve the relevant acts of the purported agent while in possession of full and complete knowledge of all relevant events.

Authority:  Instruction 4.7, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

**ACT OF AGENT IS ACT OF PRINCIPAL–**

**SCOPE OF AUTHORITY NOT IN ISSUE**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

Authority:  Instruction 4.8, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The mental, physical emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter; and

The reasonable value of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.

[The lesser of the following:

1. the reasonable cost of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or

2. the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]

[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]

It is for you to determine what damages, if any, have been proved.

51

1         Your award must be based upon evidence and not upon speculation,

2    guesswork or conjecture.

3

4    Authority:  Instructions 5.1 and 5.2, Ninth Circuit Manual of Model Jury

5    Instructions (Civil) 2017 Edition (last updated September 2020)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DAMAGES – MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

Authority:  Instruction 5.3, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

1          [In addition, you may consider the relationship of any award of punitive

2    damages to any actual harm inflicted on the plaintiff.]

3          [You may impose punitive damages against one or more of the defendants

4    and not others, and may award different amounts against different defendants.]

5          [Punitive damages may be awarded even if you award plaintiff only nominal,

6    and not compensatory, damages.]

7

8    Authority:  Instruction 5.5, Ninth Circuit Manual of Model Jury Instructions (Civil)

9    2017 Edition (last updated September 2020)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar

Authority:  Instruction 5.6, Ninth Circuit Manual of Model Jury Instructions (Civil) 2017 Edition (last updated September 2020)

# BREACH OF CONTRACT—INTRODUCTION

Plaintiff Zhang claims that she and A-Z Realty and Investment Corp. entered into a contract for property management services.

Plaintiff Zhang claims that A-Z Realty and Investment Corp. breached this contract by failing to rent her property to a qualified tenant; failing to use due diligence in the performance of its obligations under the property management agreement; failing to make, cause to be made, and/or supervise repairs, improvements, or alterations to the property; failing to receive and maintain a security deposit; and failing to remit funds owed to Plaintiff Zhang.

Plaintiff Zhang also claims that A-Z Realty and Investment Corp.'s breach of this contract caused harm to Plaintiff Zhang for which A-Z Realty and Investment Corp. should pay.

A-Z Realty and Investment Corp. denies the above claims.

Authority:  California Civil Jury Instructions 300 (2021 Edition)

**CONTRACT FORMATION—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff Zhang claims that the parties entered into a contract. To prove that a contract was created, Plaintiff Zhang must prove all of the following:

1. That the contract terms were clear enough that the parties could understand what each was required to do;

2. That the parties agreed to give each other something of value [a promise to do something or not to do something may have value]; and

3. That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If Plaintiff Zhang did not prove all of the above, then a contract was not created.

New September 2003; Revised October 2004, June 2011, June 2014

Authority:  California Civil Jury Instructions 302 (2021 Edition)

**BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS**

To recover damages from A-Z Realty and Investment Corp. for breach of contract, Plaintiff Zhang must prove all of the following:

1. That Plaintiff Zhang and A-Z Realty and Investment Corp. entered into a contract;

2. That Plaintiff Zhang did all, or substantially all, of the significant things that the contract required her to do;

3. That all the conditions required by the contract for A-Z Realty and Investment Corp.'s performance had occurred or were excused;

4. That A-Z Realty and Investment Corp. did something that the contract prohibited it from doing;

5. That Plaintiff Zhang was harmed; and

4. That A-Z Realty and Investment Corp.'s breach of contract was a substantial factor in causing Plaintiff Zhang's harm.

Authority:  California Civil Jury Instructions 303 (2021 Edition) (New September 2003; Revised April 2004, June 2006, December 2010, June 2011, June 2013, June 2015, December 2016, May 2020)

## ORAL OR WRITTEN CONTRACT TERMS

Contracts may be written or oral.

Contracts may be partly written and partly oral.

Oral contracts are just as valid as written contracts.

Authority:  California Civil Jury Instructions 304 (2021 Edition) (New September 2003; Revised December 2013)

1

## INTRODUCTION TO CONTRACT DAMAGES

2       If you decide that Plaintiff Zhang has proved her claim against A-Z Realty

3  and Investment Corp. for breach of contract, you also must decide how much money

4  will reasonably compensate Plaintiff Zhang for the harm caused by the breach. This

5  compensation is called "damages." The purpose of such damages is to put Plaintiff

6  Zhang in as good a position as she would have been if A-Z Realty and Investment

7  Corp. had performed as promised.

8       To recover damages for any harm, Plaintiff Zhang must prove that when the

9  contract was made, both parties knew or could reasonably have foreseen that the

10 harm was likely to occur in the ordinary course of events as result of the breach of

11 the contract.

12      Plaintiff Zhang also must prove the amount of her damages according to the

13 following instructions. She does not have to prove the exact amount of damages.

14 You must not speculate or guess in awarding damages.

15      Plaintiff Zhang claims damages for damage to her property, loss of future

16 rental income and attorneys' fees and costs as provided for in the property

17 management agreement.

18

19 Authority:  California Civil Jury Instructions 350 (2021 Edition) (New September

20 2003; Revised October 2004, December 2010)

21

22

23

24

25

26

27

28

**SPECIAL DAMAGES**

Plaintiff Zhang also claims damages for diminution in value of her property and attorneys' fees and costs as provided for in the property management agreement. To recover for this harm, Plaintiff Zhang must prove that when the parties made the contract, A-Z Realty and Investment Corp. knew or reasonably should have known of the special circumstances leading to the harm.


