SCOTT B. LIEBERMAN, Cal. Bar No. 208764
 *slieberman@ftrlfirm.com*
T. KEVIN ROOSEVELT, Cal. Bar No. 205485
 *kroosevelt@ftrlfirm.com*
**FINLAYSON TOFFER
ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 250
Irvine, California 92618
Telephone:   949-759-3810
Facsimile:   949-759-3812

Attorneys for Plaintiff
SHUANG YING (NANCY) ZHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUANG YING (NANCY) ZHANG, <br><br> Plaintiff, <br><br> v. <br><br> A-Z REALTY & INVESTMENT CORP., a California corporation; DONGYAN (ANNIE) ZHENG, an individual; JENNIFER WHELAN, an individual; REALTY ONE GROUP, INC., a California corporation; JIHUI (LUCKY) LUO, an individual, SHI DAN CHEN, and individual; MING-WING LAM, an individual; FU LONG ZHENG, an individual; and DOES 1-30, inclusive, <br><br> Defendants. | Case No. 5:19-CV-00887-KK <br><br> Judge: Hon. Kenly Kiya Kato <br><br> **DISPUTED JURY INSTRUCTIONS** <br><br> Complaint Filed:   May 10, 2019 <br> Trial Date:          March 15, 2021 |

1    Pursuant to the Honorable Kenly Kato's Scheduling Order (Docket No. 70),

2 the Parties, by and through their undersigned counsel, submit the following set of

3 disputed jury instructions and the objections to those instructions.[1]

4

5 DATED: February 11, 2021

6                              FINLAYSON TOFFER ROOSEVELT & LILLY LLP

7

8                      By    _____
                                      */s/ Scott B. Lieberman*
9                                      Scott B. Lieberman

10                             Attorneys for Plaintiff
11                         SHUANG YING (NANCY) ZHANG

12

13 DATED: February 11, 2021

14                             MANSOUR LAW GROUP, APLC

15

16                     By    _____
                                      */s/ Steven G. Candelas*
17                                     Steven G. Candelas

18                             Attorneys for Defendants
19                     A-Z REALTY & INVESTMENT CORP.,
20           DONGYAN (ANNIE) ZHENG, AND JENNIFER
                                        WHELAN
21

22

23

24    _____

[1] Counsel for Defendant Shi Dan Chen and counsel for Defendant Ming-Wing Lam did
25    not exchange any pretrial documents with counsel for the other parties as required by
      the Court's Civil Trial Scheduling Order. Starting last week, Plaintiff's counsel has
26    requested on multiple occasions that counsel for Defendants Chen and Lam provide any
      proposed inclusions to the joint pretrial documents. As of the date of this submission,
27    Plaintiff's counsel has not received a response from counsel for Defendant Chen or
      Defendant Lam. Therefore, their electronic signatures are not affixed to any of the joint
28    pretrial documents.

1
DISPUTED JURY INSTRUCTIONS

1    DATED:  February 11, 2021

2                         LYNBERG & WATKINS
                         A Professional Corporation
3

4
                         By    _____/s/ Tamara M. Heathcote_____
5                                     Tamara M. Heathcote

6
                              Attorneys for Defendants
7                         REALTY ONE GROUP, INC. AND JIHUI
                                   (LUCKY) LUO
8

9
10   DATED:  February 11, 2021

11                        FRAZEE LAW GROUP

12

13                       By    _____
14                                     RoseAnn Frazee

15                            Attorneys for Defendant
16                                  SHI DAN CHEN
     DATED:  February 11, 2021
17
18                        LAW OFFICES OF GREGORY W. PATTERSON

19

20                       By    _____
21                                   Gregory W. Patterson

22                            Attorneys for Defendant
23                                 MING-WING LAM

24

25

26

27

28
                                    2
     _____
                    DISPUTED JURY INSTRUCTIONS

1
2

**JURY INSTRUCTION NO. ___**

**RETURN OF VERDICT**

3       A verdict form has been prepared for you. [Explain verdict form as needed.]

4   After you have reached unanimous agreement on a verdict, your [presiding juror]

5   [foreperson] should complete the verdict form according to your deliberations, sign

6   and date it, and advise the [clerk] [bailiff] that you are ready to return to the

7   courtroom.

8

9   **CITATION TO AUTHORITY**:

10   Ninth Circuit Manual of Model Jury Instructions (2017) 3.5.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PLAINTIFF SHUANG YANG (NANCY) ZHANG'S OBJECTION TO "RETURN OF VERDICT" JURY INSTRUCTION

Plaintiff contends that no special verdict form is necessary or warranted.  As a result, no instruction to the jury should be given.

## CIVIL RICO 18 U.S.C. § 1962(c)

A plaintiff may bring a private civil action for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO).

To recover under 18 U.S.C. § 1962(c), a plaintiff must prove (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation.

Conduct: The conduct element of § 1962(c) requires that the defendant have some part in directing the affairs of the enterprise. Liability is not limited to those with primary responsibility for the enterprise's affairs, nor is a formal position within the enterprise required. However, the defendant is not liable under § 1962(c) unless the defendant has participated in the operation or management of the enterprise itself. In determining whether the conduct element has been satisfied, relevant questions include whether the defendant "occupies a position in the chain of command," "knowingly implements [the enterprise's] decisions," or is "indispensable to achieving the enterprise's goal."

