Andrew G. Prout, State Bar No. 287325
ROSS, WOLCOTT, TEINERT & PROUT LLP
3151 Airway Avenue, Suite S-1
Costa Mesa, California 92626
Telephone: (714) 444-3900
Facsimile: (714) 444-3901
Email: AGP@RossLLP.com

*Attorneys for Plaintiff*
*Shuang Ying (Nancy) Zhang*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUANG YING (NANCY) ZHANG,<br><br>Plaintiff,<br><br>vs.<br><br>A-Z REALTY & INVESTMENT CORP., a California corporation; DONGYAN (ANNIE) ZHENG, an individual; JENNIFER WHELAN, an individual; REALTY ONE GROUP, INC., a California corporation; JIHUI (LUCKY) LUO, an individual, SHI DAN CHEN, and individual; MING-WING LAM, an individual; FU LONG ZHENG, an individual; and DOES 1-30, inclusive,<br><br>Defendants. | Case No. 5:19-cv-00887-KK<br><br>Judge:  Hon. Kenly Kiya Kato<br><br>**PLAINTIFF SHUANG YING (NANCY) ZHANG'S REPLY TO DEFENDANTS A-Z REALTY & INVESTMENT CORP. AND DONGYAN (ANNIE) ZHENG'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR WRIT OF ATTACHMENT**<br><br>Complaint Filed: May 10, 2019<br>Trial Date: October 17, 2022<br><br>**Hearing:**<br>Date:        October 27, 2022<br>Time:        10:00 a.m.<br>Crtrm:      3/4 – Riverside |

Plaintiff Shuang Ying (Nancy) Zhang ("Plaintiff" or "Nancy") hereby submits her Reply to the Opposition ("Opposition") of Defendants A-Z Realty & Investment Corp. ("A-Z Realty") and Dongyan (Annie) Zheng ("Annie") (collectively "Defendants") to Plaintiff's Application for Writ of Attachment ("Application").

## I.      Introduction

Annie's Opposition[1] does not deny that (1) Annie knew Nancy was elderly and could not read or write English, (2) Annie assisted others in obtaining and retaining Nancy's real property for a wrongful use (clandestine marijuana grow operation), (3) Annie obtained additional cash compensation for her efforts in keeping the marijuana grow operation in Nancy's home, and (4) Annie held a position of influence over Nancy as Nancy's fiduciary. Annie's Opposition instead contends, without submitting any evidence therewith, that Annie was merely following Nancy's instructions. Annie's position is undermined by the fact that she never told Nancy that the "tenants" were not living at the home and had been replaced by strangers (Application at p. 5); she told Nancy it was "legal" for the operators to turn Nancy's home into a marijuana farm (*id.*); and when Nancy learned the truth about growing marijuana being illegal under federal law, she forced out the growers (whom she still thought were the original tenants) (*id.* at pp. 6-7). The greater weight of the evidence supports Nancy's claim, and the application should be granted.

## II.      Annie Failed To Submit Any Evidence In Support Of Her Opposition.

Annie's Opposition references various deposition transcript excerpts and other documents, but Annie did not file any evidence with her Opposition. Without any supporting evidence, Annie's Opposition is limited to argument based on the evidence submitted with Plaintiff's Application. *See Goens v. Blood*, 437 F.3d 793, 799 (S.D. Cal. 2020) (finding the moving party had probable viability by preponderance of the evidence when the opposing party "failed to submit any evidence" in opposition.)

///

---

[1] The Opposition indicates that it is filed on behalf of Annie and A-Z Realty. However, Plaintiff's Application was directed against Annie only. Accordingly, Plaintiff is directing her Reply arguments against Annie only.

### III.    Annie Took Property From Nancy And Helped Others Take Property From Nancy, Too.

In her Opposition, Annie claims she merely acted as "a conduit of communication" in exchange for an "undisputedly reasonable and unremarkable" property management fee, and denies taking any property. Opposition at pg. 8.

Annie does not deny she increased A-Z Realty's property management fee and continued collecting property management fees by getting Nancy to keep the marijuana operation in her home. *See* Application at pgs. 11-13. The increased property management fee, and the continued payment of that fee so long as the marijuana grow operation remained in Nancy's home, was obtaining Nancy's property – her money – for wrongful use.  Annie also assisted the growers in staying in the home by hiding from Nancy the fact that the people staying in the home were not the tenants whom Nancy had approved and who had signed the lease agreement. Annie knew her property management fee would stop if the growers were evicted – the home had stood vacant for four months before the growers arrived.  It was more important to Annie to keep the growers in place so she could continue receiving her fee – an increased fee, no less – and any other benefits she derived from the growers. Annie did not disclose to Nancy the truth about the identity of the people staying in her home, or the truth about the legality (under federal law) of what the imposters were doing in Nancy's home.  Annie obtained Nancy's money for this wrongful use, and she enable the growers to use Nancy's home for this wrongful use, too.

