1  Andrew G. Prout, State Bar No. 287325
   ROSS, WOLCOTT, TEINERT & PROUT LLP
2  3151 Airway Avenue, Suite S-1
   Costa Mesa, California 92626
3  Telephone: (714) 444-3900
4  Facsimile: (714) 444-3901
   Email: AGP@RossLLP.com
5
6  *Attorneys for Plaintiff*
   *Shuang Ying (Nancy) Zhang*
7

8                UNITED STATES DISTRICT COURT
9              FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| SHUANG YING (NANCY) ZHANG, | Case No. 5:19-cv-00887-KK |
| Plaintiff, | Judge: Hon. Kenly Kiya Kato |
| vs. | **PLAINTIFF SHUANG YING (NANCY) ZHANG'S RESPONSE TO DEFENDANTS A-Z REALTY & INVESTMENT CORP. AND DONGYAN (ANNIE) ZHENG'S OBJECTIONS TO PLAINTIFF'S EVIDENCE FILED IN SUPPORT OF PLAINTIFF'S APPLICATION FOR WRIT OF ATTACHMENT** |
| A-Z REALTY & INVESTMENT CORP., a California corporation; DONGYAN (ANNIE) ZHENG, an individual; JENNIFER WHELAN, an individual; REALTY ONE GROUP, INC., a California corporation; JIHUI (LUCKY) LUO, an individual, SHI DAN CHEN, and individual; MING-WING LAM, an individual; FU LONG ZHENG, an individual; and DOES 1-30, inclusive, | |
| Defendants. | Complaint Filed: May 10, 2019<br>Trial Date: October 17, 2022<br><br>**Hearing:**<br>Date:     October 27, 2022<br>Time:     10:00 a.m.<br>Crtrm:    3/4 – Riverside |

26     / / /
27
28     / / /

1
PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE FILED IN
SUPPORT OF PLAINTIFF'S APPLICATION FOR WRIT OF ATTACHMENT

Plaintiff Shuang Ying (Nancy) Zhang ("Plaintiff" or "Nancy") hereby submits her Response to Defendants A-Z Realty & Investment Corp. ("A-Z Realty") and Dongyan (Annie) Zheng ("Annie") (collectively "Defendants")'s Objections to Plaintiff's Evidence Filed in support of Plaintiff's Application for Writ of Attachment ("Application"). Dkt. No. 160.

**Objection No. 1** to Prout Decl. TX109-012 as referenced at Plaintiff's Memorandum of Points and Authorities P.3 Lines 20, on the grounds the document is inadmissible hearsay, lacks foundation.

**Response to Objection No. 1**:

TX109-012 is not offered to prove the truth of the matter asserted, rather to demonstrate the plainly fabricated nature of the purported bank statement submitted with the lease application. FRE 801(c)(2).

As to foundation, TX109-1 shows that Lucky Luo, supposed agent for Miaoyun Wu and Xin Li, sent the lease application by email. *See* Application at pp. 2-3. Annie then received and reviewed the lease applications, and verbally explained to Nancy that for Miaoyun Wu and Xin Li were good tenants. *See id*.

In addition, Defendants' objections are "devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded," and therefore should be overruled. *See Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F.3d 1180, 1185 (C.D. Cal. 2017) (overruling all of defendant's objections with regard to plaintiff's declaration for defendant's failure to provide any specific argument or analysis in support of each objection) (internal citations omitted).

**Objection No. 2** to Prout Decl. TX008 as referenced at Plaintiff's Memorandum of Points and Authorities P.4, Line 8 on the grounds that the documents are inadmissible hearsay, lacks foundation.

**Response to Objection No. 2:**

TX008 is an opposing party's statement and not hearsay. *See* FRE 801(d)(2).

As to foundation, TX008 is Xin Li's credit report, sent to Annie from Lucky Luo as a part of the lease application for Xin Li. *See* Application at pp. 3-4.

In addition, Defendants' objections are "devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded," and therefore should be overruled. *See Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F.3d 1180, 1185 (C.D. Cal. 2017) (overruling all of defendant's objections with regard to plaintiff's declaration for defendant's failure to provide any specific argument or analysis in support of each objection) (internal citations omitted).

**Objection No. 3** to Prout Decl. TX 016-010,011 as referenced at Plaintiff's Memorandum of Points and Authorities P.5, Line 12 on the grounds that the documents are inadmissible hearsay, lacks foundation.

**Response to Objection No. 3:**

TX016-010, 011 is an opposing party's statement and not hearsay. *See* FRE 801(d)(2).

As to foundation, TX016-001 shows that Annie emailed pictures of the Property to Nancy, including two purported doctor's notes (TX016-010, 011) as a part of Annie's investigation into the Property. *See* Application at pp. 4-5.

In addition, Defendants' objections are "devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded," and therefore should be overruled. *See Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F.3d 1180, 1185 (C.D. Cal. 2017) (overruling all of defendant's objections with regard to plaintiff's declaration for defendant's failure to provide any specific argument or analysis in support of each objection) (internal citations omitted).

1  **Objection No. 4** to Prout Decl. TX030 as referenced at Plaintiff's Memorandum of Points and Authorities P., [sic] Line 6 on the grounds that the documents are inadmissible hearsay, lacks foundation.

