UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 19-887-KK | Date | November 18, 2022 |
| Title | *Shuang Ying Nancy Zhang v. A-Z Realty and Investment Corp., et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):           Attorney(s) Present for Defendant(s):

None Present                                                      None Present

**Proceedings:   Order: GRANTING Motion for Entry of Default Against Defendant Ming-Wing Lam [Dkt. 190]**

On October 18, 2022, plaintiff Shuang Ying Nancy Zhang ("Plaintiff") filed a Motion for Entry of Default against defendant Ming-Wing Lam ("Motion"). ECF Docket No. ("Dkt.") 190. The Court finds the Motion appropriate for decision without oral argument. For the reasons set forth below, the Court GRANTS the Motion.

**I.
RELEVANT BACKGROUND**

On May 10, 2019, Plaintiff commenced this action by filing a Complaint against defendants A-Z Realty & Investment Corp., Dongyan (Annie) Zheng, and Jennifer Whelan (collectively, "the A-Z Defendants"); Realty One Group, Inc. and Jihui (Lucky) Luo (collectively, "the Realty One Defendants"); Shi Dan Chen ("Defendant Chen"); Ming-Wing Lam ("Defendant Lam"); and DOES 1 through 30[1] pursuant to 18 U.S.C. § 1961, with pendant state law claims. Dkt. 1.

On January 22, 2020, Defendant Lam filed an Answer to the Complaint. Dkt. 55.

On July 10, 2020, the A-Z Defendants filed a First Amended Answer stating crossclaims against Defendants Lam and Chen and the Realty One Defendants. Dkt. 76. On July 20, 2020, the Realty One Defendants also filed a First Amended Answer stating crossclaims against Defendants Lam and Chen and the A-Z Defendants. Dkt. 77.

---

[1] On February 14, 2020, Plaintiff dismissed defendant Fu Long Zheng from the Complaint. Dkt. 58.

On July 27, 2020, Defendant Lam filed an Answer to the crossclaims filed by the A-Z Defendants and the Realty One Defendants.  Dkt. 78.

On May 1, 2020, the Court set trial for March 15, 2021.  Dkt. 70.

On February 16, 2021, due to the ongoing COVID-19 pandemic and the related Orders of the Central District of California, the Court vacated the March 15, 2021 trial date.  Dkt. 123.  The Court subsequently set trial for November 1, 2021.  Dkt. 125.

On September 27, 2021, again due to the ongoing COVID-19 pandemic and the related Orders of the Central District of California, the Court vacated the November 1, 2021 trial date.  Dkt. 131.  The Court subsequently set trial for August 15, 2022.  Dkt. 134.

On July 19, 2022, in light of the appearance of new counsel for Plaintiff, the Court vacated the August 15, 2022 trial date and ordered the parties to participate in a mediation.  Dkt. 140.

On September 23, 2022, pursuant to the Court's July 19, 2022 Order, Plaintiff, the A-Z Defendants, the Realty One Defendants, and Defendant Lam filed a Joint Report regarding the parties' mediation indicating the case did not settle.  Dkt. 146.

On September 26, 2022, the Court set a Final Pretrial Conference for October 6, 2022 and a jury trial for October 17, 2022.  Dkt. 147.

On October 6, 2022, the Court held the Final Pretrial Conference in this matter.  Dkt. 161.  Defendant Lam appeared at the Final Pretrial Conference through his counsel of record.  See id.

On October 15, 2022, Defendant Lam filed a "Notice of Consent to Entry of Default."  Dkt. 182.

On October 17, 2022, the matter was called for trial as previously scheduled.[2]  Dkt. 187.  Neither Defendant Lam nor his counsel appeared.  See id.

In light of the "Notice of Consent to Entry of Default" filed by Defendant Lam and Defendant Lam's subsequent non-appearance at trial, the Court set a briefing schedule for a Motion for Entry of Default against Defendant Lam.  Id. at 2.  The Court expressly cautioned Defendant Lam that "failure to timely file an opposition to the Motion for Default may result in the granting of the Motion for Default in its entirety."  Id. (citing C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.")).

Additionally, based on the representation by counsel for Defendant Chen that she had been discharged by Defendant Chen, the Court continued trial to November 1, 2022.  Id. at 3.  The Court

---

[2]   The A-Z Defendants and the Realty One Defendants reached settlement agreements with Plaintiff prior to trial.  See dkt. 183 (granting the Realty One Defendants' Motion for Good-Faith Settlement), dkt. 195 (granting the A-Z Defendants' Motion for Good-Faith Settlement).

also issued a scheduling order setting a telephonic status conference in this matter for October 31, 2022.  Dkt. 196.

On October 31, 2022, the Court held a telephonic status conference as previously scheduled.  Dkt. 197.  Neither Defendant Lam nor his counsel appeared.  See id.

On November 1, 2022, the matter was again called for trial as previously scheduled.  Dkt. 198.  Neither Defendant Lam nor his counsel appeared.  See id.

On October 18, 2022, Plaintiff filed the instant Motion for Entry of Default against Defendant Lam.  Dkt. 190.  Defendant Lam has not filed an opposition.

The matter thus stands submitted.