Authority:  California Civil Jury Instructions 351 (2021 Edition) (New September 2003)

## LOSS OF PROFITS—SOME PROFITS EARNED

To recover damages for lost profits, Plaintiff Zhang must prove that she is reasonably certain she would have earned more profits but for A-Z Realty and Investment Corp.'s breach of the contract.

To decide the amount of damages for lost profits, you must:

1. First, calculate Plaintiff Zhang's estimated total profit by determining the gross amount she would have received if the contract had been performed, and then subtracting from that amount the costs [including the value of the [labor/materials/rents/expenses/interest on loans invested in the business]] Plaintiff Zhang would have had if the contract had been performed;

2. Next, calculate Plaintiff Zhang's actual profit by determining the gross amount she actually received, and then subtracting from that amount Plaintiff Zhang's actual costs [including the value of the [labor/materials/rents/expenses/interest on loans invested in the business]]; and

3. Then, subtract Plaintiff Zhang's actual profit, which you determined in the second step, from her estimated total profit, which you determined in the first step. The resulting amount is Plaintiff Zhang's lost profits.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

Authority:  California Civil Jury Instructions 353 (2021 Edition) (New September 2003)

**PRESENT CASH VALUE OF FUTURE DAMAGES**

To recover for future harm, Plaintiff Zhang must prove that the harm is reasonably certain to occur and must prove the amount of those future damages. The amount of damages for future harm must be reduced to present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. A-Z Realty and Investment Corp. must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Plaintiff Zhang with the amount of her future damages.

You may consider expert testimony in determining the present cash value of future damages. You must use the interest rate of percent agreed to by the parties in determining the present cash value of future damages.

New September 2003; Revised December 2010, June 2013

Authority:  California Civil Jury Instructions 359 (2021 Edition)

1

## **NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS**

2      Plaintiff Zhang claims that she was harmed by the Defendants' negligence. To

3 establish this claim, Plaintiff Zhang must prove all of the following:

4      1. That Defendants were negligent;

5      2. That Plaintiff Zhang was harmed; and

6      3. That Defendants' negligence was a substantial factor in causing Plaintiff

7 Zhang's harm.

8

9 Authority:  California Civil Jury Instructions 400 (2021 Edition) New September

10 2003; Revised February 2005, June 2005, December 2007,

11 December 2011

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Defendants' situation.

Authority:  California Civil Jury Instructions 401 (2021 Edition) New September 2003; Revised May 2020

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

1

## CAUSATION: SUBSTANTIAL FACTOR

2       A substantial factor in causing harm is a factor that a reasonable person would

3   consider to have contributed to the harm. It must be more than a remote or trivial

4   factor. It does not have to be the only cause of the harm.

5       Conduct is not a substantial factor in causing harm if the same harm would

6   have occurred without that conduct.

7

8

9   Authority:  California Civil Jury Instructions 430 (2021 Edition)

10   New September 2003; Revised October 2004, June 2005, December 2005,

11   December 2007, May 2018, May 2020, November 2020

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—ESSENTIAL FACTUAL ELEMENTS

Plaintiff Zhang claims that Defendants' conduct caused her to suffer severe emotional distress. To establish this claim, Plaintiff Zhang must prove all of the following:

1. That Defendants' conduct was outrageous;

2. That Defendants intended to cause Plaintiff Zhang emotional distress and/or acted with reckless disregard of the probability that Plaintiff Zhang would suffer emotional distress, knowing that Plaintiff Zhang was present when the conduct occurred;

3. That Plaintiff Zhang suffered severe emotional distress; and

4. That Defendants' conduct was a substantial factor in causing Plaintiff Zhang's severe emotional distress.

Authority:  California Civil Jury Instructions 1600 (2021 Edition)

New September 2003

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## "Outrageous Conduct" Defined

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Defendants' conduct was outrageous, you may consider, among other factors, the following:

(a) Whether Defendants abused a position of authority or a relationship that gave them real or apparent power to affect Plaintiff Zhang's interests;

(b) Whether Defendants knew that Plaintiff was particularly vulnerable to emotional distress; and

(c) Whether Defendants knew that their conduct would likely result in harm due to mental distress.

Authority:  California Civil Jury Instructions 1602 (2021 Edition)

New September 2003

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### "Reckless Disregard" Defined

Defendants acted with reckless disregard in causing Plaintiff emotional distress if:

1. Defendants knew that emotional distress would probably result from their conduct; or

2. Defendants gave little or no thought to the probable effects of their conduct.

Authority:  California Civil Jury Instructions 1603 (2021 Edition)

New September 2003

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### "Severe Emotional Distress" Defined

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Plaintiff Zhang is not required to prove physical injury to recover damages for severe emotional distress.