Enterprise: An "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." RICO does not require that either the racketeering enterprise or the predicate acts of racketeering be motivated by an economic purpose.

For purposes of § 1962(c), a single individual or entity cannot be both the RICO enterprise and an individual defendant. However, "the inability of a corporation to operate except through its officers is not an impediment to § 1962(c) suits." An organizational defendant can be a member of a larger associated-in-fact enterprise.

An associated-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." Its existence is proven

1  through evidence of an ongoing organization, formal or informal, and evidence that

2  the various associates function as a continuing unit. No particular organizational

3  structure, separate or otherwise, is necessary for an associated-in-fact enterprise.

4  Defendants in RICO actions must have had "some knowledge of the nature of the

5  enterprise . . . to avoid an unjust association of the defendant[s] with the crimes of

6  others," but the requirement of a common purpose may be met so long as the

7  defendants were "each aware of the essential nature and scope of [the] enterprise

8  and intended to participate in it."

9       A RICO enterprise is not defeated even when some of the enterprise's

10  participants lack detailed knowledge of all of the other participants or their

11  activities. Instead, "it is sufficient that the defendant know the general nature of the

12  enterprise and know that the enterprise extends beyond his individual role." In

13  particular cases, "the evidence used to prove the pattern of racketeering activity and

14  the evidence establishing an enterprise" may overlap. However, "enterprise" and

15  "conduct" are two separate and necessary elements of a civil RICO claim.

16       Pattern: A pattern is defined as "at least two acts of racketeering activity"

17  within ten years of each other. Proving two predicate acts is a necessary condition

18  for finding a violation, but may not be sufficient. To establish a "pattern of

19  racketeering activity," the predicate acts must be both "related" and "continuous."

20  Related conduct "embraces criminal acts that have the same or similar purposes,

21  results, participants, victims, or methods of commission, or otherwise are

22  interrelated by distinguishing characteristics and are not isolated events."

23  Relatedness of the alleged or proven predicate acts is rarely an issue. However,

24  merely alleging that the predicate acts share the same participants is insufficient to

25  establish that they are related.

26       The continuity requirement reflects Congress's concern in RICO with long-

27  term criminal conduct.

28

DISPUTED JURY INSTRUCTIONS

1    Plaintiffs must prove either "open-ended" or "closed-ended" continuity—that

2  is, a plaintiff must either prove a series of related predicate acts committed over a

3  substantial period of time (known as closed-ended continuity), or show past conduct

4  that by its nature projects into the future with a threat of repetition (known as open-

5  ended continuity).

6    There is no bright line rule for what period of time the pattern of activity must

7  extend to establish closed-ended continuity, though activity spanning only several

8  months is unlikely to satisfy the requirement. Open-ended continuity is shown

9  through "predicate acts that specifically threaten repetition or that become a regular

10  way of doing business."

11    Racketeering Activity: To constitute racketeering activity, the relevant

12  conduct must consist of at least one of the indictable predicate acts listed in 18

13  U.S.C. § 1961. Predicate acts must be proved by a preponderance of the evidence.

14

15    Authority:  Instruction 8.0, Ninth Circuit Manual of Model Jury Instructions

16  (Civil) 2017 Edition (last updated June 2020)

17  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir.

18  2005); *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); *Walter v. Drayson*, 538

19  F.3d 1244, 1248-49 (9th Cir. 2008; 18 U.S.C. § 1961(4); *Nat'l Org. for Women, Inc.*

20  *v. Scheidler*, 510 U.S. 249, 262 (1994); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th

21  Cir. 1984); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1534 (9th Cir. 1992); *United*

22  *States v. Benny*, 786 F.2d 1410, 1416 (9th Cir. 1986); *Boyle v. United States*, 556

23  U.S. 938, 945-46 (2009); Wilcox v. First Interstate Bank, 815 F.2d 522, 531-32 (9th

24  Cir. 1987); *United States v. Christensen*, 801 F.3d 970, 985 (9th Cir. 2015). 18

25  U.S.C. § 1961(5); *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238 (1989);

26  *Medallion Television Enters., Inc. v. SelecTV of Cal., Inc*., 833 F.2d 1360, 1363 (9th

27  Cir. 1987); *Howard v. Am. Online Inc.*, 208 F.3d 741, 749 (9th Cir. 2000); *Allwaste,*

28  *Inc. v. Hecht*, 65 F.3d 1523, 1528 (9th Cir. 1995); *Religious Tech. Ctr. v.*

1    *Wollersheim*, 971 F.2d 364, 366-67 (9th Cir. 1992); *Ikuno v. Yip*, 912 F.2d 306, 308

2    (9th Cir. 1990; *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495 (1985).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## DEFENDANTS' REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S OBJECTION TO PLAINTIFF'S JURY INSTRUCTION "CIVIL RICO 18 U.S.C. § 1962(c)"

3

4

5

6

7

8

9

This is an improper instruction and is not in compliance with the instruction set forth at Instruction 8.0 of the Ninth Circuit Manual of Model Civil Jury Instructions which states: "For model jury instructions that may be helpful, see Eleventh Circuit Pattern Jury Instructions—Civil Cases (2013), Instructions 7.1 et seq." As the reference sets forth specific jury instructions for cases such as this, the Eleventh Circuit Pattern Jury Instructions should be used for the RICO causes of action.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **CIVIL RICO 18 U.S.C. § 1962(d)**

2      A RICO conspiracy under § 1962(d) may be established by proof of an

3  agreement to commit a substantive violation of RICO. The conspirator need not

4  have agreed to commit or facilitate each and every part of the substantive offense.