Accordingly, Nancy has established probable success under California Welfare and Institutions Code ("WIC") section 15610.30, subsection (a), paragraphs (1) and (2), by showing that Annie took property (money) from Nancy, and assisted the growers in taking property (the home) from Nancy, for wrongful use.

///

///

**IV.    Even If Annie Somehow Had Not Taken Property From Nancy, Annie Still Violated The Elder Abuse Law By Exerting Undue Influence Over Nancy.**

Even assuming, *arguendo*, that Nancy failed to establish probable viability under WIC §§15610.30(a)(1)-(2), Annie does not dispute in her Opposition that Nancy has successfully stated an alternate ground for financial elder abuse by "undue influence" pursuant to WIC §15610.30(a)(3). Annie had apparent authority by way of her status as Nancy's agent entrusted with Nancy's property and owing Nancy fiduciary duties in her handling of Nancy's property. *See* Application at pgs. 13-14. Annie does not deny her fiduciary duties to Nancy. Annie's Opposition does not even attempt to address Nancy's claims against Annie for financial elder abuse by undue influence. Even if Nancy did not have evidence of Annie (A) obtaining property from Nancy by virtue of this scheme, or (B) Annie facilitating others' taking of property from Nancy in the form of the marijuana grow operation taking value from Nancy's home in exchange for their ability to grow and sell marijuana, Nancy has established now-undisputed probable validity for financial elder abuse by undue influence under WIC §15610.30(a)(3).

**V.    Nancy Has Met Her Burden Of Proving By A Preponderance Of Evidence That Annie Obtained Possession Of Nancy's Property For Wrongful Use.**

Under WIC section 15610.30, subsection (a), paragraphs (1) and (2), financial elder abuse occurs where a defendant obtains, or assists others in obtaining, an elder's property "for a wrongful use **or** with intent to defraud" (emphasis added). Proving fraud is one way to prove financial elder abuse, but it is not the only way. Proving a defendant obtained property belonging to an elder "for a wrongful use" is sufficient, even without proving fraud.

Annie devotes much of her Opposition to arguing that Nancy cannot prove "fraud" by a preponderance of the evidence.   Annie's argument is beside the point. For purposes of this Application, Nancy is not alleging "intent to defraud" under WIC

§§15610.30(a)(1)-(2). Rather, Nancy is alleging "wrongful use", which is presumed when the defendant obtains the property and knew or should have known that this conduct is likely to be harmful to the elder. *See* Application at pg. 11; WIC §15610.30(b). In her Opposition, Annie does not deny she knew or should have known her conduct was likely to be harmful to Nancy. Indeed, Annie knew Nancy was an elder, Annie enabled the operation that damaged Nancy's home so that she could receive an increased property management fee, and Annie represented to Nancy that growing marijuana was legal in order to continue receiving her property management fees and other benefits from keeping the tenants in the property. This evidence is adduced from Annie's own deposition testimony and emails. *See* Application at pgs. 11-13. Annie knew or should have known that this conduct would damage Nancy's house. Nancy has met her burden under the elder abuse law.

## VI.     Annie's Own Declaration And Deposition Testimony Contradict Her Opposition.

Even if the Opposition's factual references were credited, they flatly contradict Annie's sworn testimony. The Opposition asserts that "[a]round May 10th. Or [sic] the 11th of 2017, Annie, became suspicious that some illicit activities may be occurring at the Property because the tenant's ethnicity matched the two other properties that marijuana grow operations were discovered." Opposition at pg. 3. However, in Annie's Declaration in support of A-Z Realty's Motion to Dismiss [Dkt. No. 19-1] ("Annie Decl."), Annie declares under penalty of perjury that on May 9, 2017, one of Annie's contractors asked Annie if she had any 3,000 square foot properties for rent for the purpose of growing marijuana. Annie Decl. ¶12. This fact made Annie "wonder if this type of activity may be taking place in the properties we were managing, including the subject Property." *Id.* Which reason was it?

As another example, Annie swears in her declaration that, "Prior to the contractor mentioning [residential marijuana grow operations in May 2017], I had not

heard of such matters." *Id.* This assertion contradicts Annie's sworn deposition testimony wherein she admits she first learned about marijuana grow operations in January 2017—four months earlier and, critically, one month before she procured Nancy's consent to lease to the imposter tenants fronting for a marijuana grow operation. *See* Application at p. 2.

\*     \*     \*

For the reasons stated in Plaintiff's Application, Plaintiff respectfully requests this Court GRANT Plaintiff Shuang Ying (Nancy) Zhang's Application for Writ of Attachment against Defendant Dongyan (Annie) Zheng in the amount of $558,512.23.

DATED:  October 13, 2022

ROSS, WOLCOTT, TEINERT & PROUT LLP

By: */s/ Andrew G. Prout*

ANDREW G. PROUT
*Attorneys for Plaintiff Shuang Ying (Nancy) Zhang*