**Response to Objection No. 4:**

TX030 is an opposing party's statement and not hearsay. See FRE 801(d)(2).

As to foundation, TX030-001 shows that Annie emailed screenshots of text messages to Nancy. See Application at p. 6.

In addition, Defendants' objections are "devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded," and therefore should be overruled. See Lincoln Nat'l Life Ins. Co. v. McClendon, 230 F.3d 1180, 1185 (C.D. Cal. 2017) (overruling all of defendant's objections with regard to plaintiff's declaration for defendant's failure to provide any specific argument or analysis in support of each objection) (internal citations omitted).

**Objection No. 5** to Prout Decl. TX 025 as referenced at Plaintiff's Memorandum of Points and Authorities P.6, Line 21 on the grounds that the documents are inadmissible hearsay and lacks foundation.

**Response to Objection No. 5:**

TX025 is an opposing party's statement and not hearsay. See FRE 801(d)(2).

As to foundation, TX025-001 shows that Annie emailed screenshots of text messages to Nancy. See Application at pp. 6.

In addition, Defendants' objections are "devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded," and therefore should be overruled. See Lincoln Nat'l Life Ins. Co. v. McClendon, 230 F.3d 1180, 1185 (C.D. Cal. 2017) (overruling all of defendant's objections with regard to plaintiff's declaration for defendant's failure to provide any specific argument or analysis in support of each objection) (internal citations omitted).

1

2 **Objection No. 6** to Prout Decl. TX 023 as referenced at Plaintiff's
3 Memorandum of Points and Authorities P.6, Line 2 on the grounds that the lines 1
4 through 4 mischaracterizes the content of the emails.

5 **Response to Objection No. 6:**

6 "Mischaracterization of evidence is not a cognizable evidentiary objection."
7 *FTC v. John Beck Amazing Profits, LLC*, 865 F.2d 1052, 1063 (C.D. Cal. 2012).
8 Because the objection is not cognizable under the law, the objection should be
9 overruled.

10 In addition, Defendants' objections are "devoid of any specific argument or
11 analysis as to why any particular exhibit or assertion in a declaration should be
12 excluded," and therefore should be overruled. *See Lincoln Nat'l Life Ins. Co. v.*
13 *McClendon*, 230 F.3d 1180, 1185 (C.D. Cal. 2017) (overruling all of defendant's
14 objections with regard to plaintiff's declaration for defendant's failure to provide any
15 specific argument or analysis in support of each objection) (internal citations omitted).

16

17 **Objection No. 7** as referenced at Plaintiff's Memorandum of Points and
18 Authorities P.7, Line 9 to 10 on the grounds that the [*sic*] it mischaracterizes the
19 content of the emails as to the term "mastermind".

20 **Response to Objection No. 7:**

21 "Mischaracterization of evidence is not a cognizable evidentiary objection."
22 *FTC v. John Beck Amazing Profits, LLC*, 865 F.2d 1052, 1063 (C.D. Cal. 2012).
23 Because the objection is not cognizable under the law, the objection should be
24 overruled.

25 In addition, Defendants' objections are "devoid of any specific argument or
26 analysis as to why any particular exhibit or assertion in a declaration should be
27 excluded," and therefore should be overruled. *See Lincoln Nat'l Life Ins. Co. v.*

28

*McClendon*, 230 F.3d 1180, 1185 (C.D. Cal. 2017) (overruling all of defendant's objections with regard to plaintiff's declaration for defendant's failure to provide any specific argument or analysis in support of each objection) (internal citations omitted).

**Objection No. 8** to Prout Decl. TX02 on the grounds that it is inadmissible hearsay and lacks foundation.

**Response to Objection No. 8:**

Plaintiff does not cite to TX02. In any event, TX02 is an opposing party's statement and not hearsay. *See* FRE 801(d)(2).

**Objection No. 9** to Prout Decl. TX 102 as violation of best evidence rule, inadmissible hearsay and lacks foundation.

**Response to Objection No. 9:**

TX102 is an opposing party's statement and not hearsay. *See* FRE 801(d)(2).

As to foundation, TX101 is the original email chain that shows Annie emailed Nancy, a translation of which is shown in TX102 . *See* Application at p. 7.

Plaintiff further submits TX101 as the original email chain, in compliance with the best evidence rule. *See* FRE 1002.

In addition, Defendants' objections are "devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded," and therefore should be overruled. *See Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F.3d 1180, 1185 (C.D. Cal. 2017) (overruling all of defendant's objections with regard to plaintiff's declaration for defendant's failure to provide any specific argument or analysis in support of each objection) (internal citations omitted).

/ / /

/ / /

/ / /

\* \* \*

For the reasons stated above, Plaintiff respectfully requests that this Court OVERRULE each of Defendants' evidentiary objections.

DATED: October 13, 2022

ROSS, WOLCOTT, TEINERT & PROUT LLP

By: */s/ Andrew G. Prout*

ANDREW G. PROUT
*Attorneys for Plaintiff Shuang Ying (Nancy) Zhang*

7

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE FILED IN SUPPORT OF PLAINTIFF'S APPLICATION FOR WRIT OF ATTACHMENT