## II.
## APPLICABLE LAW

Under Federal Rule of Civil Procedure 55(a) ("Rule 55(a)"), default "must" be entered against a party that "has failed to plead or otherwise defend[.]"  FED. R. CIV. P. 55(a).  While Rule 55(a) provides for entry of default by the clerk, "it is undisputed that the court may impose a default as a sanction."  Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917 n.11 (3d Cir. 1992).  Therefore, courts have held Rule 55(a) supports entering default against a party for failure to appear at trial, reasoning that this amounts to a failure to "otherwise defend."  See id. at 917 ("By its very language, the 'or otherwise defend' clause is broader than the mere failure to plead."); City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 130 (2d Cir. 2011) (affirming Rule 55(a) default against parties that appeared and participated in action but subsequently "affirmatively signaled to the district court [their] intention to cease participating in [their] own defense" and "refus[ed] to proceed to trial"); New Show Studios LLC v. Needle, No. CV 14-1250-CAS (MRWx), 2016 WL 7017214, at *5-7 (C.D. Cal. Dec. 1, 2016) (finding default judgment pursuant to Rule 55 appropriate against defendant who participated in pretrial litigation but failed to appear at trial); see also Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141-42 (9th Cir. 1989) (affirming entry of default and default judgment against parties that failed to appear at trial without specifying whether default was appropriately entered as sanction or pursuant to Rule 55(a)).

Additionally, Federal Rule of Civil Procedure 16(f) ("Rule 16(f)") states, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . fails to obey a scheduling or other pretrial order."  FED. R. CIV. P. 16(f)(1).  Under Federal Rules of Civil Procedure 37(b)(2)(A)(iii) and 37(b)(2)(A)(vi), the court may sanction a party by "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party."  FED. R. CIV. P. 37(b)(2)(A)(iii), (vi).

In deciding whether terminating sanctions are appropriate, the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (citation omitted); see also Nascimento v. Dummer, 508 F.3d 905, 909 (9th Cir. 2007) (affirming, based on

analysis of same factors, district court's dismissal of case as sanction under Federal Rule of Civil Procedure 16(f)).

Finally, under Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  C.D. Cal. L.R. 7-12.

### III.
### ANALYSIS

Here, the Court finds entry of default against Defendant Lam is warranted both under Rule 55(a) and as a sanction under Rule 16(f) for failure to comply with the Court's scheduling orders.

Although Defendant Lam filed a responsive pleading in the instant litigation and participated in pretrial matters, he has failed to "otherwise defend" himself since filing a "Notice of Consent to Entry of Default" on October 15, 2022, rendering entry of default under Rule 55(a) appropriate.  First, Defendant Lam's failure to appear at trial amounts to a failure to defend.  See Hoxworth, 980 F.2d at 917; see also Ringgold Corp., 880 F.2d at 1141-42 (affirming entry of default and default judgment against parties that "fail[ed] to attend on the first day of a trial scheduled months before").  Moreover, by filing a "Notice of Consent to Entry of Default," see dkt. 182, Defendant Lam "affirmatively signaled to the [] court [his] intention to cease participating in [his] own defense."  See Mickalis Pawn Shop, LLC, 645 F.3d at 130.  Entry of default is, therefore, warranted under Rule 55(a) based on Defendant Lam's failure to defend himself.

Furthermore, under the circumstances, entry of default is an appropriate sanction under Rule 16(f) for Defendant Lam's failure to comply with the Court's scheduling orders by failing to appear at trial.  The first two factors to be considered in deciding whether default is an appropriate sanction – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of entering default, because Defendant Lam's nonappearance at trial and apparent unwillingness to participate further in his own defense prevent the Court from moving this matter toward disposition.  The third factor – prejudice to the opposing party – also weighs in favor of entering default; Plaintiff was prejudiced by Defendant Lam's nonappearance because she expended time and incurred costs in preparing her case to proceed with trial as scheduled.  See Thompson v. Gomez, No. 1:18-CV-00125-SAB (PC), 2022 WL 10140852, at *2 (E.D. Cal. Oct. 17, 2022) (finding parties "unquestionably" prejudiced by opposing party's failure to appear at trial because they "expended time and incurred substantial costs in preparing their case, . . . appeared in-person on [the first day of trial], and were ready to proceed").  The fourth factor – public policy in favor of deciding cases on the merits – weighs against terminating sanctions but does not outweigh Defendant Lam's failure to comply with the Court's scheduling orders or participate in litigation.  See Dreith v. Nu Image, Inc., 648 F.3d 779, 788-89 (9th Cir. 2011) (stating "[t]he fourth factor, resolution of cases on their merits, always weighs against" terminating sanctions, but nonetheless affirming entry of default as sanction against noncompliant defendants).  Finally, the fifth factor – availability of less drastic sanctions – also weighs in favor of entering default.  The Court cannot move the case toward disposition without Defendant Lam's compliance with court orders or participation in this litigation.  See Ringgold Corp., 880 F.2d at 1141 (quoting Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 64 (2d Cir. 1986)) ("[A] trial judge, responsible for the orderly and expeditious conduct of litigation, must have broad latitude to impose the sanction of default for non-attendance occurring after a trial has begun.").

Finally, despite the Court's express warning that failure to oppose the Motion for Entry of Default might be deemed consent to the granting of the Motion and result in the granting of the Motion in its entirety, see dkt. 187 at 2, Defendant Lam has not filed an opposition to the Motion. The Court, therefore, deems Defendant Lam's non-opposition as consent to granting the Motion.

Accordingly, the Court finds entry of default against Defendant Lam is appropriate under the circumstances.

## IV.
## ORDER

For the reasons set forth above, Plaintiff's Motion is GRANTED and default is ENTERED against Defendant Lam.

**IT IS SO ORDERED.**