Authority:  California Civil Jury Instructions 1604 (2021 Edition)

New September 2003

## INTENTIONAL MISREPRESENTATION

Plaintiff Zhang claims that Defendants made a false representation that harmed her. To establish this claim, Plaintiff Zhang must prove all of the following:

1. That Defendants represented to Plaintiff Zhang that a fact was true;

2. That Defendants' representation was false;

3. That Defendants knew that the representation was false when such Defendant made it, or that such Defendant made the representation recklessly and without regard for its truth;

4. That Defendants intended that Plaintiff Zhang rely on the representation;

5. That Plaintiff Zhang reasonably relied on Defendants' representation;

6. That Plaintiff Zhang was harmed; and

7. That Plaintiff Zhang's reliance on Defendants' representation was a substantial factor in causing her harm.

Authority:  California Civil Jury Instructions 1900 (2021 Edition)
New September 2003; Revised December 2012, December 2013

# NEGLIGENT MISREPRESENTATION

Plaintiff Zhang claims she was harmed because Defendants negligently misrepresented a fact. To establish this claim, Plaintiff Zhang must prove all of the following:

1. That Defendants represented to Plaintiff Zhang that a fact was true;

2. That Defendants' representation was not true;

3. That although Defendants may have honestly believed that the representation was true, Defendants had no reasonable grounds for believing the representation was true when Defendants made it;

4. That Defendants intended that Plaintiff Zhang rely on the representation;

5. That Plaintiff Zhang reasonably relied on Defendants' representation;

6. That Plaintiff Zhang was harmed; and

7. That Plaintiff Zhang's reliance on Defendants' representation was a substantial factor in causing her harm.

Authority:  California Civil Jury Instructions 1903 (2021 Edition)

New September 2003; Revised December 2009, December 2013

# RELIANCE

Plaintiff Zhang relied on Defendants' misrepresentation, concealment, or false promise if:

1. The misrepresentation, concealment, or false promise substantially influenced her to sign the lease in favor of the unauthorized occupants, to permit entry into her property, to refrain from calling the police, to refrain from evicting the occupants, and to extend the term of the lease or offer the property for sale at a substantially reduced price to the unauthorized occupants; and

2. She would probably not have signed the lease in favor of the unauthorized occupants, permitted entry into her property, refrained from calling the police, refrained from evicting the occupants, and extended the term of the lease or offered the property for sale at a substantially reduced price to the unauthorized occupants without the misrepresentation, concealment, or false promise.

It is not necessary for a misrepresentation, concealment, or false promise to be the only reason for Plaintiff Zhang's conduct.

Authority:  California Civil Jury Instructions 1907 (2021 Edition)
New September 2003; Revised December 2013

1

**REASONABLE RELIANCE**

2   In determining whether Plaintiff Zhang's reliance on the misrepresentation,

3 concealment, or false promise was reasonable, she must first prove that the matter

4 was material. A matter is material if a reasonable person would find it important in

5 deciding what to do.

6   If you decide that the matter is material, you must then decide whether it was

7 reasonable for Plaintiff Zhang to rely on the misrepresentation, concealment, or

8 false promise. In making this decision, take into consideration Plaintiff Zhang's

9 intelligence, knowledge, education, and experience.

10   However, it is not reasonable for anyone to rely on a misrepresentation,

11 concealment, or false promise that is preposterous. It also is not reasonable for

12 anyone to rely on a misrepresentation, concealment, or false promise if facts that are

13 within her observation show that it is obviously false.

14

15 Authority:  California Civil Jury Instructions 1908 (2021 Edition)

16 New September 2003; Revised October 2004, December 2013, May 2020

17

18

19

20

21

22

23

24

25

26

27

28

## CONSTRUCTIVE FRAUD (CIV. CODE, § 1573)

Plaintiff Zhang claims that she was harmed because A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan misled her by failing to provide Plaintiff Zhang with complete and accurate information. To establish this claim, Plaintiff Zhang must prove all of the following:

1. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan were Plaintiff Zhang's agent, real estate agent, real estate broker or property manager;

2. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan acted on Plaintiff Zhang's behalf for purposes of leasing and managing her property;

3. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan knew, or should have known, that information related to the occupants of the property was fraudulent, that the occupants intended to grow and sell a substantial amount of marijuana at the property and that the marijuana operation at the property was illegal;

4. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan misled Plaintiff Zhang by failing to disclose this information and/or providing Plaintiff Zhang with information that was inaccurate or incomplete;

5. That Plaintiff Zhang was harmed; and

6. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan conduct was a substantial factor in causing Plaintiff Zhang's harm.

Authority:  California Civil Jury Instructions 4111 (2021 Edition)

New November 2017; Revised May 2020

## PRIVATE NUISANCE—ESSENTIAL FACTUAL ELEMENTS

Plaintiff Zhang claims that she suffered harm because Defendants created a nuisance. To establish this claim, Plaintiff Zhang must prove all of the following:

1. That Plaintiff Zhang owned the property;

2. That Defendants, by acting or failing to act, created a condition or permitted a condition to exist that was harmful to health; was indecent or offensive to the senses; was an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property; or was a fire hazard or potentially dangerous condition to Plaintiff Zhang's property;

3. That Defendants' conduct in acting or failing to act was intentional and unreasonable and/or unintentional, but negligent or reckless and/or the condition that Defendants created or permitted to exist was the result of an abnormally dangerous activity;

4. That this condition substantially interfered with Plaintiff Zhang's use or enjoyment of her land;

5. That an ordinary person would reasonably be annoyed or disturbed by Defendants' conduct;

6. That Plaintiff Zhang did not consent to Defendant's conduct;

7. That Plaintiff Zhang was harmed;

8. That Defendants' conduct was a substantial factor in causing Plaintiff Zhang's harm; and

9. That the seriousness of the harm outweighs the public benefit of Defendants' conduct.

Authority:  California Civil Jury Instructions 2021 (2021 Edition)
New September 2003; Revised February 2007, December 2011, December 2015, June 2016, May 2017, May 2018, May 2019

---

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

## PRIVATE NUISANCE—BALANCING-TEST FACTORS—SERIOUSNESS OF HARM AND PUBLIC BENEFIT

In determining whether the seriousness of the harm to Plaintiff Zhang outweighs the public benefit of Defendants' conduct, you should consider a number of factors.