5  However, the conspirator must have been "aware of the essential nature and scope

6  of the enterprise and intended to participate in it." The "agreement need not be

7  express as long as its existence can be inferred from words, actions, or

8  interdependence of activities and persons involved." If a RICO conspiracy is

9  demonstrated, "[a]ll conspirators are liable for the acts of their co-conspirators."

10 A defendant can be held liable for a RICO conspiracy if the evidence shows that he

11 or she "knowingly agree[d] to facilitate a scheme which includes the operation or

12 management of a RICO enterprise." There is no requirement that the defendant have

13 actually conspired to operate or manage the enterprise himself or herself. Id.

14 (affirming conviction under § 1962(d) of defendant who collected money on behalf

15 of member of enterprise, facilitated communications between conspirators and

16 accepted payment for drugs sold through enterprise).

17 Section 1962(d) applies to intracorporate, as well as intercorporate conspiracies;

18 thus, it is possible for a corporation to engage in a RICO conspiracy with its own

19 officers and representatives.

20

21 Authority:  Instruction 8.0, Ninth Circuit Manual of Model Jury Instructions (Civil)

22 2017 Edition (last updated June 2020)

23      *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-75 (9th Cir.

24 2002); *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); *Salinas v.*

25 *United States*, 522 U.S. 52, 65 (1997); *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir.

26 1993); *United States v. Fernandez*, 388 F.3d 1199, 1229-30 (9th Cir. 2004); *Webster*

27 *v. Omnitron Int'l*, 79 F.3d 776, 787 (9th Cir. 1996); *Ashland Oil, Inc. v. Arnett*, 875

28 F.2d 1271 (7th Cir. 1998)

**DEFENDANTS' REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S OBJECTION TO PLAINTIFF'S JURY INSTRUCTION "CIVIL RICO 18 U.S.C. § 1962(d)"**

This is an improper instruction and is not in compliance with the instruction set forth at Instruction 8.0 of the Ninth Circuit Manual of Model Civil Jury Instructions which states: "For model jury instructions that may be helpful, see Eleventh Circuit Pattern Jury Instructions—Civil Cases (2013), Instructions 7.1 et seq."  As the reference sets forth specific jury instructions for cases such as this, the Eleventh Circuit Pattern Jury Instructions should be used for the RICO causes of action.

## "GROSS NEGLIGENCE" EXPLAINED

Gross negligence is the lack of any care or an extreme departure from what a reasonably careful person would do in the same situation to prevent harm to oneself or to others.

A person can be grossly negligent by acting or by failing to act.

Authority:  California Civil Jury Instructions 425 (2021 Edition)
*New April 2008; Revised December 2015*

1
2

**DEFENDANTS' REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S**
**OBJECTION TO PLAINTIFF'S JURY INSTRUCTION "'GROSS**
**NEGLIGENCE' EXPLAINED"**

3

Plaintiff is not entitled to jury instruction on gross negligence as Plaintiff did

4

not plead her cause of action for negligence to include gross negligence.  "Gross

5

negligence is pleaded by alleging the traditional elements of negligence: duty,

6

breach, causation, and damages.  However, to set forth a claim for 'gross

7

negligence' the plaintiff must allege extreme conduct on the part of the defendant."

8

Rosencrans v. Dover Images, Ltd. 192 Cal.App.4th 1072 (2011) [internal citation

9

omitted.]  Plaintiff does not allege "extreme conduct" on the part of Defendants in

10

her complaint. The term is not mentioned in the negligence cause of action or

11

anywhere else in Plaintiff's complaint.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CONCEALMENT

Plaintiff Zhang claims that she was harmed because Defendants concealed certain information. To establish this claim, Plaintiff Zhang must prove all of the following:

1.      (a) That Defendants owed a fiduciary duty to Plaintiff Zhang to provide her with honest and accurate information; and

(b) That Defendants intentionally failed to disclose certain facts to Plaintiff Zhang; or

1. That Defendants disclosed some facts to Plaintiff Zhang but intentionally failed to disclose other facts, making the disclosure deceptive; or

1. That Defendants intentionally failed to disclose certain facts that were known only to them and that Plaintiff Zhang could not have discovered; or

1. That Defendants prevented Plaintiff Zhang from discovering certain facts;

2. That Plaintiff Zhang did not know of the concealed fact[s];

3. That Defendants intended to deceive Plaintiff Zhang by concealing the fact[s];

4. That had the omitted information been disclosed, Plaintiff Zhang reasonably would have behaved differently;

5. That Plaintiff Zhang was harmed; and

6. That Defendants' concealment was a substantial factor in causing Plaintiff Zhang's harm.

Authority:  California Civil Jury Instructions 1901 (2021 Edition)

New September 2003; Revised October 2004, December 2012, June 2014, June 2015

1

## **DEFENDANTS' REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S OBJECTION TO PLAINTIFF'S JURY INSTRUCTION "CONCEALMENT"**

Plaintiff is not entitled to this jury instruction as her cause of action for intentional misrepresentation does not contain any allegations of concealment but only claims that false statements were made.