To determine the seriousness of the harm Plaintiff Zhang suffered, you should consider the following:

a. The extent of the harm, meaning how much the condition Defendants caused interfered with Plaintiff Zhang's use or enjoyment of her property, and how long that interference lasted.

b. The character of the harm, that is, whether the harm involved a loss from the destruction or impairment of physical things that Plaintiff Zhang was using, or personal discomfort or annoyance.

c. The value that society places on the type of use or enjoyment invaded. The greater the social value of the particular type of use or enjoyment of land that is invaded, the greater is the seriousness of the harm from the invasion.

d. The suitability of the type of use or enjoyment invaded to the nature of the locality. The nature of a locality is based on the primary kind of activity at that location, such as residential, industrial, or other activity.

e. The extent of the burden (such as expense and inconvenience) placed on Plaintiff Zhang to avoid the harm.

To determine the public benefit of Defendants' conduct, you should consider:

a. The value that society places on the primary purpose of the conduct that caused the interference. The primary purpose of the conduct means Defendants' main objective for engaging in the conduct. How much social value a particular purpose has depends on how much its achievement generally advances or protects the public good.

1        b. The suitability of the conduct that caused the interference to the nature of

2 the locality. The suitability of the conduct depends upon its compatibility to the

3 primary activities carried on in the locality.

4        c. The practicability or impracticality of preventing or avoiding the invasion.

5

6 Authority:  California Civil Jury Instructions 2022 (2021 Edition)

7 New December 2015

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TRESPASS

Plaintiff Zhang claims that Defendants trespassed on her property. To establish this claim, Plaintiff Zhang must prove all of the following:

1. That Plaintiff Zhang owned the property;

2. That Defendants entered Plaintiff Zhang's property;

3. That Plaintiff Zhang did not give permission for the entry of that Defendants exceeded Plaintiff Zhang's permission;

4. That Plaintiff Zhang was actually harmed; and

5. That Defendants' entry was a substantial factor in causing Plaintiff Zhang's harm.

Authority:  California Civil Jury Instructions 2000 (2021 Edition)

New September 2003; Revised June 2013, May 2020

# DAMAGES FOR ANNOYANCE AND DISCOMFORT—TRESPASS OR NUISANCE

If you decide that Plaintiff Zhang has proved that any Defendant committed a trespass or nuisance, Plaintiff Zhang may recover damages that would reasonably compensate her for the annoyance and discomfort, including emotional distress or mental anguish, caused by the injury to her peaceful enjoyment of the property that she occupied.

New December 2010; Revised November 2017

Authority:  California Civil Jury Instructions 2031 (2021 Edition)

# FINANCIAL ABUSE—ESSENTIAL FACTUAL ELEMENTS (WELF. & INST. CODE, § 15610.30)

Plaintiff Zhang claims that Defendants violated the Elder Abuse and Dependent Adult Civil Protection Act by taking financial advantage of her. To establish this claim, Plaintiff Zhang must prove that all of the following are more likely to be true than not true:

1. That Defendants took and/or appropriated Plaintiff Zhang's property and/or assisted in taking and/or appropriating Plaintiff Zhang's property;

2. That Plaintiff Zhang was 65 years of age or older at the time of the conduct;

3. That Defendants took and/or obtained, or assisted other Defendants in taking and/or obtaining, Plaintiff Zhang's property for a wrongful use or with the intent to defraud or by undue influence;

4. That Plaintiff Zhang was harmed; and

5. That Defendants' conduct was a substantial factor in causing Plaintiff Zhang's harm.

One way Plaintiff Zhang can prove that Defendants took and/or obtained the property for a wrongful use is by proving that Defendants knew or should have known that their conduct was likely to be harmful to Plaintiff Zhang.

Defendants took and/or obtained the property if Plaintiff Zhang was deprived of the property by an agreement regardless of whether the property was held by Plaintiff Zhang.

Authority:  California Civil Jury Instructions 3100 (2021 Edition)
New September 2003; Revised June 2005, October 2008, April 2009, June 2010, December 2013, June 2014

# FINANCIAL ABUSE—"FRAUD" EXPLAINED

"Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact with the intention of depriving Plaintiff Zhang of property or of a legal right or otherwise to cause Plaintiff Zhang injury.

Authority:  California Civil Jury Instructions 3116 (2021 Edition)

New September 2003; Revised October 2008

**FINANCIAL ABUSE—"UNDUE INFLUENCE" EXPLAINED**

"Undue influence" means excessive persuasion that overcomes another person's free will and causes the person to do something or to not do something that causes an unfair result. In determining whether Defendants exerted undue influence on Plaintiff Zhang, you must consider all of the following:

a. Plaintiff Zhang's vulnerability. Factors to consider may include, but are not limited to, incapacity, illness, disability, injury, age, education, impaired mental abilities, emotional distress, isolation, or dependency, and whether Defendants knew or should have known of Plaintiff Zhang's vulnerability.

b. Defendants' apparent authority. Factors to consider may include, but are not limited to, Defendants' position as a fiduciary, family member, care provider, health care professional, legal professional, spiritual adviser, or expert.

c. The actions or tactics that Defendants used. Actions or tactics used may include, but are not limited to, all of the following:

(1) Using affection, intimidation, or coercion.