1

## FALSE PROMISE

2          Plaintiff Zhang claims she was harmed because Defendants made a false

3 promise. To establish this claim, Plaintiff Zhang must prove all of the following:

4          1. That Defendants made a promise to Plaintiff Zhang;

5          2. That Defendants did not intend to perform this promise when they made it;

6          3. That Defendants intended that Plaintiff Zhang rely on this promise;

7          4. That Plaintiff Zhang reasonably relied on Defendants' promise;

8          5. That Defendants did not perform the promised act;

9          6. That Plaintiff Zhang was harmed; and

10          7. That Plaintiff Zhang's reliance on Defendants' promise was a substantial

11 factor in causing her harm.

12

13 Authority:  California Civil Jury Instructions 1902 (2021 Edition)

14 New September 2003; Revised December 2012, December 2013

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' REALTY ONE GROUP, INC. AND JIHUI (LUCKY) LUO'S OBJECTION TO PLAINTIFF'S JURY INSTRUCTION "FALSE PROMISE"

Plaintiff is not entitled to this jury instruction as her cause of action for intentional misrepresentation does not contain any allegations of false promise but only claims that statements were made that defendants knew were false.

1

## OPINIONS AS STATEMENTS OF FACT

2       Ordinarily, an opinion is not considered a representation of fact. An opinion is

3   a person's belief that a fact exists, a statement regarding a future event, or a

4   judgment about quality, value, authenticity, or similar matters. However,

5   Defendants' opinions are considered a representation of fact if Plaintiff Zhang

6   proves that:

7       Any Defendant claimed to have special knowledge about the subject matter

8   that Plaintiff Zhang did not have; or

9       Any Defendant made a representation, not as a casual expression of belief,

10   but in a way that declared the matter to be true; or

11       Any Defendant had a relationship of trust and confidence with Plaintiff

12   Zhang; or

13       Any Defendant had some other special reason to expect that Plaintiff Zhang

14   would rely on that Defendant's opinion.

15

16   Authority:  California Civil Jury Instructions 1904 (2021 Edition)

17   New September 2003; Revised April 2004, May 2020

18

19

20

21

22

23

24

25

26

27

28

DISPUTED JURY INSTRUCTIONS

1  **DUTY OF DISCLOSURE BY REAL ESTATE BROKER TO CLIENT**

2  As a fiduciary, a real estate broker must disclose to the broker's client all

3  material information that the broker knows or could reasonably obtain regarding the

4  property or relating to the transaction.

5  The facts that a broker must learn, and the advice and counsel required of the

6  broker, depend on the facts of the transaction, the knowledge and experience of the

7  client, the questions asked by the client, the nature of the property, and the terms of

8  sale. Brokers must place themselves in the position of their clients and consider the

9  type of information required for the client to make a well-informed decision.

10  A real estate broker cannot accept information received from another person,

11  such as the seller, as being true, and transmit it to the broker's client without either

12  verifying the information or disclosing to the client that the information has not been

13  verified.

14

15  Authority:  California Civil Jury Instructions 4107 (2021 Edition)

16  New April 2008; Revised December 2012, June 2013, May 2020

17

18

19

20

21

22

23

24

25

26

27

28

# DEFENDANTS A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, AND JENNIFER WHELAN'S OBJECTION TO "DUTY OF DISCLOSURE BY REAL ESTATE BROKER TO CLIENT" JURY INSTRUCTION

Defendants A-Z REALTY & INVESTMENT CORP., DONGYAN (ANNIE) ZHENG, and JENNIFER WHELAN (the "A-Z Realty Defendants") object to this jury instruction because Plaintiff has made no allegations that the A-Z Realty Defendants were Plaintiff's real estate brokers in connection with the causes of action or events for which Plaintiff alleges and claims damages.

Accordingly, the inclusion of a jury instruction pertaining to a real estate broker is irrelevant to any claim in this proceeding, highly prejudicial, confusing and should be stricken.

1

2

**JURY INSTRUCTION NO. ___**

**VIOLATION OF THE CONTROLLED SUBSTANCES ACT**

3    Plaintiff, Shuang Ying (Nancy) Zhang claims that Defendants A-Z Realty &

4  Investment Corp.; Dongyan (Annie) Zheng; Jennifer Whelan; Realty One Group,

5  Inc.; Jihui (Lucky) Luo; Shi Dan Chen and Ming-Wing Lam violated the Controlled

6  Substances Act.

7    To prove that Defendants A-Z Realty & Investment Corp.; Dongyan (Annie)

8  Zheng; Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen

9  and Ming-Wing Lam violated this Act, Plaintiff, Shuang Ying (Nancy) Zhang must

10  prove that:

11    1. Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng;

12  Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and

13  Ming-Wing Lam sold, furnished, administered, gave away, transported for sale, or

14  imported into California a controlled substance;

15    2. Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng;

16  Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and

17  Ming-Wing Lam knew of its presence;

18    3. Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng;

19  Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and

20  Ming-Wing Lam knew of the substance's nature or character as a controlled

21  substance;

22    4. The controlled substance was Cannabis

23    5. The controlled substance was in a usable amount.