(2) Initiating changes in personal or property rights, using haste or secrecy in making those changes, making changes at inappropriate times and places, and claiming expertise in making changes.

d. The unfairness of the result. Factors to consider may include, but are not limited to, the economic consequences to Plaintiff Zhang, any change from Plaintiff Zhang's prior intent or course of conduct or dealing, the relationship between any value that Plaintiff Zhang gave up to the value of any services or other consideration that Plaintiff Zhang received, or the appropriateness of the change in light of the length and nature of the relationship between Plaintiff Zhang and Defendants. Evidence of an unfair result, without more, is not enough to prove undue influence.

Authority:  California Civil Jury Instructions 3117 (2021 Edition)
New June 2014

**JURY INSTRUCTION NO. ___**

**"RECKLESSNESS" EXPLAINED**

Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng; Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo;. Shi Dan Chen; and Ming-Wing Lam acted with "recklessness" if they knew it was highly probable that their conduct would cause harm and they knowingly disregarded this risk.

"Recklessness" is more than just the failure to use reasonable care.

**CITATION TO AUTHORITY**:

California CACI Jury Instructions (2021) 3113.

**JURY INSTRUCTION NO. ___**

**"MALICE" EXPLAINED**

"Malice" means that Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng; Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo;. Shi Dan Chen; and Ming-Wing Lam acted with intent to cause injury or that their conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequence.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

**CITATION TO AUTHORITY**:

California CACI Jury Instructions (2021) 3115.

1

**JURY INSTRUCTION NO. ___**

2

**"OPPRESSION" EXPLAINED**

3

"Oppression" means that Defendants A-Z Realty & Investment Corp.;

4

Dongyan (Annie) Zheng; Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky)

5

Luo;. Shi Dan Chen; and Ming-Wing Lam conduct was despicable and subjected

6

Plaintiff, Shuang Ying (Nancy) Zhang to cruel and unjust hardship in knowing

7

disregard of her rights.

8

"Despicable conduct" is conduct that is so vile, base, or contemptible that it

9

would be looked down on and despised by reasonable people.

10

11

**CITATION TO AUTHORITY**:

12

California CACI Jury Instructions (2021) 3113.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

1  **PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS**
2  **(NONECONOMIC DAMAGE)**

3      Past and future physical pain, mental suffering, loss of enjoyment of life,
4  physical impairment, inconvenience, grief, anxiety, humiliation, and emotional
5  distress.

6      No fixed standard exists for deciding the amount of these noneconomic
7  damages. You must use your judgment to decide a reasonable amount based on the
8  evidence and your common sense.

9      To recover for future pain and suffering, Plaintiff Zhang must prove that she
10  is reasonably certain to suffer that harm.

11      For future pain and suffering, determine the amount in current dollars paid at
12  the time of judgment that will compensate Plaintiff Zhang for future pain and
13  suffering. This amount of noneconomic damages should not be further reduced to
14  present cash value because that reduction should only be performed with respect to
15  economic damages.

16

17  Authority:  California Civil Jury Instructions 3905A (2021 Edition)
18  New September 2003; Revised April 2008, December 2009, December 2011

19
20
21
22
23
24
25
26
27
28

## **"FIDUCIARY DUTY" EXPLAINED**

An agent, real estate agent, real estate broker, or property manager owes what is known as a fiduciary duty to her or its principal or client. A fiduciary duty imposes on an agent, real estate agent, real estate broker, or property manager a duty to act with the utmost good faith in the best interests of her or its principal or client.

Authority:  California Civil Jury Instructions 4100 (2021 Edition)

New June 2006; Revised December 2010, December 2016

**BREACH OF FIDUCIARY DUTY**

**FAILURE TO USE REASONABLE CARE—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff Zhang claims that she was harmed by A-Z Realty and Investment Corp.'s, Dongyan (Annie) Zheng's and Jennifer Whelan's breach of the fiduciary duty to use reasonable care. To establish this claim, Plaintiff Zhang must prove all of the following:

1. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan were Plaintiff Zhang's agent, real estate agent, real estate broker or property manager;

2. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan acted on Plaintiff Zhang's behalf for purposes of leasing and managing her property;

3. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan failed to act as a reasonably careful agent, real estate agent, real estate broker, or property manager would have acted under the same or similar circumstances;

4. That Plaintiff Zhang was harmed; and

5. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan's conduct was a substantial factor in causing Plaintiff Zhang's harm.

Authority:  California Civil Jury Instructions 4101 (2021 Edition)
New June 2006

## DUTY OF UNDIVIDED LOYALTY—ESSENTIAL FACTUAL ELEMENTS

Plaintiff Zhang claims that she was harmed by A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan's breach of the fiduciary duty of loyalty. An agent, real estate agent, real estate broker and property manager owes her or its principal or client undivided loyalty. To establish this claim, Plaintiff Zhang must prove all of the following:

1. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan were Plaintiff Zhang's agent, real estate agent, real estate broker, or property manager;

2. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan knowingly acted against Plaintiff Zhang's interests in connection with the marijuana operation at the property; and/or acted on behalf of a party whose interests were adverse to Plaintiff Zhang in connection with the marijuana operation at the property;

3. That Plaintiff Zhang did not give informed consent to A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan's conduct;

4. That Plaintiff Zhang was harmed; and

5. That A-Z Realty and Investment Corp., Dongyan (Annie) Zheng and Jennifer Whelan's conduct was a substantial factor in causing Plaintiff Zhang's harm.