24  <u>**CITATION TO AUTHORITY**</u>:

25  California Criminal Jury Instructions (2020) 2300.

26

27

28

21

DISPUTED JURY INSTRUCTIONS

1
2
3

## PLAINTIFF SHUANG YANG (NANCY) ZHANG'S OBJECTION TO "VIOLATION OF THE CONTROLLED SUBSTANCES ACT" JURY INSTRUCTION

4

5    Plaintiff objects to this jury instruction on grounds that there are no

6  independent claims for relief alleged in the Complaint for Violation of the

7  Controlled Substances Act.  No such claim for relief could be asserted as this is a

8  criminal law, and the instruction is derived from the California Criminal Jury

9  Instructions.  To the extent that Defendants claim that such an instruction is

10  necessary as a predicate act under the RICO violations, then Plaintiff's claims are

11  not limited to violations of California's Controlled Substances Act.  That type of

12  instruction would be highly prejudice and could cause confusion as to the

13  instructions on the RICO claims.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1       **JURY INSTRUCTION NO. ___**

2  **PLANTING, ETC., CANNABIS (HEALTH & SAF. CODE, §§ 11358(C)-(D))**

3       Plaintiff, Shuang Ying (Nancy) Zhang also claims that Defendants A-Z

4  Realty & Investment Corp.; Dongyan (Annie) Zheng; Jennifer Whelan; Realty One

5  Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and Ming-Wing Lam violated

6  California Health and Safety Code by planting, or cultivating, or harvesting, or

7  drying, or processing more than six living cannabis plants, a controlled substance.

8       To prove that Defendants A-Z Realty & Investment Corp.; Dongyan (Annie)

9  Zheng; Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen

10  and Ming-Wing Lam violated this statute, Plaintiff must prove that:

11       1. Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng;

12  Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and

13  Ming-Wing Lam planted, cultivated, harvested, dried or processed more than six

14  cannabis plants;

15       AND

16  2. Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng; Jennifer

17  Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and Ming-Wing

18  Lam knew that the substance that was planted, cultivated, harvested, dried or

19  processed was cannabis.

20

21  **CITATION TO AUTHORITY**:

22  California Criminal Jury Instructions (2020) 2370.

23

24

25

26

27

28

# PLAINTIFF SHUANG YANG (NANCY) ZHANG'S OBJECTION TO "PLANTING, ETC., CANNABIS (HEALTH & SAF. CODE, §§ 11358(C)-(D))" JURY INSTRUCTION

Plaintiff objects to this jury instruction on grounds that there are no independent claims for relief alleged in the Complaint for violation of California Health and Safety Code sections 11358(C)-(D).  No such claim for relief could be asserted as this is a criminal law, and the instruction is derived from the California Criminal Jury Instructions.  To the extent that Defendants claim that such an instruction is necessary as a predicate act under the RICO violations, then Plaintiff's claims are not limited to violations of California Health and Safety Code sections 11358(C)-(D).  That type of instruction would be highly prejudice and could cause confusion as to the instructions on the RICO claims.

**JURY INSTRUCTION NO. ___**

**CUSTOM OR PRACTICE**

You may consider customs or practices in the community in deciding whether Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng; Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and Ming-Wing Lam acted reasonably. Customs and practices do not necessarily determine what a reasonable person would have done in Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng; Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and Ming-Wing Lam's situation. They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

**CITATION TO AUTHORITY**:

California CACI Jury Instructions (2021) 413.

1
2

## PLAINTIFF SHUANG YANG (NANCY) ZHANG'S OBJECTION TO "CUSTOM OR PRACTICE" JURY INSTRUCTION

3

4   Plaintiff objects to this jury instruction on grounds that Defendants did not

5   designate opening expert witness to provide an opinion about custom or practice.

6   As a result, no such expert testimony regarding custom or practice can be presented

7   by Defendants and therefore the instruction is superfluous and could lead to

8   confusion.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. ___**

**UNCLEAN HANDS (STATE and FEDERAL)**

Defendants Realty One Group and Zihui (Lucky) Luo have asserted the affirmative defense of 'unclean hands' as to Plaintiff Shuang Ying (Nancy) Zhang. To aid you in evaluating this affirmative defense, you may consider the following statement of law: 'No one can take advantage of his own wrong.' In other words, she who comes into court must come with clean hands. A plaintiff must act fairly in the matter for which she seeks monetary damages. Stated otherwise, relief is barred to a plaintiff who has violated principles of fairness, good conscience or good faith.

A finding of unclean hands is required when a plaintiff seeking damages has violated a duty of good faith or has acted unconscionably in connection with the same subject matter or relationship out of which the litigant claims a right to damages. If you find such a violation of good faith or conscience, then you should find that Plaintiff, Shuang Ying (Nancy) Zhang is not entitled to recover damages in this action.

The only conduct on which you may make a finding of unclean hands is that conduct directly related to the subject matter or relationship at issue in this litigation. Unclean hands does not mean that someone is a bad person in general or in some other respect; you may find unclean hands only if you find a direct connection between the alleged unclean hands conduct and the facts of this case.