Authority:  California Civil Jury Instructions 4102 (2021 Edition)
New June 2006; Revised June 2010

## LOSS OF USE OF REAL PROPERTY (ECONOMIC DAMAGE)

The loss of use of Plaintiff Zhang's real property.

To recover damages for the loss of use, Plaintiff Zhang must prove the reasonable cost to rent similar property for the time when she could not use her own property, or the benefits obtained by Defendants because of their wrongful occupation. If there is evidence of both, Plaintiff Zhang is entitled to the greater of the two amounts.

Benefits obtained may include Defendants' profits if they are directly linked to the wrongful occupation.

Authority:  California Civil Jury Instructions 3903G (2021 Edition)
New September 2003; Revised April 2008

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

## DAMAGES FOR REASONABLE RENTAL VALUE

Plaintiff Zhang also claims that she was harmed by Defendants' wrongful occupancy of the property. If you decide that Defendants wrongfully occupied the property, you must also decide how much money will reasonably compensate Plaintiff Zhang for the harm. This compensation is called "damages."

The amount of damages is the reasonable rental value of the premises during the time Defendants occupied the property. The amount agreed between the parties as rent is evidence of the reasonable rental value of the property, but you may award a greater or lesser amount based on all the evidence presented during the trial.

In determining the reasonable rental value of the premises, do not consider any limitations on the amount of rent that can be charged because of a local rent control ordinance.

Authority:  California Civil Jury Instructions 4340 (2021 Edition)

New August 2007

## PUNITIVE DAMAGES—INDIVIDUAL DEFENDANT—TRIAL NOT BIFURCATED

If you decide that Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam's conduct caused Plaintiff Zhang harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Plaintiff Zhang proves by clear and convincing evidence that Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam acted with intent to cause injury or that Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam's conduct was despicable and subjected Plaintiff Zhang to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff Zhang.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam's conduct? In deciding how reprehensible Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam disregarded the health or safety of others;

3. Whether Plaintiff Zhang was financially weak or vulnerable and Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam knew Plaintiff Zhang was financially weak or vulnerable and took advantage of her;

4. Whether Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam's conduct involved a pattern or practice; and

5. Whether Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Plaintiff Zhang's harm, or between the amount of punitive damages and potential harm to Plaintiff Zhang, that Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam knew was likely to occur because of their conduct?

(c) In view of Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam's financial condition, what amount is necessary to punish them and discourage future wrongful conduct? You may not increase the

95

punitive award above an amount that is otherwise appropriate merely because Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam have substantial financial resources. Any award you impose may not exceed Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam's ability to pay.

Punitive damages may not be used to punish Dongyan (Annie) Zheng, Jennifer Whelan, Jihui (Lucky) Luo, Shi Dan Chen or Ming-Wing Lam for the impact of their alleged misconduct on persons other than Plaintiff Zhang.

Authority:  California Civil Jury Instructions 3940 (2021 Edition)

New September 2003; Revised April 2004, October 2004, December 2005, June 2006, April 2007, August 2007, October 2008, May 2020

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

## PUNITIVE DAMAGES—ENTITY DEFENDANT—TRIAL NOT BIFURCATED

If you decide that A-Z Realty and Investment Corp. or Realty One Group's conduct caused Plaintiff Zhang harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against A-Z Realty and Investment Corp. or Realty One Group only if Plaintiff Zhang proves that A-Z Realty and Investment Corp. or Realty One Group engaged in that conduct with malice, oppression, or fraud. To do this, Plaintiff Zhang must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of A-Z Realty and Investment Corp. or Realty One Group, who acted on behalf of A-Z Realty and Investment Corp. or Realty One Group; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of A-Z Realty and Investment Corp. or Realty One Group; or

3. That one or more officers, directors, or managing agents of A-Z Realty and Investment Corp. or Realty One Group knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that A-Z Realty and Investment Corp. or Realty One Group acted with intent to cause injury or that A-Z Realty and Investment Corp. or Realty One Group's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard

when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that A-Z Realty and Investment Corp. or Realty One Group's conduct was despicable and subjected Plaintiff Zhang to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that A-Z Realty and Investment Corp. or Realty One Group intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff Zhang.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately determine corporate policy. There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was A-Z Realty and Investment Corp. or Realty One Group's conduct? In deciding how reprehensible A-Z Realty and Investment Corp. or Realty One Group's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether A-Z Realty and Investment Corp. or Realty One Group disregarded the health or safety of others;

3. Whether Plaintiff Zhang was financially weak or vulnerable and A-Z Realty and Investment Corp. or Realty One Group knew Plaintiff Zhang was financially weak or vulnerable and took advantage of her;

4. Whether A-Z Realty and Investment Corp. or Realty One Group's conduct involved a pattern or practice; and

5. Whether A-Z Realty and Investment Corp. or Realty One Group acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Plaintiff Zhang's harm, or between the amount of punitive damages and potential harm to Plaintiff Zhang, that A-Z Realty and Investment Corp. or Realty One Group knew was likely to occur because of their conduct?