**CITATION TO AUTHORITY**:

California Civil Code § 3517; see, Adler v. Fed. Republic of Nigeria, 209 F.3d 869, 877 (9th Cir. 2000); Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc., 621 F.3d 981, 986 (9th Cir.2010); Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1097 (9th Cir.1985); Kendall-Jackson Winery, Ltd. v. Superior Court, 76 Cal.App.4th 970, 979 (1999); Lynn v. Duckel, 46 Cal.2d 845, 850, (1956); Fibreboard Paper Products Corp. v. East Bay Union of Machinists, 227

Cal.App.2d 675, 727–28, (1964); <u>Health Maint. Network v. Blue Cross of Southern Cal.</u>, 202 Cal.App.3d 1043, 1061 (1988); <u>Watson v. Poore</u>, 18 Cal.2d 302, 313 (1941); <u>Seligman v. Tucker</u>, 6 Cal.App.3d 691, 700 (1970); and <u>Moriarty v. Carlson</u>, 184 Cal.App.2d 51, 56 (1960).

# PLAINTIFF SHUANG YANG (NANCY) ZHANG'S OBJECTION TO "UNCLEAN HANDS" JURY INSTRUCTION

Plaintiff objects to this jury instruction because it fails to include Defendants' burden of proof to establish this affirmative defense.  An Unclean Hands defense requires Defendants to prove such conduct by clear and convincing evidence. "[O]nly a showing of wrongfulness, willfulness, bad faith, or gross negligence, proved by clear and convincing evidence, will establish sufficient culpability for invocation of the doctrine of unclean hands." *Pinkette Clothing, Inc. v. Cosmetic Warrior Ltd.*, 894 F.3d 1015, 1029 (9th Cir. 2018) (quoting *Pfizer, Inc. v. Int'l Rectifier Corp.*, 685 F.2d 357, 359 (9th Cir. 1982)).  The instruction, as currently drafted, fails to include that type of language.  Such an instruction, without clarifying Defendants' burden of proof, renders it highly prejudicial to Plaintiff and will likely lead to juror confusion.

**JURY INSTRUCTION NO. ___**

**PLAINTIFFS CANNOT PROFIT FROM CRIMINAL ACTS**

Defendants Realty One Group and Zihui (Lucky) Luo claim that Plaintiff is attempting to profit from her own criminal acts. Attempting to profit from illegal marijuana cultivation is a criminal act. Illegal marijuana cultivation is defined separately in these instructions.

The justice system will not allow a person to bring a claim for damages which arose based upon her own criminal acts. The justice system will not enable the wrongdoer to profit from her own wrongs. If Defendants Realty One Group and Zihui (Lucky) Luo prove that Plaintiff Shuang Ying (Nancy) Zhang attempted to profit from her wrongdoing, you should find that Plaintiff, Shuang Ying (Nancy) Zhang is not entitled to recover damages in this action.

**CITATION TO AUTHORITY**:

Susag v. City of Lake Forest, 94 Cal. App. 4th 1401, 1412 (2002); Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 264 (1946); Dart Industries, Inc. v. Liberty Mut. Ins. Co., 484 F.2d 1295, 1298 (9th Cir. 1973).

**PLAINTIFF SHUANG YANG (NANCY) ZHANG'S OBJECTION TO
"PLAINTIFFS CANNOT PROFIT FROM CRIMINAL ACTS"
JURY INSTRUCTION**

Plaintiff objects to this jury instruction because there are no claims or counterclaims asserted in this case that Plaintiff has committed any criminal acts. The Court denied Realty One Group, Inc.'s untimely and unmeritorious motions to modify the Scheduling Order and amend its counterclaim to include claims against Plaintiff.  Moreover, there are no allegations that Plaintiff has ever been involved in committing any criminal acts or ever been reported, investigated, arrested or convicted of committing any criminal acts.  Such an instruction is entirely irrelevant to any claim in this proceeding and highly prejudicial and should be stricken.

1
2
3

**JURY INSTRUCTION NO. ___**

**CONSPIRACY TO PLANT, ETC., CANNABIS**

**(HEALTH & SAF. CODE, §§ 11358(C)-(D))**

4   Defendants Realty One Group, Inc. and Jihui (Lucky) Luo contend that

5 Plaintiff, Shuang Ying (Nancy) Zhang violated the California Health and Safety

6 Code by engaging in a conspiracy to plant, or cultivate, or harvest, or dry, or process

7 more than six living cannabis plants, a controlled substance.

8   To prove that Plaintiff violated this statute, Defendants must prove that:

9   1. Plaintiff, Shuang Ying (Nancy) Zhang engaged in a conspiracy to plant,

10 cultivate, harvest, dry or process more than six cannabis plants;

11   AND

12   2. Plaintiff, Shuang Ying (Nancy) Zhang knew that the substance that was

13 planted, cultivated, harvested, dried or processed was cannabis.