(c) In view of A-Z Realty and Investment Corp. or Realty One Group's financial condition, what amount is necessary to punish them and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because A-Z Realty and Investment Corp. or Realty One Group has substantial financial resources. Any award you impose may not exceed A-Z Realty and Investment Corp. or Realty One Group's ability to pay.]

Punitive damages may not be used to punish A-Z Realty and Investment Corp. or Realty One Group for the impact of their alleged misconduct on persons other than Plaintiff Zhang.

Authority:  California Civil Jury Instructions 3945 (2021 Edition)
New September 2004; Revised April 2004, June 2004, December 2005, June 2006, April 2007, August 2007, October 2008, May 2020

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

**JURY INSTRUCTION NO. ___**

**COMPARATIVE FAULT OF PLAINTIFF**

Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng; Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and Ming-Wing Lam claim that Plaintiff, Shuang Ying (Nancy) Zhang's own negligence contributed to her harm. To succeed on this claim, Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng; Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and Ming-Wing Lam must prove both of the following:

1. That Plaintiff, Shuang Ying (Nancy) Zhang was negligent; and

2. That Plaintiff, Shuang Ying (Nancy) Zhang's negligence was a substantial factor in causing her harm.

If Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng; Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and Ming-Wing Lam proves the above, Plaintiff, Shuang Ying (Nancy) Zhang's damages are reduced by your determination of the percentage of Plaintiff, Shuang Ying (Nancy) Zhang's responsibility. I will calculate the actual reduction.

**CITATION TO AUTHORITY**:

California CACI Jury Instructions (2021) 405.

## CACI NO. 3800 – COMPARATIVE FAULT
## BETWEEN AND AMONG TORTFEASORS

Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan claim that if they are required to pay a judgment in favor of Plaintiff and that Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING WING LAM must reimburse Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan based on Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING WING LAM'S share of responsibility. In order for Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan to recover from Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING WING LAM, Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan must prove both of the following:

1.      That Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING WING LAM made fraudulent statements to Plaintiff and/or made negligent misrepresentations to Plaintiff; and

2.      That Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING WING LAM'S fraudulent statements to Plaintiff and/or negligent misrepresentations to Plaintiff contributed as a substantial factor in causing Plaintiff's harm.

You will be asked to determine the percentages of responsibility of Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, MING WING LAM, Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan, and all other persons responsible for Plaintiff's harm.

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

**Source:** CACI 3800 (New September 2003; Revised May 2020)

**Authorities:** "[T]he right to indemnity flows from payment of a joint legal obligation on another's behalf."  (*AmeriGas Propane, LP v. Landstar Ranger, Inc*. (2014) 230 Cal.App.4th 1153, 1167.)  "The elements of a cause of action for indemnity are (1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is . . . equitably responsible." (*Bailey v. Safeway, Inc*. (2011) 199 Cal.App.4th 206, 217.)

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

**MODIFIED CACI NO. 3800 – COMPARATIVE FAULT**
**BETWEEN AND AMONG TORTFEASORS**
**IMPLIED INDEMNITY – TORT OF ANOTHER**

Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan claim that they were required to incur attorneys' fees and costs to defend against allegations of Plaintiff's complaint and that that Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING WING LAM must reimburse Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan for such attorneys' fees and costs.

To recover from that Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING WING LAM, Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan must prove both of the following:

1.      That Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan are not responsible in any way for Plaintiff's damages or loss; and

2.      That Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan incurred Attorneys' fees and costs to defend its interest against Plaintiff.

You will be asked to determine the percentages of responsibility of that Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING WING LAM and Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan, and all other persons responsible for Plaintiff's harm.

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

**Source:** CACI 3800 (New September 2003; Revised May 2020)

**Authorities:** Cal. Civ. Code § 1021.6. Attorneys' fees; Tort of Another:

Upon motion, a court after reviewing the evidence in the principal case may award attorney's fees to a person who prevails on a claim for implied indemnity if the court finds (a) that the indemnitee through the tort of the indemnitor has been required to act in the protection of the indemnitee's interest by bringing an action against or defending an action by a third person and (b) if that indemnitor was properly notified of the demand to bring the action or provide the defense and did not avail itself of the opportunity to do so, and (c) that the trier of fact determined that the indemnitee was without fault in the principal case which is the basis for the action in indemnity or that the indemnitee had a final judgment entered in his or her favor granting a summary judgment, a nonsuit, or a directed verdict.

*Prentice v. North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618:  A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred.