14   Further, a conspiracy is a partnership, an agreement between two or more

15 persons to commit an action that is a violation of the statute. In order to prove a

16 conspiracy, Defendants must prove that:

17   1. There was an agreement between Plaintiff, Shuang Ying (Nancy) Zhang

18 and at least one or more other persons to participate in actions that violated the

19 California Health and Safety Code; and

20   2. Plaintiff, Shuang Ying (Nancy) Zhang became a member of the conspiracy

21 knowing that at least one of its objectives and intending to help accomplish it,

22   Further, Defendants, Realty One Group and Jihui (Lucky) Luo allege that

23 Plaintiff, Shuang Ying (Nancy) Zhang was engaged in a conspiracy to grow

24 cannabis (marijuana) in her rental property in violation of the California Health and

25 Safety Code. To prove this it doesn't have to be shown that the alleged members of

26 the conspiracy entered into any express or formal agreement, or that they directly

27 stated the details of the scheme, its object, or purpose, or the precise means by

28 which the object or purpose was to be accomplished. It also doesn't have to be

established that all the means or methods alleged to carry out the alleged conspiracy were, in fact, agreed on, or that all the means or methods that were agreed on were actually used or put into operation. And it doesn't have to be proven that all persons alleged to be conspiracy members were actually members or that alleged conspirators succeeded in accomplishing their unlawful objectives.

But it isn't enough if the evidence shows only that the alleged conspirators agreed to commit the acts alleged, without more, or that they agreed to participate in the affairs of the same alleged enterprise. It doesn't matter that the alleged conspirators participated in the conduct of the affairs of the alleged enterprise through different or dissimilar acts of activity so long as the alleged would – if actually committed – amount to a violation of the California Health and Safety Code as I have defined it.

Someone can become a member of a conspiracy without knowing all the unlawful scheme's details or without knowing the names and identities of all the other alleged conspirators. If it is proven by a preponderance of the evidence that a particular party or parties has knowingly joined the alleged conspiracy, it doesn't matter that the party or parties may not have participated in the alleged conspiracy or scheme's earlier stages.

Mere presence at the scene of some transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, doesn't necessarily prove the existence of a conspiracy. A person who doesn't have knowledge of a conspiracy, but who happens to act in a way that advances some object or purpose of conspiracy, doesn't become a conspirator.

It doesn't have to be proven that a party or parties actually committed any of the acts that may have been agreed to commit to establish membership in the conspiracy.

DISPUTED JURY INSTRUCTIONS

1    To determine whether there was a conspiracy, you must consider all the
2 evidence in the case.

3    If you find the conspiracy involving Plaintiff, Shuang Ying (Nancy) Zhang
4 existed, then you must find for Defendant Realty One Group, Inc. and Jihui (Lucky)
5 Luo.

6

7 **<u>CITATION TO AUTHORITY</u>**:

8 California Criminal Jury Instructions (2020) 2370; Ninth Circuit Model Criminal
9 Jury Instructions (2019) 8.20.

# PLAINTIFF SHUANG YANG (NANCY) ZHANG'S OBJECTION TO "CONSPIRACY TO PLANT, ETC., CANNABIS (HEALTH & SAF. CODE, §§ 11358(C)-(D)) " JURY INSTRUCTION

Plaintiff objects to this jury instruction because there are no claims or counterclaims asserted in this case that Plaintiff has committed any criminal acts. Accordingly, it cannot be said that she conspired to commit any criminal acts either. The Court denied Realty One Group, Inc.'s untimely and unmeritorious motions to modify the Scheduling Order and amend its counterclaim to include claims against Plaintiff.  Moreover, there are no allegations that Plaintiff has ever been involved in committing any criminal acts or ever been reported, investigated, arrested or convicted of committing any criminal acts.  Such an instruction is entirely irrelevant to any claim in this proceeding and highly prejudicial and should be stricken.

**JURY INSTRUCTION NO. ___**

**VIOLATION OF THE CONTROLLED SUBSTANCES ACT**

Defendants Realty One Group, Inc. and Jihui (Lucky) Luo contend that Plaintiff, Shuang Ying (Nancy) Zhang violated the Controlled Substances Act.

To prove that Plaintiff, Shuang Ying (Nancy) Zhang violated this Act, Defendants Realty One Group, Inc. and Jihui (Lucky) Luo must prove that:

1. Plaintiff, Shuang Ying (Nancy) Zhang engaged in a conspiracy to sell, furnish or transport for sale cannabis (marijuana);

2. Defendants A-Z Realty & Investment Corp.; Dongyan (Annie) Zheng; Jennifer Whelan; Realty One Group, Inc.; Jihui (Lucky) Luo; Shi Dan Chen and Ming-Wing Lam knew of the cannabis' (marijuana's) presence in her rental property;

3. Plaintiff, Shuang Ying (Nancy) Zhang knew of the substance's nature or character as cannabis (marijuana);

4. The cannabis (marijuana) was in a usable amount.

Further, Defendants, Realty One Group and Jihui (Lucky) Luo allege that Plaintiff, Shuang Ying (Nancy) Zhang was engaged in a conspiracy to grow cannabis (marijuana) in her rental property in violation of the Controlled Substances Act. To prove this it doesn't have to be shown that the alleged members of the conspiracy entered into any express or formal agreement, or that they directly stated the details of the scheme, its object, or purpose, or the precise means by which the object or purpose was to be accomplished. It also doesn't have to be established that all the means or methods alleged to carry out the alleged conspiracy were, in fact, agreed on, or that all the means or methods that were agreed on were actually used or put into operation. And it doesn't have to be proven that all persons alleged to be conspiracy members were actually members or that alleged conspirators succeeded in accomplishing their unlawful objectives.