1

**CACI NO. 3801 – IMPLIED CONTRACTUAL INDEMNITY**

2

3       Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and

4   Jennifer Whelan claim that they Defendants A-Z Realty & Investment Corp.,

5   Dongyan (Annie) Zheng, and Jennifer Whelan claim that they were required to incur

6   attorneys' fees and costs to defend against allegations of Plaintiff's complaint

7   because Defendants REALTY ONE GROUP, INC. and  JIHUI (LUCKY) LUO

8   failed to use reasonable care in performing work under an agreement with

9   Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer

10  Whelan.

11

12      In order for Defendants A-Z Realty & Investment Corp., Dongyan (Annie)

13  Zheng, and Jennifer Whelan to recover from Defendants REALTY ONE GROUP,

14  INC., and JIHUI (LUCKY) LUO, Defendants A-Z Realty & Investment Corp.,

15  Dongyan (Annie) Zheng, and Jennifer Whelan must prove both of the following:

16

17      1.      That Defendants REALTY ONE GROUP, INC., and JIHUI (LUCKY)

18  LUO failed to use reasonable care in vetting the proposed tenants and submitting the

19  tenants application for the Property; and

20      2.      That Defendants REALTY ONE GROUP, INC., and JIHUI (LUCKY)

21  LUO'S conduct was a substantial factor in causing Plaintiff's harm.

22

23      You will be asked to determine the percentages of responsibility of

24  Defendants REALTY ONE GROUP, INC., and JIHUI (LUCKY) LUO and

25  Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and all other

26  persons responsible for Plaintiff's harm.

27

28  **Source:** CACI 3801 (New September 2003; Revised December 2007, May 2020)

## CACI NO. 3903F – DAMAGE TO REAL PROPERTY
### (Economic Damage)

The harm to Plaintiff's property.

To recover damages for harm to property, Plaintiff must prove the reduction in the property's value or the reasonable cost of repairing the harm]. If there is evidence of both, Plaintiff is entitled to the lesser of the two amounts.

To determine the reduction in value, you must determine the fair market value of the property before the harm occurred and then subtract the fair market value of the property immediately after the harm occurred. The difference is the reduction of value.

"Fair market value" is the highest price for the property that a willing buyer would have paid to a willing seller, assuming:

1.    That there is no pressure on either one to buy or sell; and

2.    That the buyer and seller know all the uses and purposes for which the property is reasonably capable of being used.]

To determine whether the cost of repairing the harm is reasonable, you must decide if there is a reasonable relationship between the cost of repair and the harm caused by Defendants' conduct. You must consider the expense and time involved to restore the property to its original condition compared to the value of the property.

If you find that the cost of repairing the harm is not reasonable, then you may award any reduction in the property's value.

**Source:** CACI 3801 (New September 2003; Revised April 2008, April 2009)

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

# CACI NO. 358 –MITIGATION OF DAMAGES

If Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan breached the contract and the breach caused harm, Plaintiff is not entitled to recover damages for harm that Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan proves Plaintiff could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of Plaintiff's efforts in light of the circumstances facing her at the time, including her ability to make the efforts or expenditures without undue risk or hardship. If Plaintiff made reasonable efforts to avoid harm, then your award should include reasonable amounts that she spent for this purpose.

**Source:** CACI 358 (New September 2003)

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

# CACI NO. 105 – INSURANCE

You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence.

**Source:** CACI 105 (New September 2003; Revised May 2019, November 2019)

1        **SPECIAL JURY INSTRUCTION NO. __ — TORT OF ANOTHER**

2

3       Defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and

4 Jennifer Whelan claim that they were required to incur attorneys' fees and costs to

5 defend against allegations of Plaintiff's complaint and that Defendants REALTY

6 ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING

7 WING LAM, must reimburse Defendants A-Z Realty & Investment Corp., Dongyan

8 (Annie) Zheng, and Jennifer Whelan for such attorneys' fees and costs.

9

10       To recover from Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY)

11 LUO, SHI DAN CHEN, and/or MING WING LAM, Defendants A-Z Realty &

12 Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan must prove that

13 they incurred those fees and costs as a result of Defendants REALTY ONE

14 GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN CHEN, and/or MING WING

15 LAM'S actions or inaction.

16

17       You will be asked to determine the percentages of responsibility of

18 Defendants REALTY ONE GROUP, INC., JIHUI (LUCKY) LUO, SHI DAN

19 CHEN, and/or MING WING LAM and Defendants A-Z Realty & Investment Corp.,

20 Dongyan (Annie) Zheng, and all other persons responsible for Plaintiff's harm.

21

22 **Authorities:** Cal. Civ. Code § 1021.6. Attorneys' fees; Tort of Another:

23       Upon motion, a court after reviewing the evidence in the principal case may

24 award attorney's fees to a person who prevails on a claim for implied indemnity if

25 the court finds (a) that the indemnitee through the tort of the indemnitor has been

26 required to act in the protection of the indemnitee's interest by bringing an action

27 against or defending an action by a third person and (b) if that indemnitor was

28 properly notified of the demand to bring the action or provide the defense and did

1    not avail itself of the opportunity to do so, and (c) that the trier of fact determined

2    that the indemnitee was without fault in the principal case which is the basis for the

3    action in indemnity or that the indemnitee had a final judgment entered in his or her

4    favor granting a summary judgment, a nonsuit, or a directed verdict.

5         *Prentice v. North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618:  A person

6    who through the tort of another has been required to act in the protection of his

7    interests by bringing or defending an action against a third person is entitled to

8    recover compensation for the reasonably necessary loss of time, attorney's fees, and

9    other expenditures thereby suffered or incurred.

PROPOSED SET OF AGREED UPON JURY INSTRUCTIONS

## CERTIFICATE OF SERVICE

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 15615 Alton Parkway, Suite 250, Irvine, California 92618. I am a registered user of the CM/ECF system for the United States District Court for the Central District of California.

On February 11, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. To the best of my knowledge, all counsel to be served in this action are registered CM/ECF users and will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 11, 2021, at Irvine, California.

_____*/s/ Scott B. Lieberman*_____
Scott B. Lieberman