1       But it isn't enough if the evidence shows only that the alleged conspirators
2 agreed to commit the acts alleged, without more, or that they agreed to participate in
3 the affairs of the same alleged enterprise. It doesn't matter that the alleged
4 conspirators participated in the conduct of the affairs of the alleged enterprise
5 through different or dissimilar acts of activity so long as the alleged would – if
6 actually committed – amount to a violation of the Controlled Substances Act as I
7 have defined it.

8       Someone can become a member of a conspiracy without knowing all the
9 unlawful scheme's details or without knowing the names and identities of all the
10 other alleged conspirators. If it is proven by a preponderance of the evidence that a
11 particular party or parties has knowingly joined the alleged conspiracy, it doesn't
12 matter that the party or parties may not have participated in the alleged conspiracy
13 or scheme's earlier stages.

14       Mere presence at the scene of some transaction or event, or mere similarity of
15 conduct among various persons and the fact that they may have associated with each
16 other, and may have assembled together and discussed common aims and interests,
17 doesn't necessarily prove the existence of a conspiracy. A person who doesn't have
18 knowledge of a conspiracy, but who happens to act in a way that advances some
19 object or purpose of conspiracy, doesn't become a conspirator.

20       It doesn't have to be proven that a party or parties actually committed any of
21 the acts that may have been agreed to commit to establish membership in the
22 conspiracy.

23       To determine whether there was a conspiracy, you must consider all the
24 evidence in the case.

25       If you find the conspiracy involving Plaintiff, Shuang Ying (Nancy) Zhang
26 existed, then you must find for Defendant Realty One Group, Inc. and Jihui (Lucky)
27 Luo.

28

37

DISPUTED JURY INSTRUCTIONS

**<u>CITATION TO AUTHORITY</u>**:

California Criminal Jury Instructions (2020) 2300, citing, <u>People v. Horn</u>, 187 Cal. App. 2d 68, 74 (1960)("Knowledge of the narcotic nature of the object possessed constitutes an essential element of the crime of possession of narcotics, and the prosecution must establish that a defendant entertained such knowledge."); Ninth Circuit Model Criminal Jury Instructions (2019) 8.20.

**PLAINTIFF SHUANG YANG (NANCY) ZHANG'S OBJECTION TO**
**"VIOLATION OF THE CONTROLLED SUBSTANCES ACT"**
**JURY INSTRUCTION**

Plaintiff objects to this jury instruction because there are no claims or counterclaims asserted in this case that Plaintiff has committed any criminal acts. Accordingly, it cannot be said that she conspired to commit any criminal acts either.

The Court denied Realty One Group, Inc.'s untimely and unmeritorious motions to modify the Scheduling Order and amend its counterclaim to include claims against Plaintiff.  Therefore, there is no counterclaim for Violation of the Controlled Substances Act (or any claim for conspiracy to violate the Controlled Substances Act).  No such claim for relief could be asserted as this is a criminal law, and the instruction is derived from the California Criminal Jury Instructions.

Finally, there are no allegations that Plaintiff has ever been involved in committing any criminal acts or ever been reported, investigated, arrested or convicted of committing any criminal acts.  Such an instruction is entirely irrelevant to any claim in this proceeding and highly prejudicial and should be stricken.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. ___**

**IGNORACE OF THE LAW IS NO EXCUSE**

Ignorance of the law is no excuse for a person to violate the law.

**<u>CITATION TO AUTHORITY</u>**:

<u>McFadden v. U.S.</u>, 576 U.S. 186, 192 (2015); <u>People v. Meneses</u>, 165 Cal.App.4th 1648, 1661 (2008); <u>People v. Cole</u>, 156 Cal.App.4th 452, 483 (2007); <u>People v. Mayer</u>, 108 Cal.App.4th 403, 413 (2003).

DISPUTED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF SHUANG YANG (NANCY) ZHANG'S OBJECTION TO**
**"IGNORANCE OF THE LAW IS NO EXCUSE"**
**JURY INSTRUCTION**

Plaintiff objects to this jury instruction because this legal canon is a response to a defendant's position of ignorance to violating the law.  Here, there are no claims or counterclaims asserted against Plaintiff Zhang, and so it cannot reasonably be argued that she would need to assert her ignorance of the law as a defense to any claim against her.  The Court denied Realty One Group, Inc.'s untimely and unmeritorious motions to modify the Scheduling Order and amend its counterclaim to include claims against Plaintiff.  As a result, there is no place for this type of instruction to be given to the jury in this case.  Such an instruction is entirely irrelevant to any claim in this proceeding, highly prejudicial, confusing and should be stricken.

DISPUTED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 15615 Alton Parkway, Suite 250, Irvine, California 92618.  I am a registered user of the CM/ECF system for the United States District Court for the Central District of California.

On February 11, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  To the best of my knowledge, all counsel to be served in this action are registered CM/ECF users and will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 11, 2021, at Irvine, California.


_____*/s/ Scott B. Lieberman*_____
Scott B. Lieberman